UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

_____
                                          :
FERRON SHORTER JR.                        :
        Plaintiff,                        :
                                          :        CIVIL NO.: 303 CV 0149(CFD)
v.                                        :
                                          :
HARTFORD FINANCIAL SERVICES GROUP,        :
INC. and MARYANNE RHODES                  :
        Defendants.                       :        OCTOBER 21, 2003
_____:


**DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO THE
AMENDED COMPLAINT**

   The Hartford Financial Services Group, Inc. ("Defendant"), by and through its attorneys, Jackson Lewis LLP, respectfully submits its Amended Answer and Affirmative Defenses to the Amended Complaint dated April 28, 2003 and states as follows:

   1.  Defendant Hartford Financial Services Group, Inc. denies any unlawful acts under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e et. seq., the Civil Rights Act of 1866, as amended, 42 U.S.C. Section 1981, the Connecticut Fair Employment Practices Act, Sections 46a-51 et. seq. and the common laws of the State of Connecticut.  As to the remaining allegations contained in Paragraph 1 of the Amended Complaint, defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

   2.  Defendant admits that Plaintiff is a black male.  Defendant denies that plaintiff is entitled to, among other relief and damages allowed under the law, reinstatement to his status as an employee of the Hartford.

3.     Defendant denies the allegations contained in Paragraphs 3, a-e of the Amended Complaint.

4.     Defendant admits that Defendant Maryanne Rhodes was an employee of The Hartford.  The remaining allegations in Paragraph 4 of the Amended Complaint  are denied.

**JURISDICTION**

5.     As to the allegations contained in Paragraph 5 of the Amended Complaint, defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

6.     As to the allegations contained in Paragraph 6 of the Amended Complaint, defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

**ADMINISTRATIVE PREREQUISITES**

7.     As to the allegations contained in Paragraph 7 of the Amended Complaint, defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

8.     As to the allegation contained in Paragraph 8 of the Amended Complaint, that on January 9, 2003 Plaintiff received a Notice of Right to Sue from the EEOC, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.  As to the remaining allegations in Paragraph 8, defendant refers to the copy of the notification attached to plaintiff's complaint as such document speaks for itself.

9.     As to the allegations contained in Paragraph 9 of the plaintiff's Amended Complaint, that on January 10, 2003, plaintiff received a Release of Jurisdiction from the CHRO, the defendant does not have knowledge or information sufficient to form a response and leaves

plaintiff to his proof.  As to the remaining allegations, refer to the document which speaks for itself.

**PARTIES**

9.    Defendant admits the allegations contained in Paragraph 9 of the Amended Complaint.

10.    As to the allegations contained in Paragraph 10 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

11.    Defendant admits the allegations contained in Paragraph 11 of the Amended Complaint.

12.    Defendant admits the allegations contained in Paragraph 12 of the Amended Complaint.

13.    Defendant admits that defendant MaryAnne Rhodes, a white female was employed by The Hartford.

**VIOLATIONS AND CLAIMS**

**COUNT ONE (Sexual Harassment 42 U.S.C.  § 2000e-2(a)(1)**

14.    Defendant admits that on or about October 9, 1989, the Hartford hired Plaintiff as a Processing Assistant with an annual salary of $13,300.

15.    Defendant admits that the Hartford increased Plaintiff's annual salary from $13,300 to $44,694 through promotion and merit assessment reviews.

a.    Defendant admits that on or about August 27, 1990, Plaintiff received an annual salary of $15,900 in the position of Insurance Rater.  As to the remaining allegations  contained in Paragraph 15a of the Amended Complaint, the defendant does not have

knowledge or information sufficient to form a response and leaves plaintiff to his proof.

b.      Defendant admits the allegations contained in Paragraph 15b of the Amended Complaint.

c.      Defendant admits that on or about October 15, 1996, defendant's records indicate plaintiff received a department transfer with an annual salary of $25,100.  As to the remaining allegations contained in Paragraph 15c of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

d.      Defendant admits that on or about April 16, 1998, defendant's records indicate plaintiff received a transfer and pay rate change to $38,000.  As to the remaining allegations  contained in Paragraph 15d of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

e.      Defendant admits that on or about November 27, 2000, defendant's records indicated plaintiff's annual salary was $40,289. As to the remaining allegations contained in Paragraph 15e of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

f.      Defendant admits that on or about October 16, 2001, plaintiff received a career progressing promotion to the position of developer with an annual salary of $44,694.

16.     Defendant admits that at the time of his involuntary termination on January 23, 2002, Plaintiff's annual salary was $44,694.

17.     As to the allegations contained in Paragraph 17 of the Amended

4

Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

18.     As to the allegations contained in Paragraph 18 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

19.     Defendant admits the allegations contained in Paragraph 19 of the Amended Complaint.

20.     Defendant admits the allegations contained in Paragraph 20 of the Amended Complaint.

21.     As to the allegations contained in Paragraph 21 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

22.     As to the allegations contained in Paragraph 22 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

23.     As to the allegations contained in Paragraph 23 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

24.     As to the allegations contained in Paragraph 24 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

25.    As to the allegations contained in Paragraph 25 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

26.    As to the allegations contained in Paragraph 26 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

27.    Defendant admits that Ms. Rhodes provided plaintiff with her business voice mail in violation of Company policy.  As  to the date this was done, defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.  As to the remaining allegations, defendant refers to the policy which speaks for itself.

28.    As to the allegations contained in Paragraph 28 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

29.    As to the allegations contained in Paragraph 29 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

30.    As to the allegations contained in Paragraph 30 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

31.    As to the allegations contained in Paragraph 31 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

32.    As to the allegations contained in Paragraph 32 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

33.    As to the allegation that plaintiff attempted to end the relationship in December of 2001, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.    The remaining allegations in Paragraph 33 of plaintiff's Amended Complaint are denied.

a.    As to the allegations contained in Paragraph 33a of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

b.    As to the allegations contained in Paragraph 33b of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

c.    As to the allegations contained in Paragraph 33c of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

d.    As to the allegations contained in Paragraph 33d of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

34.    As to the allegations contained in Paragraph 34 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

35.    As to the allegations contained in Paragraph 35 of the Amended

7

Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

36.    As to the allegations contained in Paragraph 36 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

37.    As to the allegations contained in Paragraph 37 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

38.    As to the allegations contained in Paragraph 38 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

39.    As to the allegations contained in Paragraph 39 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

40.    As to the allegations contained in Paragraph 40 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

41.    As to the allegations contained in Paragraph 41 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

42.    As to the allegations contained in Paragraph 42 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

43.    As to the allegations contained in Paragraph 43 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

44.    As to the allegations contained in Paragraph 44 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

45.    As to the allegations contained in Paragraph 45 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

46.    As to the allegations contained in Paragraph 46 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

47.    As to the allegations contained in Paragraph 47 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

48.    As to the allegations contained in Paragraph 48 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

49.    As to the allegations contained in Paragraph 49 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

50.    As to the allegations contained in Paragraph 50 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

51.    As to the allegations contained in Paragraph 51 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

52.    As to the allegations contained in Paragraph 52 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

53.    Defendant denies knowledge or information sufficient to form a response and leaves plaintiff to his proof as to what plaintiff reasonably understood or as to the message left by Ms. Rhodes on Thursday, January 17, 2002.  The remaining allegations in Paragraph 53 of the Amended Complaint are denied.

54.    Defendant admits that on Friday, January 18, 2002, plaintiff changed Ms. Rhodes' voice mail password.  Defendant denies knowledge or information sufficient to form a response as the remaining allegations in Paragraph 54 of the Amended Complaint and leaves plaintiff to his proof.

55.    As to the allegations contained in Paragraph 55 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves the plaintiff to his proof.

56.    As to the allegations contained in Paragraph 56 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves the plaintiff to his proof.

57.    As to the allegations contained in Paragraph 57 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves the plaintiff to his proof.

58.    As to the allegations contained in Paragraph 58 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

59.    As to the allegations contained in Paragraph 59 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

60.    Defendant admits the allegations contained in Paragraph 60 of the Amended Complaint.

61.    Defendant denies the allegations contained in Paragraph 61 of the Amended Complaint.

62.    Defendant denies the allegations contained in Paragraph 62 of the Amended Complaint.

63.    Defendant denies the allegations contained in Paragraph 63 of the Amended Complaint.

64.    Defendant admits that on January 24, 2002, plaintiff had been terminated. Defendant further admits that Peter Kuck, one of plaintiff's co-workers, submitted a written statement to The Hartford's investigator.   The remaining allegations in Paragraph 64 of the Amended Complaint are denied.

65.    Defendant denies the allegations contained in Paragraph 65 of the Amended Complaint.

66.     Defendant denies the allegations contained in Paragraph 66 of the Amended Complaint.

67.     Defendant denies the allegations contained in Paragraph 67 of the Amended Complaint.

## COUNT TWO: UNLAWFUL DISCHARGE
**42 U.S.C. § 2000e-2(a)(1)**

68.     Defendant's answers to Paragraphs 1 through 67 and 107 through 165 are referenced herein as though fully set forth under Count Three.

69.     Defendant admits that Ms. Rhodes gave a statement dated January 21, 2002 to The Hartford that she was fearful of plaintiff.    Defendant denies that the report was false.

a.     Defendant denies a false allegation.    Defendant admits the remaining allegations in Paragraph 69a of the Complaint.

b.     Defendant denies a false allegation.    Defendant admits the remaining allegations in Paragraph 69b of the Complaint.

c.     Defendant denies a false allegation.    Defendant admits the remaining allegations in Paragraph 69c of the Complaint.

d.     Defendant denies a false allegation.    Defendant admits the remaining allegations in Paragraph 69d of the Complaint.

72.     Defendant denies the allegations contained in Paragraph 72 of the Amended Complaint.

73.     Defendant admits that when plaintiff returned to work on Wednesday, January 23, 2002, Richard Wardell, a white male and an investigator from The Hartford's

Department of Special Investigations, met with the plaintiff. Defendant denies the remaining allegations contained in Paragraph 73 of the Amended Complaint.

74. Defendant denies the allegations contained in Paragraph 74 of the Amended Complaint.

75. Defendant admits Investigator Wardell discussed allegations made by Ms. Rhodes. Defendant denies the remaining allegations contained in Paragraph 75 of the Amended Complaint.

76. Defendant admits plaintiff made a statement which concerned plaintiff's access to Ms. Rhodes voice male between Friday January 18, 2002, and Sunday, January 20, 2002. Defendant denies the remaining allegations contained in Paragraph 76 of the Amended Complaint.

77. Defendant admits that plaintiff signed a written statement which he revised. Defendant denies the remaining allegations contained in Paragraph 77 of the Amended Complaint.

78. Defendant admits the allegations contained in Paragraph 78 of the Amended Complaint.

79. Defendant denies the allegations contained in Paragraph 79 of the Amended Complaint.

80. Defendant admits the allegations contained in Paragraph 80 of the Amended Complaint.

81. Defendant admits the allegations contained in Paragraph 81 of the Amended Complaint.

82.    As to the allegations contained in Paragraph 82 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

82a.    As to the allegation contained in Paragraph 82a of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

82b.    As to the allegation contained in Paragraph 82b of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

83.    Defendant admits that plaintiff went to a separate office to meet with Lisa Anderson, a consultant in The Hartford's Office of Equal Opportunity Development.  Defendant denies the remaining allegations contained in Paragraph 83 of the Amended Complaint.

84.    Defendant denies the allegations contained in Paragraph 84 of the Amended Complaint.

85.    Defendant admits the allegations contained in Paragraph 85 of the Amended Complaint.

86.    Defendant denies the allegations contained in Paragraph 86 of the Amended Complaint.

87.    Defendant admits the allegations contained in Paragraph 87 of the Amended Complaint.

88.    Defendant denies the allegations contained in Paragraph 88 of the Amended Complaint.

14

89.     Defendant admits The Hartford transported Ms. Rhodes to the Vernon Police Department on or about January 23, 2002.  Defendant denies the remaining allegations contained in Paragraph 89 of the Amended Complaint.

90.     Defendant denies that The Hartford provided information to the Vernon Police Department.  As to the remaining allegations contained in Paragraph 90 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

91.     As to the allegations contained in Paragraph 91 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

92.     Defendant admits that on January 24, 2002, plaintiff contacted Jennifer Ames Haber to discuss, among other things, the defendant's investigation and the decision to terminate his employment.  Defendant further admits that plaintiff asked for information regarding why he had been questioned about owning a gun.  Defendant denies the remaining allegations contained in Paragraph 92 of the Amended Complaint.

93.     Defendant admits that Ms. Haber responded to plaintiff's inquiries.

a.     As to the allegations contained in Paragraph 93a of the Amended Complaint, the defendant admits that Ms. Haber did not recall the information about a gun in the statement.  Defendant denies the remaining allegations contained in Paragraph 93a of the Amended Complaint.

b.     Defendant admits the allegations contained in Paragraph 93b of the Amended Complaint.

94.     Defendant admits the allegations contained in Paragraph 94 of the Amended Complaint.

95.     Defendant denies the allegations contained in Paragraph 95 of the Amended Complaint.

96.     Defendant admits plaintiff said "MaryAnne has nothing to worry about from me.  I have no criminal convictions."  Defendant denies the remaining allegations contained in Paragraph 96 of the Amended Complaint.

97.     Defendant denies the allegations contained in Paragraph 97 of the Amended Complaint.

97a.  As to the allegations contained in Paragraph 97a of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

97b.   As to the allegations contained in Paragraph 97b of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

98.     Defendant denies the allegations contained in Paragraph 98 of the Amended Complaint.

99.     Defendant admits that The Hartford received information that indicated that plaintiff had a criminal record. Defendant denies the remaining allegations contained in Paragraph 99 of the Amended Complaint.

100.     Defendant denies the allegations contained in Paragraph 100 the Amended Complaint.

101.     Defendant denies the allegations contained in Paragraph 101 of the Amended Complaint.

102.     Defendant admits that plaintiff was a twelve (12) year employee of The Hartford.   Defendant denies the remaining allegations contained in Paragraph 102 of the Amended Complaint.

103.     Defendant admits  The Hartford's policy is to terminate employees who are not ruthful during an investigation.  Defendant denies the remaining allegations contained in Paragraph 103 of the Amended Complaint.

104.     Defendant denies the allegations contained in Paragraph 104 of the Amended Complaint.

105.     Defendant denies the allegations contained in Paragraph 105 of the Amended Complaint.

106.     Defendant admits The Hartford discharged plaintiff on January 23, 2002. Defendant denies the remaining allegations contained in Paragraph 106 of the Amended Complaint.

## COUNT THREE: ENFORCEMENT OF EMPLOYMENT CONTRACT

107.     Defendant's answers to  Paragraphs 1 through 106 and 109 through 134 are referenced herein as through fully set forth under Count Three.

108.     Defendant denies the allegations contained in Paragraph 108 of the Amended Complaint.

17

**COUNT FOUR: RETALIATION**
**42 U.S.C. § 2000e-3(a)**

109.    Defendant's answers to Paragraphs 1 through 108 and 139 through 165 are referenced herein as though fully set forth under Count Four.

110.    Defendant denies the allegations contained in Paragraph 110 of the Amended Complaint.

111.    As to the allegations contained in Paragraph 111 of plaintiff's Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

112.    As to the allegations contained in Paragraph 112 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

113.    As to the allegations contained in Paragraph 113 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

114.    As to the allegations contained in Paragraph 114 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

115.    As to the allegations contained in Paragraph 115 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

116. As to the allegations contained in Paragraph 116 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

117. As to the allegations contained in Paragraph 117 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

118. As to the allegations contained in Paragraph 118 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

119. As to the allegations contained in Paragraph 119 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

120. As to the allegations contained in Paragraph 120 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

121. As to the allegations contained in Paragraph 121 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

122. As to the allegations contained in Paragraph 122 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

123.    As to the allegations contained in Paragraph 123 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

124.    As to the allegations contained in Paragraph 124 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

125.    As to the allegations contained in Paragraph 125 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

126.    As to the allegations contained in Paragraph 126 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

127.    As to the allegations contained in Paragraph 127 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

128.    As to the allegations contained in Paragraph 128 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

129.    As to the allegations contained in Paragraph 129 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

130.    Defendant denies the allegations contained in Paragraph 130 of the Amended Complaint.

131.    As to the allegations contained in Paragraph 131 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

132.    Defendant denies the allegations contained in Paragraph 132 of the Amended Complaint.

133.    Defendant denies the allegations contained in Paragraph 133 of the Amended Complaint.

134.    As to the allegations contained in Paragraph 134 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

135.    As to the allegations contained in Paragraph 135 of the Amended Complaint, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.

136.    Defendant denies the allegations contained in Paragraph 136 of the Amended Complaint.

137.    Defendant denies the allegations contained in Paragraph 137 of the Amended Complaint.

138.    Defendant denies the allegations contained in Paragraph 138 of the Amended Complaint.

## COUNT FIVE: RETALIATION
**42 U.S.C. § 1981**

139.    Defendant's answer to Paragraphs 1 through 130 and 141 through 165 are referenced herein as though fully set forth under Count Five.

21

140.    Defendant denies the allegations contained in Paragraph 140 of the Amended Complaint.

## COUNT SIX: CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT
**Conn. Gen. Stat. § 46a-60(a)(1)**

141.    Defendant's answers to Paragraphs 1 through 140 and 143 through 165 are referenced herein as though fully set forth under Count Six.

142.    Defendant denies the allegations contained in Paragraph 142 of the Amended Complaint.

## COUNT SEVEN: CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT
**Conn. Gen. Stat. § 46a-60(a)(4)**

143.    Defendant's answers to Paragraphs 1 through 142 and 145 through 165 are referenced herein as though fully set forth under Count Seven.

144.    Defendant denies the allegations contained in Paragraph 144 of the Amended Complaint.

## COUNT EIGHT: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

145.    Defendant's answers to Paragraphs 1 through 144 and 150 through 165 are referenced herein as though fully set forth under Count Eight.

146.    Defendant denies the allegations contained in Paragraph 146 of the Amended Complaint.

147.    Defendant denies the allegations contained in Paragraph 147 of the Amended Complaint.

148.    Defendant denies the allegations contained in Paragraph 148 of the Amended Complaint.

149.    Defendant denies the allegations contained in Paragraph 149 of the Amended Complaint.

## COUNT NINE: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

150.    Defendant's answers to Paragraphs 1 through 149 and 153 through 165 are referenced herein as though fully set forth under Count Nine.

151.    Defendant denies the allegations contained in Paragraph 151 of the Amended Complaint.

152.    Defendant denies the allegations contained in Paragraph 152 of the Amended Complaint.

## COUNT TEN: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

153.    Defendant's answers to Paragraphs 1 through 152 and 155 through 165 are referenced herein as though fully set forth under Count Ten.

154.    Defendant denies the allegations contained in Paragraph 154 of the Amended Complaint.

## COUNT ELEVEN: TORTUOUS INTERFERENCE WITH CONTRACT AND PROSPECTIVE ECONOMIC ADVANTAGE

155.    Defendant's answers to Paragraphs 1 through 154 and 159 through 165 are referenced herein as though fully set forth under Count Eleven.

156.    Defendant denies the allegations contained in Paragraph 156 of the Amended Complaint.

157.    Defendant admits the allegations contained in Paragraph 157 of the Amended Complaint.

158.    As to the allegation defendant MaryAnne Rhodes knew of the relationship between plaintiff and The Hartford, the defendant does not have knowledge or information sufficient to form a response and leaves plaintiff to his proof.   Defendant denies the remaining allegations contained in Paragraph 158 of the Amended Complaint.

## COUNT TWELVE: DEFAMATION OF CHARACTER

159.    Defendant's answers to Paragraphs 1 through 158 and 161 through 165 are referenced herein as though fully set forth under Count Twelve.

160.    Defendant denies the allegations contained in Paragraph 160 of the Amended Complaint.

## COUNT THIRTEEN: INVASION OF PRIVACY

161.    Defendant's answers to Paragraphs 1 through 160 are referenced herein as though fully set forth under Count Thirteen.

162.    Defendant denies the allegations contained in Paragraph 162 of the Amended Complaint.

163.    Defendant denies the allegations contained in Paragraph 163 of the Amended Complaint.

164.    Defendant denies the allegations contained in Paragraph 164 of the Amended Complaint.

165.    Defendant denies the allegations contained in Paragraph 165 of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred or reduced by his failure to mitigate his alleged damages by using reasonable diligence to seek and obtain comparable employment elsewhere.

## THIRD AFFIRMATIVE DEFENSE

Defendant exercised reasonable care to prevent and correct promptly any alleged workplace harassment.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by the Defendant or to avoid harm otherwise.

## AS AND FOR A FIFTH DEFENSE

Plaintiff did not suffer any damages attributable to any actions of Defendant.

## AS AND FOR A SIX DEFENSE

At all times relevant hereto, Defendant has acted in good faith and has not violated any rights which may be secured to the Plaintiff under any federal, state or local laws, rules, regulations, guidelines or common law.

## AS AND FOR A SEVENTH DEFENSE

Plaintiff's Complaint should be dismissed because all actions taken by Defendant with respect to Plaintiff were undertaken in good faith and for legitimate business reasons.

## <u>AS AND FOR AN EIGHTH DEFENSE</u>

Plaintiff's claims are barred because the complained of conduct was not on the basis of sex.

## <u>AS AND FOR A NINTH DEFENSE</u>

Defendant did not know or should have known that, as a result of their conduct, Plaintiff would suffer emotional distress.

Defendant reserves the right to amend its answer, to add additional or other affirmative defenses, delete or withdraw defenses, and to add other claims as they may become necessary after reasonable opportunity for appropriate discovery.

WHEREFORE, Defendant respectfully requests that this Court:

a)    Deny each and every demand, claim, and prayer for relief contained in the Complaint;

b)    Award to Defendant reimbursement for reasonable attorneys' fees and costs incurred in defending this meritless and vexatious action; and

c)    Grant such other and further relief that the Court may deem just and proper.

DEFENDANT,
HARTFORD FINANCIAL SERVICES
GROUP, INC.


By:    _____
       Margaret J. Strange (ct08212)
       James F. Shea (ct16750)
       Jackson Lewis LLP
       55 Farmington Avenue, Suite 1200
       Hartford, CT  06105
       (860) 522-0404

26

<u>CERTIFICATION OF SERVICE</u>

This is to certify that a copy of the foregoing was sent via first class mail, postage

prepaid, on this 21st day of October 2003, to the following counsel of record:

Rachel M. Baird
Law Office of Rachel M. Baird
379 Prospect Street
Torrington, CT 06790
(860) 626-9991
Attorney for Plaintiff

David L. Metzger, Esq.
Metzger & Associates
25 Capitol Avenue
Hartford, CT 06106-1707
Ph. (860) 549-5026
Attorney for Defendant Maryanne Rhodes

_____
Margaret J. Strange

H:\Client Folder\H\The Hartford\Shorter\Pld\ANSWER Amended.DOC
64532

27