FILED
Oct 22  11 13 AM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FERRON SHORTER, JR.

    Plaintiff,

      v.

HARTFORD FINANCIAL SERVICES
GROUP, INC.; and MARYANNE
RHODES

    Defendants.

Civil Action No. 3:03 CV 0149 (~~CFD~~) MRK

October 21, 2003

## DEFENDANT MARYANNE RHODES'
## ANSWER TO COMPLAINT

    Defendant, MaryAnne Rhodes, provides the following answer to Count Eleven and Twelve of the complaint. Plaintiff has incorporated all of the paragraphs of all of the counts into both Counts Eleven and Twelve so that the answers to all 165 paragraphs respond to both counts against MaryAnne Rhodes.

### PRELIMINARY STATEMENT

1.    No answer required by defendant MaryAnne Rhodes.

2.    No answer required by defendant MaryAnne Rhodes.

3.    No answer required by defendant MaryAnne Rhodes

4.    Deny.

**JURISDICTION**

5.     No answer required by defendant MaryAnne Rhodes.

6.     Admit.

**ADMINISTRATIVE PREREQUISITES**

7.     No answer required by defendant MaryAnne Rhodes.

8.     No answer required by defendant MaryAnne Rhodes.

9.     No answer required by defendant MaryAnne Rhodes

**PARTIES**

9. (sic) Admit, except defendant Rhodes has insufficient information to admit or deny the allegations in the second paragraph 9 as to plaintiff's date of hire and leaves plaintiff to his proof.

10.     Defendant has insufficient information to admit or deny the allegations in paragraph 10 and leaves plaintiff to his proof.

11.     Defendant has insufficient information to admit or deny the allegations in paragraph 11 and leaves plaintiff to his proof.

12.     Defendant has insufficient information to admit or deny the allegations in paragraph 12 and leaves plaintiff to his proof.

13.     Admit.

14.     No answer required by defendant MaryAnne Rhodes

15.     Defendant has insufficient information to admit or deny the allegations in paragraph 15 and leaves plaintiff to his proof

2

16. Defendant has insufficient information to admit or deny the allegations in paragraph 16 and leaves plaintiff to his proof.

17. Admit.

18. Deny. It is admitted that Ms. Rhodes did disclose to plaintiff her position with the Hartford.

19. Admit.

20. Admit.

21. Deny.

22. Admit.

23. Admit.

24. Admit; deny characterization.

25. Deny.

26. Admit.

27. Deny. It is admitted that Ms. Rhodes gave plaintiff the single password she used on all of her accounts, both personal and business.

28. Admit.

29. Defendant has insufficient information to admit or deny the allegations in paragraph 12 and leaves plaintiff to his proof

30. Deny.

31. Admit.

32. Admit.

33. Deny.

34. Deny.

35. Admit.

36. Deny.

37. Admit.

38. Admit.

39. Admit.

40. Admit.

41. Deny.

42. Deny.

43. Deny.

44. Deny.

45. Deny.  Plaintiff called defendant; plaintiff insisted on calling Scott.

46. Deny.

47. Deny.

48. Admit; deny characterization "not more than 24 hours later".

49. Deny.

50. Deny.

51. Deny.

52. Deny; except it is admitted quoted message was left for plaintiff.

53. Deny.

54.    Deny. It is admitted that plaintiff changed the password, but it was during business hours.

55.    Defendant has insufficient information to admit or deny the allegations in paragraph 55 and leaves plaintiff to his proof.

56.    Defendant has insufficient information to admit or deny the allegations in paragraph 56 and leaves plaintiff to his proof.

57.    Defendant has insufficient information to admit or deny the allegations in paragraph 57 and leaves plaintiff to his proof.

58.    It is admitted that on Saturday plaintiff told Ms. Rhodes he was going to go to security to stop her from coming to his desk and that on Sunday he told her he had gone to security, but defendant has insufficient information to admit or deny the remaining allegations in paragraph 58 and leaves plaintiff to his proof.

59.    Deny. It is admitted that plaintiff told Ms. Rhodes that he had reported her to security to stop her from coming to his desk. It is admitted that Ms. Rhodes stated that if he didn't change her password back she would report him to security and he would probably get fired and he wouldn't have to worry about her coming to his desk because he wouldn't have one.

60.    Defendant has insufficient information to admit or deny the allegations in paragraph 60 and leaves plaintiff to his proof.

61. Deny. It is admitted that Ms. Rhodes was employed as a CPA. Defendant has insufficient information to admit or deny the allegations as to the level or qualifications for the position held by plaintiff in paragraph 61 and leaves plaintiff to his proof

62. Deny.

63. Deny.

64. Defendant has insufficient information to admit or deny the allegations in paragraph 64 and leaves plaintiff to his proof.

65. Deny.

66. Deny.

67. Defendant has insufficient information to admit or deny the allegations in paragraph 67 and leaves plaintiff to his proof.

68. No response required by defendant Rhodes.

69. Deny.

70. Plaintiff has omitted Paragraph 70.

71. Plaintiff has omitted Paragraph 71.

72. Deny.

73. Defendant has insufficient information to admit or deny the allegations in paragraph 73 and leaves plaintiff to his proof.

74. Defendant has insufficient information to admit or deny the allegations in paragraph 74 and leaves plaintiff to his proof.

75.    Defendant has insufficient information to admit or deny the allegations in paragraph 75 and leaves plaintiff to his proof..

76.    Defendant has insufficient information to admit or deny the allegations in paragraph 76 and leaves plaintiff to his proof.

77.    Defendant has insufficient information to admit or deny the allegations in paragraph 77 and leaves plaintiff to his proof.

78.    Defendant has insufficient information to admit or deny the allegations in paragraph 78 and leaves plaintiff to his proof.

79.    Defendant has insufficient information to admit or deny the allegations in paragraph 79 and leaves plaintiff to his proof.

80.    Defendant has insufficient information to admit or deny the allegations in paragraph 80 and leaves plaintiff to his proof..

81.    Defendant has insufficient information to admit or deny the allegations in paragraph 81 and leaves plaintiff to his proof.

82.    Admit the statement attributed to defendant Rhodes in paragraph 82 a. was stated as a denial that she had threatened plaintiff physically; as to the allegations paragraph 82 b., Defendant has insufficient information to admit or deny the allegations in paragraph 82 b. and leaves plaintiff to his proof.

83.    Defendant has insufficient information to admit or deny the allegations in paragraph 83 and leaves plaintiff to his proof.

7

84.    Defendant has insufficient information to admit or deny the allegations in paragraph 84 and leaves plaintiff to his proof.

85.    Defendant has insufficient information to admit or deny the allegations in paragraph 85 and leaves plaintiff to his proof.

86.    Defendant has insufficient information to admit or deny the allegations in paragraph 86 and leaves plaintiff to his proof.

87.    Defendant has insufficient information to admit or deny the allegations in paragraph 87 and leaves plaintiff to his proof.

88.    Defendant has insufficient information to admit or deny the allegations in paragraph 67 and leaves plaintiff to his proof.

89.    Admit MaryAnne Rhodes was given a ride to the Vernon Police Department, deny the remaining allegations.

90.    Defendant has insufficient information to admit or deny the allegations in paragraph 90 and leaves plaintiff to his proof.

91.    Admit that MaryAnne Rhodes did not further pursue a protective or restraining order, deny the remaining allegations.

92.    Defendant has insufficient information to admit or deny the allegations in paragraph 92 and leaves plaintiff to his proof.

93.    Defendant has insufficient information to admit or deny the allegations in paragraph 93 and leaves plaintiff to his proof.

94.    Defendant has insufficient information to admit or deny the allegations in paragraph 94 and leaves plaintiff to his proof.

95.    Defendant has insufficient information to admit or deny the allegations in paragraph 95 and leaves plaintiff to his proof.

96.    Defendant has insufficient information to admit or deny the allegations in paragraph 96 and leaves plaintiff to his proof.

97.    Defendant has insufficient information to admit or deny the allegations in paragraph 97 and leaves plaintiff to his proof..

98.    Defendant has insufficient information to admit or deny the allegations in paragraph 98 and leaves plaintiff to his proof..

99.    Defendant has insufficient information to admit or deny the allegations in paragraph 99 and leaves plaintiff to his proof.

100.    Defendant has insufficient information to admit or deny the allegations in paragraph 100 and leaves plaintiff to his proof.

101.    Deny.

102.    Defendant has insufficient information to admit or deny the allegations in paragraph 102 and leaves plaintiff to his proof.

103.    Defendant has insufficient information to admit or deny the allegations in paragraph 103 and leaves plaintiff to his proof.

104.    Defendant has insufficient information to admit or deny the allegations in paragraph 104 and leaves plaintiff to his proof.

105.   Defendant has insufficient information to admit or deny the allegations in paragraph 105 and leaves plaintiff to his proof.

106.   Defendant has insufficient information to admit or deny the allegations in paragraph 106 and leaves plaintiff to his proof.

107.   No answer required by defendant MaryAnne Rhodes.

108.   Defendant has insufficient information to admit or deny the allegations in paragraph 108 and leaves plaintiff to his proof.

109.   No answer required by defendant MaryAnne Rhodes.

110.   Defendant has insufficient information to admit or deny the allegations in paragraph 110 and leaves plaintiff to his proof.

111.   Deny.  It is admitted that Ms. Rhodes sent Plaintiff a letter in early March of 2002.

112.   Admit.

113.   Admit.

114.   Deny.  It is admitted that plaintiff did not write back to Ms. Rhodes.

115.   Deny.  It is admitted that Ms. Rhodes called plaintiff on March 20, 2002.

116.   Deny.  It is admitted that Ms. Rhodes called plaintiff on March 22, 2002.

117.   Deny.  It is admitted that plaintiff and Ms. Rhodes arranged to meet.

118.   Admit.

119.   Deny.

120.   Defendant has insufficient information to admit or deny the allegations in paragraph 120 and leaves plaintiff to his proof.

121.   Admit.

122.   Admit, deny characterization of "continuously."

123.   Admit.

124.   Deny.  It is admitted that plaintiff and Ms. Rhodes met as alleged.

125.   Admit that Ms. Rhodes made the statements by way of agreeing with him in order to avoid conflict.

126.   Deny.  It is admitted that on Thursday, March 28, 2002 Ms. Rhodes and Plaintiff spoke frequently on the telephone.

127.   Deny.

128.   Deny.  It is admitted that Ms. Rhodes told plaintiff she was pregnant.

129.   Admit that when Ms. Rhodes told plaintiff she was pregnant, he told her not to call him anymore.

130.   Defendant has insufficient information to admit or deny the allegations in paragraph 130 and leaves plaintiff to his proof.

131.   Defendant has insufficient information to admit or deny the allegations in paragraph 131 as to the alleged statement of Mr. Begley and leaves plaintiff to his proof.

132.   Defendant has insufficient information to admit or deny the allegations in paragraph 132 and leaves plaintiff to his proof.

133.   Defendant has insufficient information to admit or deny the allegations in paragraph 133 and leaves plaintiff to his proof.

134.   It is admitted that Ms. Rhodes called plaintiff, again told him she was pregnant and asked that he terminate his parental rights to the unborn child.

135.   Admit.

136.   Defendant has insufficient information to admit or deny the allegations in paragraph 137 and leaves plaintiff to his proof.

137.   Defendant has insufficient information to admit or deny the allegations in paragraph 137 and leaves plaintiff to his proof.

138.   Defendant has insufficient information to admit or deny the allegations in paragraph 138 and leaves plaintiff to his proof.

139.   No answer is required by defendant MaryAnne Rhodes.

140.   Defendant has insufficient information to admit or deny the allegations in paragraph 140 and leaves plaintiff to his proof.

141.   No answer is required by defendant MaryAnne Rhodes.

142.   Defendant has insufficient information to admit or deny the allegations in paragraph 142 and leaves plaintiff to his proof.

143.   No answer is required by defendant MaryAnne Rhodes.

144.   Defendant has insufficient information to admit or deny the allegations in paragraph 144 and leaves plaintiff to his proof.

145.  No answer is required by defendant MaryAnne Rhodes.

146.  Defendant has insufficient information to admit or deny the allegations in
paragraph 146 and leaves plaintiff to his proof.

147.  Defendant has insufficient information to admit or deny the allegations in
paragraph 147 and leaves plaintiff to his proof.

148.  Defendant has insufficient information to admit or deny the allegations in
paragraph 148 and leaves plaintiff to his proof.

149.  Defendant has insufficient information to admit or deny the allegations in
paragraph 149 and leaves plaintiff to his proof.

150.  No answer is required by defendant MaryAnne Rhodes.

151.  Defendant has insufficient information to admit or deny the allegations in
paragraph 151 and leaves plaintiff to his proof.

152.  Defendant has insufficient information to admit or deny the allegations in
paragraph 152 and leaves plaintiff to his proof.

153.  No answer is required by defendant MaryAnne Rhodes.

154.  Defendant has insufficient information to admit or deny the allegations in
paragraph 154 and leaves plaintiff to his proof.

155.  No answer is required by defendant MaryAnne Rhodes.

156.  Deny.

157.  Defendant has insufficient information to admit or deny the allegations in
paragraph 157 and leaves plaintiff to his proof.

158. Deny.

159. No answer is required by defendant MaryAnne Rhodes.

160. Deny.

161. No answer is required by defendant MaryAnne Rhodes.

162. Defendant has insufficient information to admit or deny the allegations in paragraph 162 and leaves plaintiff to his proof.

163. Defendant has insufficient information to admit or deny the allegations in paragraph 163 and leaves plaintiff to his proof..

164. Defendant has insufficient information to admit or deny the allegations in paragraph 164 and leaves plaintiff to his proof.

165. Defendant has insufficient information to admit or deny the allegations in paragraph 165 and leaves plaintiff to his proof..


**FIRST AFFIRMATIVE DEFENSE TO COUNTS ELEVEN AND TWELVE**

The statements claimed to be defamatory are true.

**SECOND AFFIRMATIVE DEFENSE TO COUNTS ELEVEN AND TWELVE**

The statements claimed to be defamatory are privileged.

14

**THIRD AFFIRMATIVE DEFENSE TO COUNTS ELEVEN AND TWELVE**

The statements claimed to be defamatory are matters of opinion.

Dated this 20th day of October 2003, at Hartford, Connecticut.

DEFENDANT,
MARYANNE RHODES

By: _____
David L. Metzger, Esq.
Metzger & Associates
25 Capital Avenue
Hartford, CT  06106
Juris No. 413310 Ct 02035

15

## CERTIFICATION OF SERVICE

This is to certify that a copy of this motion for extension of time was sent by first class mail, postage prepaid, on this the 21st day of October 2003 to the following counsel of record:

>Rachel M. Baird
>Law Office of Rachel M. Baird
>379 Prospect Street
>Torrington, CT 06790
>Phone: (860) 626-9991


>Margaret J. Strange & James F. Shea
>Jackson Lewis LLP
>55 Farmington Avenue, Suite 1200
>Hartford, CT 06105
>Phone: (860) 522-0404

David L. Metzger

16