UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

**FILED**
2004 APR -8  A 10: 08
U.S. DISTRICT COURT
BRIDGEPORT, CONN

FERRON SHORTER JR.
   Plaintiff,

v.

HARTFORD FINANCIAL SERVICES GROUP,
INC. and MARYANNE RHODES
   Defendants.

CIVIL NO.: 303 CV 0149(WIG)

APRIL 7, 2004

### DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE LOCAL RULE 56(a)(2) STATEMENT

Pursuant to Local Rules 7(b) and 56(a), Hartford Financial Services Group, Inc. ("The Hartford") respectfully objects to Plaintiff's Motion for Extension of Time to File Local Rule 56(a)(2) Statement ("Motion for Extension of Time") dated March 29, 2004. Plaintiff failed to demonstrate good cause for his requested extension of time, which is the fifth extension of time sought by Plaintiff to respond to The Hartford's Motion for Summary Judgment, and the requested extension of time conflicts with the summary judgment requirements of Local Rule 56. Plaintiff's Motion for Extension of Time also prejudices The Hartford's ability to prepare its Reply Memorandum which The Hartford cannot prepare until Plaintiff identifies the issues of material fact which he believes preclude summary judgment.

Accordingly, the facts set forth in The Hartford's Local Rule 56(a)(1) Statement, submitted in support of its Motion for Summary Judgment, should be deemed admitted and Defendant's Motion for Summary Judgment should be granted.

**ORAL ARGUMENT NOT REQUESTED**

The Hartford filed its Motion for Summary Judgment on January 23, 2004. Pursuant to Local Rule 7(a), Plaintiff's Opposition Memorandum was due on or before February 13, 2004. On February 5, 2004, Plaintiff obtained a 14 day extension of time until February 27, 2004 to file his Opposition Memorandum. On March 1, 2004, Plaintiff requested, and was granted, an additional ten day extension of time until March 8, 2004 to file his Opposition Memorandum. On March 8, 2004, the day his Opposition Memorandum was due, Plaintiff filed his third request for additional time seeking a 14 day extension until March 22, 2004 to file his Opposition Memorandum. The Hartford did not object to any of Plaintiff's three requests for additional time.

On March 22, 2004, Plaintiff filed his Objection to Defendant Hartford Financial Services Group, Inc.'s and Defendant Maryanne Rhodes' Motions for Summary Judgment, supporting Memorandum of Law and supporting affidavits of Plaintiff, Maurice Kuck and Rachel Baird. Plaintiff did not, however, file his Local Rule 56(a)(2) Statement of Disputed Facts and, instead, requested an additional seven days until March 29, 2004 to file his Local Rule 56(a)(2) Statement. On March 29, 2004, Plaintiff filed the present Motion for Extension of Time in which he requested an additional seven days until April 5, 2004 to file his Statement of Disputed Facts under Local Rule 56(a)(2).

Plaintiff's Motion for Extension of Time should be denied because: 1) there is no good cause for Plaintiff's fifth extension of time to oppose The Hartford's Motion for Summary Judgment; 2) Plaintiff's Motion for Extension of Time conflicts with the requirements of Local Rule 56(a); and 3) Plaintiff's failure to file his Local Rule 56(a)(2) Statement has prejudiced The Hartford's ability to prepare its Reply Memorandum. In support of Plaintiff's Motion for Extension of Time, Plaintiff's asserts that she is very busy and has several other active cases.

This is insufficient to establish good cause for Plaintiff's <u>fifth</u> request for additional time to respond to Defendant's Motion for Summary Judgment. See D.Conn.L.Civ.R. 7(b)(2).

Plaintiff's Motion for Extension of Time should also be denied because it conflicts with the requirements of Local Rule 56(a)(2) and (4). Local Rule 56(a)(2) states: "The papers opposing a motion for summary judgment <u>shall</u> include a document entitled "Local Rule 56(a)2 Statement. . . ." D.Conn.L.Civ.R. 56(a)(2)(emphasis added). Local Rule 56(a)(4) states: "The Local Rule 56(a)1 and 2 Statements referred to above <u>shall be filed and served along with the motion, memorandum of law and certificate of service</u> required by local Rule 7. . . ." D.Conn.L.Civ.R. 56(a)(4)(emphasis added). Thus, the Local Rules specifically prohibit the piecemeal filing of Plaintiff's papers in opposition to Defendant's Motion for Summary Judgment.

Plaintiff's Motion for Extension of Time should also be denied because Plaintiff's repeated delays and his failure to file his Local Rule 56(a)(2) Statement has prejudiced The Hartford's ability to prepare its Reply Memorandum. In fact, The Hartford cannot submit a Reply Memorandum until Plaintiff identifies the alleged issues of fact which he believes preclude summary judgment.

Consistent with Local Rule 56(a)(1), all material facts set forth in The Hartford's Local Rule 56(a)(1) Statement should be deemed admitted in light of Plaintiff's failure to submit a Statement of Disputed Facts. D.Conn.L.Civ.R. 56(a)(1). Thus, The Hartford requests that the Court deny Plaintiff's Motion for Extension of Time and grant its Motion for Summary Judgment based on Plaintiff's failure to demonstrate the existence of an issue of material fact precluding summary judgment. In the alternative, if the Court grants Plaintiff's Motion for

3

Extension of Time, The Hartford requests an order granting it 10 days from the filing of Plaintiff's Local Rule 56(a)(2) Statement to file its Reply Brief under Local Rule 7(d).

WHEREFORE, Defendant Hartford Financial Services Group, Inc. respectfully objects to Plaintiff's Motion for Extension of Time to File Local Rule 56(a)(2) Statement dated March 29, 2004.

DEFENDANT,
HARTFORD FINANCIAL SERVICES GROUP, INC.

By: /s/ James F. Shea
Margaret J. Strange (ct08212)
James F. Shea (ct16750)
Jackson Lewis LLP
55 Farmington Avenue, Suite 1200
Hartford, CT 06105
Tel. (860) 522-0404
Fax (860) 247-1330
strangem@jacksonlewis.com
sheaj@jacksonlewis.com

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was sent via first class mail, postage prepaid, on this 7th day of April 2004, to the following counsel of record:

>Rachel M. Baird
>Law Office of Rachel M. Baird
>379 Prospect Street
>Torrington, CT 06790
>Attorney for Plaintiff

>David L. Metzger
>Metzger & Associates
>25 Capitol Avenue
>Hartford, CT 06106-1707
>Attorney for Defendant Maryanne Rhodes

_____
James F. Shea

H:\Client Folder\H\The Hartford\Shorter\Pld\MSJ\Objection to Ext Time Second.DOC
64532