**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| FERRON SHORTER JR.<br>　　Plaintiff, | :<br>:<br>: |
| v. | CIVIL NO.: 303 CV 0149(WIG)<br>: |
| HARTFORD FINANCIAL SERVICES GROUP,<br>INC. and MARYANNE RHODES<br>　　Defendants. | :<br>:<br>:　May 10, 2004 |

**DEFENDANT MARYANNE RHODES' REPLY**
**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**I.   INTRODUCTION**

　　　Defendant MaryAnne Rhodes ("Rhodes"), pursuant to Local Rule 7 (d) of this Court, respectfully submits this memorandum in reply to Plaintiff's opposition to Rhodes' Motion For Summary Judgment. Rhodes has moved for summary judgment on Count Eleven, tortious interference with contract and Count Twelve, defamation.

　　　In his objection to the motion for summary judgment, Plaintiff has failed to raise any issue of fact requiring a trial. Plaintiff has failed to offer any admissible evidence in support of the factual allegations and conclusions he makes in his affidavit, and he has utterly failed to address any of the legal arguments raised by Rhodes in the memorandum of law filed in support of her motion for summary judgment.

II. **PLAINTIFF'S 56 (A)(2) STATEMENT DOES NOT CREATE ANY MATERIAL ISSUE OF FACT AS IT ADMITS MOST FACTS AND THE DENIALS ARE NOT SUPPORTED BY ADMISSIBLE EVIDENCE OR ARE IMPROPER.**

   A. **Plaintiff's Local Rule 56 (a)(2) Statement Fails To Admit Or Deny Dozens Of Undisputed Facts In Rhodes' Local Rule 56 (a)(1).**

Local Rule 56 (a)(2) requires Plaintiff to separately state whether he admits or denies each of the facts set forth in Rhodes' Local Rule 56 (a)(1) Statement. *D. Conn. L. Civ. R. 56 (a)(2)*. If Plaintiff denies a fact as set forth by Rhodes, he is required to cite to competent witness testimony or other admissible evidence to support his denial. *D. Conn. L. Civ. R. 56 (a)(3)*. Facts are deemed admitted unless properly controverted in Plaintiff's Local Rule 56 (a)(2) Statement. *D. Conn. L. Civ. R. 56 (a)(1)*.

In Part I of his Local Rule 56 (a)(2) Statement, Plaintiff failed to admit or deny all or portions of Paragraphs 16, 17, 18, 21, 30, 31, 33, 34, 38, 39, 40, 43, 44, 48, 53, and 57. Rather than admit or deny these Paragraphs, Plaintiff has claimed the statements were hearsay or that credibility determinations were needed.

In response to Paragraphs 43 and 48, Plaintiff claims that the statements of Ms. Anderson are hearsay and should be stricken. "'Hearsay' is a statement other than one made by the declarant while testifying … offered in evidence to prove the truth of the matter asserted." *Fed. R. Evid. 801 (c)*. However, Rhodes supported the factual allegations made in these paragraphs by citing to the deposition testimony of Ms. Anderson. Ms. Anderson's testimony about what she herself said and did cannot be hearsay.

In response to the other paragraphs listed above, Plaintiff claims that the paragraphs should be stricken because "[t]he credibility of Rhodes' representations of her actions and Ms. Anderson's summarization of the discussions between Rhodes and Ms. Anderson is a determination for a finder of fact and Plaintiff cannot admit or deny actions or statements that he did not utter or witness." As discussed in detail by The Hartford in its Reply Memorandum in Support of Defendant's Motion For Summary Judgment, these paragraphs should be deemed admitted because Plaintiff failed to controvert them with a citation to the record as required by Local Rule 56 (a)(3). *D. Conn. L. Civ. R. 56 (a)(1)*. Plaintiff's claim that the facts contained in these paragraphs require "a determination for a finder of fact" is wrong. See Goenaga v. March of Dimes, 51 F. 3d 14, 18 (2d Cir. 1995) ("The party opposing summary judgment may not rely simply on … contentions that the affidavits [and sworn deposition testimony] supporting the motion are not credible …"); see also *Fed. R. Civ. P. 56 (e)* ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits … must set forth specific facts showing that there is a genuine issue for trial").

### B.   Plaintiff's Local Rule 56 (a)(2) Statement Contains Bad Faith Denials Of Undisputed Facts.

Plaintiff admits many of the facts set forth in Rhodes' Rule 56 (a)(1) Statement.  He admits that he accessed Rhodes' work voicemail, deleted her messages on at least one occasion, and during the weekend of January 18, 2002, he changed her password so could not access her work voicemail.  Plaintiff also admits that he accessed Rhodes' work voicemail more than forty (40) times between 3:00 p.m. on Friday, January 18, 2002 and 1:30 a.m. on Monday, January 21, 2002.  Moreover he readily admits that during this same period, he called Rhodes dozens of times, "at least every hour." (Plaintiff's Rule 56 (a)(2) Statement, Part I, ¶¶ 27-28.)  However, Plaintiff purports to deny the material facts in paragraphs 8, 20, 22, 23, 24, 36, 37 and 45 of Rhodes' Rule 56 (a)(1) Statement by asserting that the factual allegations in these paragraphs are "denied with clarification" or, in some cases, "denied with qualification and clarification."[1]  Again, as discussed in detail by The Hartford in its reply, these denials are made in bad faith and do not preclude summary judgment in this matter.  In fact, Plaintiff does not actually deny the majority of these facts.  Rather he attempts to explain why he engaged in the conduct alleged by Rhodes.  These are not denials at all, but are explanatory statements.  These statements are not based on admissible evidence and should be disregarded by the Court.

---

[1] Plaintiff has taken this same tactic where he has admitted to the facts alleged by Rhodes, often stating that the facts are admitted but with "qualification" or "clarification."  These are more attempts by Plaintiff to explain his conduct and/or to argue his case.  He does not deny the conduct alleged by Rhodes.

    **C.**    **Part II of Plaintiff's Local Rule 56 (a) (2) Statement Contains Unsupported Allegations, Conclusory Statements and Distortions of Witness Testimony.**

Part II of Plaintiff's Local Rule 56 (a)(2) Statement contains 116 paragraphs of unsupported assertions of discrimination on the part of Ms. Anderson and Ms. Ames, misrepresentations of witness testimony and conclusory statements that are entirely unsupported by the record in this case. As noted by The Hartford in its reply, the majority of the allegations made by Plaintiff are not relevant to the claims against Rhodes, but are a lengthy tirade about The Hartford's conduct in investigating and terminating Plaintiff and Plaintiff's allegations of discrimination.[2]

There is insufficient space allotted in a reply brief to discuss each of Plaintiff's misrepresentations in detail here. However, the most egregious example occurs in Paragraphs 51, 52 and 56, where Plaintiff incorrectly claims that Rhodes had the "foresight" to bring an audiotape of a voicemail left by Plaintiff to Ms. Anderson on January 21, 2002. Plaintiff presents this as evidence of Rhodes' foresight "to assist whomever she spoke to in determining that Shorter was violent …" (Plaintiff's Opposition, p. 28.) The only evidence offered by Plaintiff is his own affidavit, this portion

---

[2] In his memorandum of law in support of his objection to the motion for summary judgment, Plaintiff states that he is not claiming that Rhodes discriminated against him and/or that she in some way aided and abetted The Hartford in its alleged discrimination against Plaintiff. It appears that Plaintiff is no longer claiming that Rhodes intentionally misrepresented his statements and actions in order to induce The Hartford to discriminate against him as he claimed in his Complaint.

5

of which is not based on Plaintiff's personal knowledge of how or when Ms. Anderson received a copy of this voice mail message.

In fact, the only first hand admissible evidence in the record on this point is the deposition testimony of Ms. Anderson. Her testimony establishes that Rhodes did not bring a tape to her at that initial meeting. Rather, Scott, the individual for whom Plaintiff left the message, forwarded the message directly to Ms. Anderson. (Deposition of Lisa Anderson, August 29, 2003, p. 74: 1-12.) (Attached as Exhibit A.)

In Paragraph 59 and elsewhere, Plaintiff claims that Rhodes "stalked and harassed" him and he relies on the Affidavit of Maurice Kuck for these conclusions. However, the only first hand knowledge in Mr. Kuck's affidavit that is even remotely relevant to this claim is that he had observed Ms. Rhodes "sitting at Mr. Shorter's desk and staring at him …" (Kuck Aff., ¶ 5.) See Fed. R. Civ. P. 56 (e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein").

These portions of Plaintiff's Local Rule 56 (a)(2) Statement that are unsupported by the record are insufficient to defeat summary judgment and should be disregarded by the Court. "In deciding a summary judgment motion … it is necessary to look to the record evidence, and inappropriate to rely on the 56 (a)(2) statement." Wood v. Federal Bureau of Investigation, No. 3:02 CV 2058 (JBA), 2004 WL 719242 * 19 n. 6 (D. Conn. March 31, 2004) (citing Giannullo v. City of New York, 322 F. 3d 139, 142 (2d Cir. 2003)); see also Fed. R. Civ. P. 56 (e) ("When a motion for summary judgment is

6

made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits … must set forth specific facts showing that there is a genuine issue for trial"). Thus, the Court must rely on "the underlying evidence" in the record and not on the unsupported assertions of Plaintiff or his counsel.

### D. Large Portions of Plaintiff's Supporting Affidavit Are Improper and Should be Stricken or Ignored.

Rule 56 (e) of the Federal Rules of Civil Procedure states that "opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  Fed. R. Civ. P. 56 (e).  Plaintiff's affidavit contains statements that are not based on his personal knowledge, are merely conclusions or arguments and/or are an attempt to circumvent the Federal Rules of Evidence requiring that audio tape recordings be authenticated before they are admissible.  See Hollander v. American Cyanimid Co., 172 F. 3d 192, 198 (2d. Cir. 1999) (holding that a court "may strike portions of an affidavit that are not based upon the affiant's personal knowledge, contain inadmissible hearsay or make generalized and conclusory statements").

Plaintiff's affidavit recites his account of conversations and incidents that either occurred during the period that he and Rhodes were involved in a romantic relationship or several months after the termination of his employment.  These issues are not material or relevant to the legal claims of defamation or tortious interference, which are based on Ms. Rhodes' statement to The Hartford as part of its investigation,

or The Hartford's decision to terminate Plaintiff's employment. His affidavit is in essence a restatement of his complaint, which is ineffective in opposing a motion for summary judgment. See Paul T. Freund Corp. v. Commonwealth Packing Co., 288 F. Supp. 2d 357, 369 (W.D. NY. 2003) (holding that conclusory allegations, examination of thoughts, opinions, argument and legal conclusions "are prohibited from affidavits submitted in support of, or in opposition to, a motion under Federal Rule of Civil Procedure 56").

### III.    PLAINTIFF HAS UTTERLY FAILED TO ADDRESS ANY OF THE LEGAL AUTHORITY AND ARGUMENT MADE BY RHODES IN HER MOTION FOR SUMMARY JUDGMENT AND THE LAW SUPPORTS THE GRANTING OF RHODES' MOTION.

Most notable in the reams of paper submitted by Plaintiff in opposition to Rhodes' motion for summary judgment, is his utter failure to cite to even one statute or one decision of any court challenging Rhodes' defenses to the claims of defamation or tortious interference.

The majority of Plaintiff's discussion regarding summary judgment is not a legal argument. Instead, Plaintiff focuses on imputing a motive to Rhodes. Much ado is made about Rhodes' allegedly having "enough foresight to remember to bring a tape recording of a phone call from December 31, 2001, to assist whomever she spoke to in determining that Shorter was violent …" (Shorter Opposition, p. 28.) However, in making this incorrect statement, Plaintiff completely disregards the facts and evidence in this case. As discussed earlier in this memorandum, the evidence before the Court

8

establishes that Rhodes did not bring the tape to Ms. Anderson.  Rather, the voice mail message was subsequently forwarded to Ms. Anderson.[3]  See *supra.*, p. 6.

Plaintiff also relies on his affidavit to detail alleged conversations he had with Rhodes in March 2002 in an attempt to establish that Rhodes was not afraid of him on January 21, 2002.[4]  Plaintiff seeks to use this testimony about events occurring months later to establish that Rhodes is lying about how she felt on January 21, 2002.  At the same time, Plaintiff asks the Court to believe that after December 2001, he wanted nothing more to do with Rhodes.  Yet he admits that over the weekend of January 18, 2002, he accessed Rhodes' work voicemail over forty (40) times and called her dozens of times, at least every hour.  These are not the actions of a man who wants nothing to do with Rhodes.  However, it is not necessary to determine how these two felt about each other in order to grant Rhodes' motion for summary judgment.

Yet, Plaintiff appears to focus on these allegations in his opposition in an effort to create an issue of fact as to whether Ms. Rhodes acted with malice in making a statement to The Hartford as part of its investigation.  Plaintiff has not succeeded in creating such an issue.  Based on the facts supported by admissible evidence, no

---

[3] Plaintiff also repeats his discussion about The Hartford's investigation and subsequent decision to terminate Plaintiff's employment while only giving Rhodes a written warning.  There is no evidence in the record to even suggest that Rhodes had any input into the manner in which The Hartford conducted its investigation or into the decision about the appropriate disciplinary action to take against Plaintiff.  Rather, she reported the events of the weekend of January 18, 2002 and responded to Ms. Anderson's questions.

[4] Plaintiff claims to have tape recordings of conversation he had with Rhodes in March 2002 when the two met in a parking lot in his car.  Plaintiff did not tell Rhodes that he was secretly tape recording her conversations during these romantic interludes.

reasonable jury could find such malice in the statement given by Rhodes as part of her employer's investigation into work place conduct.

Even if Plaintiff had created an issue of fact as to malice on Rhodes' part, it would still be proper to grant Rhodes' motion for summary judgment as that is only one defense to the claims. On the claims of defamation, the only defense that involves the issue of malice is privilege. The remaining defenses of substantial truth, opinion, that the statements are not capable of a defamatory meaning, and no pecuniary loss do not involve any element of malice. On the claims of tortious interference, the defense that Rhodes's statement was not the cause of Plaintiff's termination, does not involve the element of malice. However, this factual record also permits the Court to grant Rhodes' motion for summary judgment on the defense that her statement was privileged and that she did not tortiously interfere with Plaintiff's employment as she did not act out of malice. All of these defenses are set forth in Rhodes memorandum in support of her motion for summary judgment. Plaintiff has failed to address the legal framework of the claims and defenses or to present admissible evidence to create an issue of fact within that framework. Accordingly, the motion should be granted.

## VI.    CONCLUSION.

For the foregoing reasons, Defendant Rhodes' motion for summary judgment should be granted as to Counts Eleven and Twelve.

        **DEFENDANT,**
        **MARYANNE RHODES**


        By_____
          David L. Metzger, Esq.(ct02035)
          Metzger & Associates
          25 Capitol Avenue
          Hartford, CT  06106
          (860) 549-5026
          dmetzger@snet.net


## **CERTIFICATION OF SERVICE**

      This is to certify that a copy of the foregoing was hand delivered on this 10th day of May 2004, to the following counsel of record:

        Rachel M. Baird
        Law Office of Rachel M. Baird
        379 Prospect Street
        Torrington, CT 06790

        Margaret J. Strange
        James F. Shea
        Jackson Lewis LLP
        55 Farmington Avenue, Suite 1200
        Hartford, CT  06105

        _____
        David L. Metzger