**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

_____
                                              :
FERRON SHORTER JR.                            :
        Plaintiff,                            :
                                              :       CIVIL NO.: 303 CV 0149(WIG)
v.                                            :
                                              :
HARTFORD FINANCIAL SERVICES GROUP, :
INC. and MARYANNE RHODES                      :
        Defendants.                           :       May 10, 2004
_____:

**DEFENDANT MARYANNE RHODES' MEMORANDUM OF LAW IN**
**SUPPORT OF MOTION TO STRIKE THE AFFIDAVIT OF FERRON SHORTER JR.**

Defendant MaryAnne Rhodes ("Rhodes"), pursuant to Rules 12 (f) and 56

(c) of the Federal Rules of Civil Procedure and Local Rule 56 (a)(3), respectfully submits

this memorandum of law in support of her motion to strike the Affidavit of Ferron Shorter,

Jr. that was filed by Plaintiff in support of his objection to the defendants' motions for

summary judgment.

I.      **LEGAL ARGUMENT**

        A.      **Standard For A Motion To Strike An Affidavit**

        "When a motion for summary judgment is made and supported as provided

in this rule, an adverse party may not rest upon the mere allegations or denials of the

adverse party's pleading, but the adverse party's response, by affidavits … must set forth

specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56 (e).

"[O]pposing affidavits shall be made on personal knowledge, shall set forth such facts as

would be admissible in evidence, and shall show affirmatively that the affiant is competent

to testify to the matters stated therein."  Fed. R. Civ. P. 56 (e).  A motion to strike pursuant to Fed. R. Civ. P. 12 (f) is the proper method for challenging the Affidavit of Ferron Shorter, Jr.   See Steinberg v. Obstetrics-Gynecological & Infertility Group, P.C., 260 F. Supp. 2d 492, 495 (D. Conn. 2003) (holding that a "Rule 12(f) motion to strike hearsay evidence in a party's opposition to summary judgment is a proper method for challenging such evidence"); see also Keene v. Hartford Hospital, 208 F. Supp. 2d 238, 242 (D. Conn. 2002) (holding that a motion to strike can be used to challenge affidavits that are not made on the basis of personal knowledge and documentary evidence that has not been properly authenticated);  Hollander v. American Cyanimid Co., 172 F. 3d 192, 198 (2d. Cir. 1999) (holding that a court "may strike portions of an affidavit that are not based upon the affiant's personal knowledge, contain inadmissible hearsay or make generalized and conclusory statements"); Paul T. Freund Corp. v. Commonwealth Packing Co., 288 F. Supp. 2d 357, 369 (W.D. NY. 2003) (holding that conclusory allegations, examination of thoughts, opinions, argument and legal conclusions "are prohibited from affidavits submitted in support of, or in opposition to, a motion under Federal Rule of Civil Procedure 56").

**B.    The Court Should Strike the Portions Of The Affidavit That Purport To Contain A Transcription Of Tape Recorded Messages Left By Rhodes And Conversations Plaintiff Had With Rhodes As The Alleged Tape Recordings Have Not Been Authenticated And/Or Offered Into Evidence.**

In Paragraph 3 of his affidavit, Plaintiff states that "[t]he text of this Affidavit enclosed in quotation punctuation marks is taken from (a) taped recordings of conversations that [he] participated in and transcribed from the recordings, and (b) voice

mail messages addressed to [him]." (Affidavit of Ferron Shorter, Jr., ¶ 3.) Paragraphs 12, 13, 14, 23, 31, 46, 47, 48, 49, 50, 61 – 65, 68, 69, 71, and 73 - 76 of the affidavit contain language enclosed in quotation marks that purportedly were transcribed from these tape recordings.

Pursuant to Fed. R. Evid. 901 (a), the authentification of any evidence is a condition precedent to its admissibility. The Second Circuit requires that the authenticity of audio tapes be established by "clear and convincing evidence." Penguine Books U.S.A., Inc. v. New Christin Church of Full Endeavor, LTD., 262 F. Supp. 2d 251, 264 (S.D. N.Y. 2003) (citing United States v. Morrison, 153 F. 3d 34, 56 (2d Cir. 1998)). "The predicate for admission of tape recordings in evidence is clear and convincing proof that the tapes are genuine and that they have not been altered." The People of the State of New York v. Ely, 68 N.Y. 2d 520, 522 (Court of Appeals of N.Y., 1986).

> In assessing whether a proffered sound recording is authentic, the Court is to consider a number of factors, including the following: (1) that the recording device used was capable of taping the conversation now offered in evidence; (2) that the operator of the device was competent to operate it; (3) that the recording is authentic and correct; (4) that changes, additions or deletions have not been made to the recording; (5) that the recording has been preserved in the manner that is presented to the court; (6) that the speakers are identified; and (7) that the conversation elicited was made voluntarily and in good faith.

Penguine Books U.S.A., Inc. v. New Christin Church of Full Endeavor, LTD., 262 F. Supp. 2d 251, 264 (S.D. N.Y. 2003) (citing United States v. Fuentes, 563 F. 2d 527, 532 (2d Cir. 1977)).

Plaintiff attempts to avoid the Federal Rules of Evidence that require the authentification of an audio tape recording by clear and convincing evidence. Instead, he purports to testify in his affidavit as to the contents of the alleged audio tape recordings – claiming that the statements in his affidavit are, indeed, a transcription of messages left by Rhodes on Plaintiff's answering machine and of conversations Plaintiff had with Rhodes.[1] The portions of Plaintiff's affidavit that he claims are a transcription of tape recordings that have not been authenticated should be stricken from the affidavit as they are not admissible evidence and are not properly included in the affidavit.

**C.      Statements Made By Plaintiff In His Affidavit That Are Not Based On His Personal Knowledge Must Be Stricken.**

In his affidavit, Plaintiff makes the following statements:  "But for the fact that I am a man, Ms. Rhodes would not have harassed me to begin a sexual relationship with her in January of 2002."   (Affidavit, ¶ 16.);   "Ms. Rhodes suspected that I had a new girlfriend …"  (Affidavit, ¶ 27.);   and "The December 31, 2001, taped conversation that Ms. Rhodes provided to Lisa Anderson on January 21, 2002, is a tape of a phone call that Ms. Rhodes asked me to make at 3:30 a.m. to a man named Scott whom Ms. Rhodes told me

---

[1] Plaintiff claims, in his affidavit, that he met with Rhodes in March and that he secretly recorded their conversations.  Conversations in which Plaintiff tried to get Rhodes to make statements he could use in this lawsuit.  Plaintiff provided an audio tape cassette in discovery and, at the time, Rhodes, through her attorney, questioned the authenticity and completeness of the alleged recordings.  See Letter from David L. Metzger to Rachel M. Baird dated October 16, 2003 and attached as Exhibit A.  Plaintiff did not respond to the letter and has not produced the original tape recordings for review by the defendants.  Moreover, recordings of conversations made months before and/or after January 21, 2002 are not relevant to the issues in Rhodes' motion for summary judgment.

4

she feared." (Affidavit, ¶ 42.) "Just hours before leaving the phone message for Scott, the tape of which Ms. Rhodes brought to Ms. Anderson on January 21, 2002, …." (Affidavit ¶ 46.)

The first two statements simply give Plaintiff's opinion of what Ms. Rhodes was thinking or feeling in January 2002. Plaintiff has no personal knowledge upon which to base these statements. Indeed, he has not offered any evidence, other than his own affidavit, to establish either of these two statements as factual for purposes of summary judgment. The requirement that an affiant have personal knowledge of the statements made in his affidavit "is unequivocal, and cannot be circumvented." Paul T. Freund Corp. v. Commonwealth Packing Co., 288 F. Supp. 2d 357, 369 (W.D. NY. 2003) (quoting Londrigan v. Federal Bureau of Investigation, 670 F. 2d. 1164, 1174 (D.C. Cir. 1981)) (holding that "conclusory allegations, examination of thoughts, [and ] opinions … are prohibited from affidavits submitted in support of, or in opposition to, a motion under Federal Rule of Civil Procedure 56").

With regard to the statements in Paragraphs 42 and 46 asserting that Rhodes allegedly provided a tape recording to Ms. Anderson on January 21, 2002, Plaintiff has no personal knowledge of how or when Ms. Anderson came to be in possession of that message. In fact, the evidence in this case, establishes that Rhodes did not provide any tape recording to Ms. Anderson. Rather, Ms. Anderson testified at her deposition that

5

she obtained a copy of the voicemail message Plaintiff left for Scott directly from Scott.[2]

See Gulino v. B'rd of Education of the City School District of the City of New York, 236 F.

Supp. 2d 314, 319 (S.D. NY 2002),  (holding that "the non-moving party may not rely on

conclusory allegations or speculation to create factual disputes"); see also Hollander v.

American Cyanimid Co., 172 F. 3d 192, 198 (2d. Cir. 1999) (holding that a court "may

strike portions of an affidavit that are not based upon the affiant's personal knowledge,

contain inadmissible hearsay or make generalized and conclusory statements").

Accordingly, the Court should grant the motion to strike paragraphs 16, 27 and 42 of

Plaintiff's affidavit.

> **D.    Portions Of Plaintiff's Affidavit Should Be Stricken Because It Merely Alleges In Conclusory Fashion The Allegations In His Complaint And Does Not Offer Factual Information In Support Of Those Conclusions.**

Plaintiff alleges that he has been damaged personally and professionally

and in his community, that he had to relocate to another state to gain employment, that,

as a result of his termination, he is devastated, embarrassed, humiliated, and very

---

[2] At her deposition taken by Plaintiff's counsel, Ms. Anderson testified that she did not
receive a tape from Rhodes.  Rather, she testified as follows:

> Q.    And how did you get that message?
> A.    It was … someone left it on my voicemail at work.
> Q.    Do you know who forwarded it to your voicemail?
> A.    MaryAnne told me it was Scott.
> Q.    Do you know who Scott is?
> A.    A friend of MaryAnne's.  MaryAnne told me it was a friend of hers.

(Deposition of Lisa Anderson, August 29, 2003, p. 74:  1-12.) (A copy of the relevant
page of the deposition transcript is attached as Exhibit B.)

depressed, that he pleaded to gain his job back at The Hartford, and that his plans for his daughter's future have been severely damaged as a result of his losing his job. (Affidavit, ¶¶ 85, 86, 87, and 89). Other than his conclusory statements, Plaintiff offers no admissible evidence or factual support for these allegations. Rather, these allegations are merely a restatement of the claim for damages set forth in the Complaint. Plaintiff has not presented any evidence to the Court in support of these conclusory allegations. See Hollander v. American Cyanimid Co., 172 F. 3d 192, 198 (2d. Cir. 1999) (holding that a court "may strike portions of an affidavit that … make generalized and conclusory statements"). Therefore, the Court should strike paragraphs 85, 86, 87 and 89 of the Affidavit of Ferron Shorter, Jr.

## II.    CONCLUSION

The Affidavit of Ferron Shorter Jr., contains statements that are not based on his personal knowledge, are contradicted by the deposition testimony in this case, and/or are merely argument or conclusions that should not be included in an affidavit relied on in opposition to a properly supported motion for summary judgment. Moreover, Plaintiff has attempted to circumvent the Federal Rules of Civil Procedure that require the authentification of audio tapes by purporting to quote tape recordings in his affidavit. For the foregoing reasons, the Court should grant this motion to strike.

**DEFENDANT,
MARYANNE RHODES**


By_____
David L. Metzger, Esq. (ct02035)
Metzger & Associates
25 Capitol Avenue
Hartford, CT  06106
(860) 549-5026


## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was hand-delivered on this

10th day of May 2004, to the following counsel of record:


Rachel M. Baird
Law Office of Rachel M. Baird
379 Prospect Street
Torrington, CT 06790

Margaret J. Strange
James F. Shea
Jackson Lewis LLP
55 Farmington Avenue, Suite 1200
Hartford, CT  06105


_____
David L. Metzger