UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FERRON SHORTER JR.,

  Plaintiff,          CASE NO. 3:03CV0149(WIG)

v.

HARTFORD FINANCIAL SERVICES
GROUP, INC., MARYANNE RHODES,

  Defendants.         JULY 23, 2004

**PLAINTIFF'S OBJECTION TO DEFENDANT MARYANNE RHODES'
MOTION TO STRIKE**

Plaintiff Ferron Shorter ("Plaintiff"), by and through his undersigned counsel, objects to Defendant MaryAnne Rhodes' Motion to Strike the Affidavit of Ferron Shorter Jr. (doc. #73)

On March 22, 2004, Plaintiff filed an Affidavit of Ferron Shorter Jr. ("Affidavit") (doc. #59) in support of his objection to motions for summary judgment filed by Defendant Hartford Financial Services Group, Inc. ("The Hartford") (doc. #48) and Defendant MaryAnne Rhodes ("Rhodes") (doc. #42). Rhodes moved to strike "all or portions" of the Affidavit on May 10, 2004. (doc. #73) Plaintiff objects and offers in support:

- Plaintiff's Affidavit, despite Rhodes "assertions to the contrary, is "in fact based on personal knowledge and perceptions and therefore proper[ ]" for consideration." Harriscom Svenska, AB v. Harris Corp., 3 F.3d 576, 581 (2d Cir. 1993) (citing Fed. R. Civ. P. 56(e)).

- Plaintiff is a witness with knowledge of the statements offered in paragraphs 12-14, 23, 31, 46-50, 61-65, 68-69, 71, and 73-76 and 85-87 and 89 of the Affidavit. Fed. R. Civ. P. 56(c); Fed. R. Evid. 901(a), (b)(1).

**ORAL ARGUMENT REQUESTED**

- Plaintiff offers the statements in paragraphs 12-14, 23, 31, 46-50, 61-65, 68-69, 71, and 73-76 of the Affidavit under Rule 807 of the Federal Rules of Evidence as the most probative and reliable evidence of the conversations that occurred between Plaintiff and Rhodes on March 22, 2002, and March 27, 2002, and voice mail messages left by Rhodes on Plaintiff's messaging systems.[1]

- Rhodes statements are admissible as statements of a party opponent. Fed. R. Evid. 801(d)(2).

- Paragraphs 16, 27, 42, 46 of Plaintiff's Affidavit are admissible and not conclusory. See Pokorne v. Gary, Docket No. 3:02CV267(GLG) (D. Conn. 2003) (Court held the defendant's testimony contained "averments based on his personal, intimate knowledge and understanding of the transaction between himself and the plaintiff.") (Pokorne v. Gary, Third Affidavit of Rachel M. Baird, Ex. 1 at 4)

- Paragraphs 85-87 and 89 of Plaintiff's Affidavit are statements of Plaintiff's personal knowledge of the adverse consequences of his termination. Rhodes' motion to strike these paragraphs addresses the weight that the statements may be afforded by the trier of fact rather than their admissibility.

A memorandum of law accompanies this Plaintiff's objection to Rhodes' motion to strike.

---

[1] Paragraphs 12, 14, 23, 49, 50, and 62 do not indicate that the statements were recorded but are statements from voice mail messages received by Plaintiff from Rhodes.

PLAINTIFF
FERRON SHORTER JR.

BY: _____
Rachel M. Baird (ct12131)
Law Office of Rachel M. Baird
379 Prospect St
Torrington CT 06790-5239
Tel: (860) 626-9991
Fax: (860) 626-9992

## CERTIFICATION

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Objection to Defendant MaryAnne Rhodes' Motion to Strike was mailed first-class, postage paid to the following counsel of record on July 23, 2004:

Margaret J. Strange, Esq.
Jackson Lewis LLP
55 Farmington Ave Ste 1200
Hartford CT 06105

David L. Metzger, Esq.
Metzger & Associates
25 Capitol Ave
Hartford CT 06106

_____
Rachel M. Baird