UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FERRON SHORTER JR., | : | |
| Plaintiff, | : | CASE NO. 3:03CV0149(WIG) |
| v. | : | |
| HARTFORD FINANCIAL SERVICES GROUP, INC., MARYANNE RHODES, | : | |
| Defendants. | : | JULY 23, 2004 |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO DEFENDANT MARYANNE RHODES' MOTION TO STRIKE

Plaintiff Ferron Shorter Jr. ("Plaintiff"), by and through his undersigned counsel, submits this memorandum of law in support of his objection to Defendant MaryAnne Rhodes' Motion to Strike the Affidavit of Ferron Shorter Jr. (doc. #73)

On March 22, 2004, Plaintiff filed an Affidavit of Ferron Shorter Jr. ("Affidavit") (doc. #59) in support of his objection to motions for summary judgment filed by Defendant Hartford Financial Services Group, Inc. ("The Hartford") (doc. #48) and Defendant MaryAnne Rhodes ("Rhodes") (doc. #42). Rhodes moved to strike "all or portions" of the Affidavit on May 10, 2004. (doc. #73)  However, the instant memorandum addresses only those paragraphs referenced by Rhodes in the motion to strike, specifically, paragraphs 12-14, 23, 31, 46-50, 61-65, 68-69, 71, and 73-76 and paragraphs 16, 27, 42, and 46 and 85-87 and 89.  Keene v. Hartford Hosp., 208 F.Supp.2d 238, 242 (D. Conn. 2002) ("The moving party must be specific in regards to what it is seeking to have striken and must set forth reasons for why the materials should not be considered by the court.").

I.   **LEGAL ARGUMENT**

   A.   **Standard For A Motion To Strike An Affidavit**

"A motion to strike is the correct vehicle to challenge materials submitted in connection with a summary judgment motion. ... A party can make a motion to strike affidavits if they are not made on the basis of personal knowledge. ... However, "the nonmoving party [need not] produce evidence in a form that would be admissible at trial in order to avoid summary judgment." Keene v. Hartford Hosp., 208 F.Supp.2d at 242 (internal citations omitted).

   B.   **Paragraphs 12-14, 23, 31, 46-50, 61-65, 68-69, 71, and 73-76 Of Plaintiff's Affidavit Are Based On Personal Knowledge**

In his Affidavit, at paragraph 3, Plaintiff states that the quotation punctuation marks found in the Affidavit denote either text taken from taped recordings of conversations in which Plaintiff participated or from voice mail messages addressed to Plaintiff. (doc. #59) Clearly, Plaintiff may include statements of a party opponent in his Affidavit and statements which he made himself at an earlier time that are not offered to prove the truth of the matter asserted. Fed. R. Evid. 801(d)(2)(A). Plaintiff's statements provide context for the statements made by Rhodes.

Plaintiff has personal knowledge of the statements contained in the paragraphs in question because Plaintiff was a participant in the conversations and the recipient of Rhodes' voice mail messages. Rhodes' claims argue that evidence of the conversations between Plaintiff and Rhodes and the voice mail messages left by Rhodes are inadmissible because Plaintiff relied upon recordings for verbatim quotes and did not summarize the conversations and messages from memory.[1] If Rhodes' claims are accepted, then the result will be that the more reliable and probative evidence is inadmissible while the less reliable evidence based on memory of

---

[1] Paragraphs 12, 14, 23, 49, 50, and 62 do not indicate that the statements were recorded but are statements from voice mail messages received by Plaintiff from Rhodes.

2

conversations and messages from more than two years ago is admissible. Plaintiff's affidavit confirms that he obtained verbatim language of conversations and some messages from tape recordings. If Plaintiff were not a witness to the taped conversations and recording then authentication would be an issue, but since Plaintiff was a witness and has stated under oath that he taped a conversation that he was a witness to and that the exact language in that conversation is as stated in his Affidavit, the facts are distinguishable from a tape recording requiring authentication. For example, in a case cited by Rhodes in her memorandum of law, Penguine Books, U.S.A. v. New Christian Church of Full Endeavor, LTD, 262 F.Supp.2d 251, 265 (S.D.N.Y. 2003), the court rejected testimony from a witness who was not able to authenticate twenty year old audiotapes found in archives. According to the court, the witness had no knowledge as to whether or not the tapes had been, or could have been, edited or altered. He had no knowledge as to the identity of the speakers other than the labels."

Rhodes expresses concerns, though her counsel, in a footnote at page four of her memorandum which states that Rhodes' attorney questioned the authenticity and completeness of the recording of a March 22, 2003, conversation in a letter dated October 16, 2003, to Plaintiff's counsel and that Plaintiff's counsel did not reply. However, Plaintiff's counsel did reply by letter dated November 4, 2003, and thereafter met with Rhodes' counsel to listen to the recording. (Letter, Third Affidavit of Rachel M. Baird (hereinafter, "Third Baird Aff.), Ex. 4.) (Third Baird Aff., ¶ 7) In addition, in a letter dated September 12, 2003, Rhodes' counsel was informed that the original tapes were entered as exhibits to the Plaintiff's Commission on Human Rights and Opportunities (CHRO) reply. (Letter, Third Baird Aff., Ex. 6) The recordings were available through the CHRO at the cost of $2.00 per tape if the authenticity of the tapes provided were still in doubt. (Third Baird Aff. at ¶ 8) Finally, Plaintiff implicitly authenticated the tapes

by providing them during the course of discovery. If the tapes were not authentic and Plaintiff knowingly provided them, then Rhodes would not expect an admission to that fact. If Rhodes suspected that the tapes were not authentic, then even if Plaintiff did confirm their authenticity, then Rhodes' counsel certainly would not be satisfied with a mere confirmation by Plaintiff's counsel. Therefore, it is unknown what kind of assurances Rhodes' counsel could have obtained from Plaintiff other than the representation by the act of producing the tape during discovery that it was authentic and the opportunity such production provided to Rhodes to have the tape examined and tested. Ultimately, if Rhodes' counsel doubted the authenticity then the only manner of resolving the issue would be to analyze the tape recording. See United States v. Morrison, 153 F.3d at 46 ("At trial, Morrison challenged the admission of tapes made by the Government of his calls to Smith Barney, and claimed they had been altered. He called Thomas Owen as an expert to testify that the recordings displayed anomalies that indicated they had been edited."). Otherwise, Plaintiff's Affidavit based upon personal knowledge of the conversations is unchallenged. (Tapes 1 and 2, Second Affidavit of Ferron Shorter Jr. (hereinafter, "Second Shorter Aff."), Exs. 1, 2, respectively.)

### C. Paragraphs 16, 27, 42, and 46 Of Plaintiff's Affidavit Are Admissible And Not Conclusory

Rhodes contends that statements offered by Plaintiff at paragraphs 16, 27, 42, and 46 of the Affidavit are not based upon personal knowledge. In Harriscom Svenska, AB v. Harris Corp., 3 F.3d 576, 581 (2d Cir. 1993), the court rejected plaintiff's motion to strike statements in defendant's affidavit supporting a motion for summary judgment, finding: "The challenged affidavits, despite Harriscom's assertions to the contrary, are in fact based on personal knowledge and perceptions and therefore properly were considered." (citing Fed.R.Civ.P. 56(e)). Similarly, in Pokorne v. Gary, Docket No. 3:02CV267(GLG) (D. Conn. 2003) at 4, the court held the

defendant's testimony contained "averments based on his personal, intimate knowledge and understanding of the transaction between himself and the plaintiff." In referring to the defendant, the court stated, "[h]e is also a party to this action and every single statement in his affidavits could be questioned on cross-examination at trial.") (citing Keene v. Hartford Hosp., 208 F.Supp.2d 238, 243-44 (D. Conn. 2002)). The intimate relationship between Plaintiff and Rhodes during 2001 is the foundation for the reliability of Plaintiff's perceptions about Rhodes' state of mind at paragraphs 42 and 46. Fed. R. Evid. 803(1). The cases relied upon by Rhodes to challenge the Plaintiff's personal knowledge of Rhodes' opinions and state of mind are factually distinguishable. In Londrigan v. Federal Bureau of Investigation, 670 F.2d 1164, 1175 (D.C. Cir. 1981), the court accepted the plaintiff appellee's claim that the district court erred in not striking the affidavit of an FBI agent who was not involved in the investigation at issue in the case. See also Paul T. Freund Corp. v. Commonwealth Packing Co., 288 F.Supp.2d 357, 375 (W.D.N.Y. 2003) ("Although the rule's directive with respect to admissibility of an affidavit's contents on summary judgment has been
liberally construed, its requirement of personal knowledge by the affiant is unequivocal, and cannot be circumvented.").

With regard to paragraphs 42 and 46, Rhodes attempts to deconstruct the meaning underlying statements by Plaintiff regarding Lisa Anderson ("Anderson")'s possession of a conversation recorded on Scott's voice mail on December 31, 2001. Plaintiff contends that Rhodes provided the voice mail recording to Anderson. (Plaintiff's Affidavit, ¶¶ 42, 26) Rhodes relies, at page 6 and footnote 2 in her motion to strike, on Anderson's representation that Anderson did not know who provided Anderson the message but was told by Rhodes that Scott

provided the message   In Keene, the court rejected a similar attempt by the defendant to define the terminology of plaintiff's affidavit to contradict statements:

> First, the defendants define "surveillance" in order to contradict the plaintiff's allegations in the affidavit at paragraphs 9, 26, 27, and 29. While denotation may drive most legal analysis, a person's firsthand observations should not be so limited. The court accepts that affidavits reflect the complexity of language. The defendants' objection does not undermine the fact that Keene personally observed some event and recorded that fact in the affidavit.

Keene, 208 F.Supp.2d at 243.

### D. Paragraphs 85-89 Of Plaintiff's Affidavit Are Based On Personal Knowledge And Admissible

Paragraphs 85-89, which state:

> 85. My career and reputation have been damaged personally and professionally and in my community such that I had to relocate to my family's home in another state to gain employment.
> 86. As a result of my termination, I am devastated, embarrassed, humiliated, very depressed and have felt and do feel at times that my life is hopeless.
> 87. I never sought therapy for my depression because I did not have health insurance and instead relied upon my faith and prayer.
> 88. I pleaded with The Hartford, through my attorney, to gain back my career at The Hartford and attempted to present evidence showing The Hartford's errors.
> 89. My plans for my daughter and her future have been severely damaged as a result of losing my job at The Hartford and the difficulty I have experienced finding comparable employment.

are admissible as statements of Plaintiff's personal knowledge of the adverse consequences of his termination. Rhodes' motion to strike these paragraphs addresses the weight that the statements should be afforded by the trier of fact rather than their admissibility. Furthermore, Rhodes offers no evidence to contradict the statements contained in those paragraphs despite the opportunity for discovery through deposition, production, and interrogatories.

6

## II. CONCLUSION

For the foregoing reasons, Plaintiff asks that the Court deny Rhodes' Motion to Strike in its entirety:

> PLAINTIFF
> FERRON SHORTER JR.
>
> BY: _____
> Rachel M. Baird (ct12131)
> Law Office of Rachel M. Baird
> 379 Prospect St
> Torrington CT 06790-5239
> Tel: (860) 626-9991
> Fax: (860) 626-9992

## CERTIFICATION

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Objection to Defendant MaryAnne Rhodes' Motion to Strike, with the Second Affidavit of Ferron Shorter Jr. and the Third Affidavit of Rachel M. Baird, was mailed first-class, postage paid to the following counsel of record on July 23, 2004:

Margaret J. Strange, Esq.
Jackson Lewis LLP
55 Farmington Ave Ste 1200
Hartford CT 06105

David L. Metzger, Esq.
Metzger & Associates
25 Capitol Ave
Hartford CT 06106

_____
Rachel M. Baird