UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------x
**FERRON SHORTER, JR.**          :
    Plaintiff                :
                                      :
v.                                          :   CIV. NO: 3:03-cv-0149 (WIG)
                                      :
**HARTFORD FINANCIAL SERVICES**  :
**GROUP, Inc., and MARYANNE RHODES** :
    Defendants               :
---------------------------------------------------------------x

**RULING ON DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT**

**Introduction**

Plaintiff brings his action alleging race discrimination against Hartford Financial Services Group ("the Hartford") pursuant to Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e et seq, the Civil Rights Act of 1866, as amended 42 U.S.C. § 1981, and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-51 et seq. Plaintiff also alleges common law claims of intentional infliction of emotional distress, negligent infliction of emotional distress, and breach of implied covenant of good faith and fair dealing against the Hartford. Plaintiff brings common law claims of tortious interference with contract and defamation against the individual defendant MaryAnne Rhodes. Currently pending are The Hartford's and Ms. Rhodes' motions for summary judgment on all counts (Docs. # 42 and #48).

This action arises from plaintiff's termination from his employment at the Hartford for violating the Hartford's voice mail privacy policy. The Hartford's decision to terminate Shorter was based, in part, upon statements defendant Rhodes, a co-worker, made

to a Hartford Human Resources agent. Ms. Rhodes, who is white, was involved in the misuse of the company's voice mail system and was found also to have violated company policy but the Hartford did not terminate her. Mr. Shorter claims this decision evidences discrimination because, although he was similarly situated to Ms. Rhodes - because she was involved in the incidents that gave rise to his termination and was also found to have violated the Hartford's policy - he was terminated and she was not. Plaintiff alleges that during the Hartford's investigation into the policy violations, the company did not respond to his complaints of sexual harassment. Mr. Shorter alleges further that Ms. Rhodes made a false, malicious and defamatory statement to a Hartford Human Resources agent during this investigation.

## Standard of Review and Discussion

A court may grant summary judgment only if it determines that there is no genuine issue of material fact based on a review of the pleadings, depositions, answers to interrogatories, admissions on file and affidavits. Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). If there is no genuine issue of material fact, the moving party is entitled to summary judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Additionally, a court must construe the facts in a light most favorable to the non-moving party and resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Summary judgment is not appropriate in this case because there are issues of material

fact for a jury to determine regarding plaintiff's termination from the Hartford.  These issues include, *inter alia*, those set forth in plaintiff's amended complaint, his affidavit, and in his opposition to defendants' motions for summary judgment (Doc. # 56).  There are issues of material fact for a jury to determine regarding whether plaintiff and Rhodes were similarly situated.  A jury must also determine whether the Hartford was consistent in investigating employee complaints and whether it was consistent in taking disciplinary action against employees who violated company policies.  Disputed issues of material fact exist related to the veracity of Ms. Rhodes' statement to the Human Resources representative.  There are also issues of material fact for a jury to determine related to Ms. Rhodes' intent and motivation in making her statements to the Human Resources representative, specifically whether she acted with malice.

## CONCLUSION

This case should not be disposed of on summary judgment because of the disputed issues of material fact.  Therefore, defendants' motions for summary judgment (Docs. # 42 and # 48) are **DENIED**.

So ordered this the 2nd day of August, 2004, at Bridgeport, Connecticut.

/S/ William I. Garfinkel
William I. Garfinkel
United States Magistrate Judge