UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
---------------------------------------------x
FERRON SHORTER, Jr.               :
                                  :
         Plaintiff,               :    CIVIL ACTION NO.
                                  :    3:03-cv-0149 (WIG)
    v.                            :
                                  :
HARTFORD FINANCIAL                :
SERVICES GROUP, INC.,             :
and MARY ANNE RHODES              :
                                  :
         Defendants               :
---------------------------------------------x
```

## JOINT TRIAL MEMORANDUM ORDER

It is hereby ORDERED that:

The parties shall file jointly file with the Office of the Clerk, 915 Lafayette Blvd., Bridgeport, CT, in one continuous document to be signed by all counsel, a Trial Memorandum for approval by the court. One courtesy copy shall be submitted to the chambers of the undersigned on a 3.5" diskette formatted in either Wordperfect or Microsoft Word of the entire document.

Except as modified below, the Trial Memorandum shall be submitted in compliance with Rule 6 of the Local Rules of Civil Procedure and the Standing Order Regarding Trial Memoranda in Civil Cases (the "Standing Order"), which is included in the Appendix of the Local Rules of Civil Procedure. The Trial Memorandum shall be filed by the date set forth in the Trial Scheduling Order.

**THE TRIAL MEMORANDUM SHALL CONTAIN THE INFORMATION**

**REQUIRED BY THE STANDING ORDER. IN ADDITION, THE PROCEDURES SET FORTH BELOW SHALL BE FOLLOWED:**

Witnesses: For each expert witness (see paragraph 10 of the Standing Order), if any, the Trial Memorandum shall set forth the opinion to be expressed, a brief summary of the basis of the opinion, and a list of the materials on which the witness intends to rely. Also, state the area of expertise and attach a curriculum vitae, if available.

If a party objects to all or any part of the anticipated testimony of any witness, lay or expert, the objection must be stated in this section of the Trial Memorandum so that the objection can be resolved at the final pre-trial conference.

Exhibits: With respect to exhibits (see paragraph 11 of the Standing Order), the parties shall also comply with the following requirements:

(a) Plaintiff's exhibits shall begin with the number "1" and defendants' exhibits shall begin with the number "501." The parties shall mark the plaintiff's and the defendants' respective exhibits in numerical order (e.g., "Plaintiff's Exhibit 1", etc., and "Defendants' Exhibit 501", etc.) with exhibit tags, which will be provided by the Clerk's Office upon request. Where there are multiple plaintiffs and/or defendants, counsel should coordinate exhibit identification to ensure that exhibits are not duplicated.

(b) Copies of the actual exhibits shall be exchanged no later than ten (10) business days before trial, and the original set of exhibits for the Deputy Clerk and two complete copies of the exhibits (in a binder) shall be submitted to the Deputy Clerk at least two (2) business days before trial.

(c) The parties must be prepared to discuss any objections to designated exhibits at

the time of the final pre-trial conference.

<u>Anticipated Evidentiary Problems (Motions in Limine)</u>:  The parties shall separately file, with the Clerk's Office, motions in limine with memoranda of law concerning any anticipated evidentiary problems on the same date as filing the Trial Memorandum.

<u>Verdict Form</u>: The parties shall file jointly or individually a proposed verdict form.  The proposed verdict form may request that the jury return a special verdict with special findings as permitted by Fed. R. Civ. P. 49(a) or a general verdict with or without written interrogatories as permitted by Fed. R. Civ. P. 49(b).  The proposed verdict form shall be filed with the Trial Memorandum.

<u>Availability of Witnesses</u>:  Each party shall ensure the availability at trial of each witness listed by that party unless the Court and counsel are advised to the contrary not less than forty-eight (48) hours before the commencement of the evidence.

The deadlines established herein may not be modified by agreement of counsel.  These deadlines may be modified only by an order of the Court following a request for an enlargement of time made by written motion showing good cause, which motion shall be filed no later than five (5) business days before the date from which counsel seeks an extension.

So ordered this 26th day of August, 2004, at Bridgeport, Connecticut.

>                    */S/ William I. Garfinkel*
>                    William I. Garfinkel
>                    U.S. Magistrate Judge