UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FERRON SHORTER JR.<br>    Plaintiff,<br><br>v.<br><br>HARTFORD FINANCIAL SERVICES GROUP,<br>INC. and MARYANNE RHODES<br>    Defendants. | CIVIL NO.: 303 CV 0149(WIG)<br><br><br>September 29, 2004 |

**DEFENDANT MARYANNE RHODES'**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE**

Defendant MaryAnne Rhodes ("Rhodes"), pursuant to the Trial Scheduling Order dated August 26, 2004 and Rules 401, 402 and 403 of the Federal Rules of Evidence, respectfully submits this memorandum of law in support of her motion in limine to exclude evidence of events that occurred after January 23, 2002, the date upon which The Hartford terminated the Plaintiff's employment.

**I.   INTRODUCTION**

This matter is set to come to trial in January 2005. In his Complaint, Plaintiff alleges two claims against Rhodes. Count Twelve, a claim of defamation, and Count Eleven, a claim for tortious interference with Plaintiff's employment contract. Essentially, in order to prove either count against Rhodes, Plaintiff must prove that she knowingly made a false statement to The Hartford on January 21, 2002. In addition, Plaintiff must prove that Rhodes' made the alleged false statement with the intention of getting Plaintiff fired from his job at The Hartford.

Plaintiff has indicated that he intends to introduce evidence of communications between himself and Rhodes after the termination of his employment which took place in March 2002, approximately two months after the termination of Plaintiff's employment. If Plaintiff is permitted to present this evidence to the jury, Rhodes will offer evidence and testimony explaining these conversations, her reasons for meeting with Plaintiff in March 2002 and that she and Plaintiff resumed their sexual relationship during these meetings, resulting in Rhodes becoming pregnant. Evidence of interactions between Rhodes and Plaintiff after January 23, 2002 is not only irrelevant, but would distract the jury from the main event. Any probative value of this evidence is substantially outweighed by the danger of undue prejudice, confusion of the issues and misleading the jury. Therefore, the motion to exclude evidence after January 23, 2002 should be granted.

## II.   LEGAL ARGUMENT

### A.   Legal Standard For Excluding Evidence

Federal Rule of Evidence 401 defines "relevant evidence" to mean "evidence having a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 402 provides that relevant evidence is generally admissible, but that evidence which is not relevant is not admissible. Rule 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue

delay, waste of time, or needless presentation of cumulative evidence." Grounds for exclusion under Rule 403 include "risks which range all the way from inducing decision on a purely emotional basis, at one extreme, to nothing more harmful than merely wasting time, at the other extreme." Advisory Committee notes to Rule 403. The Advisory Committee notes further that unfair prejudice "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."

In Williams v. Drake, 146 F.3d 44, 48 (1st Cir. 1998) the First Circuit held that Rule 403 "constitutes a tool that a trial judge can use to keep a jury's attention riveted on the dispositive issues." There, the court excluded evidence which "could well have created an unwarranted sideshow, drawing attention from the main event" and could have tempted the jury to find against plaintiff on the proffered evidence rather than on evidence on the central issue of the appropriateness of a use of force.

### B. Evidence Of Interactions Between Rhodes And Plaintiff After The Termination Of Plaintiff's Employment Is Not Relevant And, Therefore, Should be Excluded.

Two counts of the Complaint claim Rhodes is liable to Plaintiff. In Count Twelve, he alleges Rhodes defamed him in her written statement dated January 21, 2002 that Rhodes gave to The Hartford. In Count Eleven, he alleges that Rhodes intentionally sought to interfere with his employment relationship with The Hartford by making false and defamatory allegations about him in the same written statement. Evidence of communications between Rhodes and Plaintiff that occurred after the termination of Plaintiff's employment in March 2002 and thereafter, is not relevant to these claims against Rhodes.

"Under Connecticut law, liability for defamation requires proof 'that the [defendant] published false statements that harmed the [plaintiff], and that the [defendants] were not privileged to do so.'" Malik v. Carrier Corp., 202 F. 3d 97, 108 (2d Cir. 2000) (quoting Kelley v. Bonney, 221 Conn. 549, 563 (1992)). Defamation is defined as [a]n intentional communication, either published or publicly spoken, that injures another's reputation or good name; the unprivileged publication of false statements which naturally and proximately result in injury to another." Grossman v. Computer Curriculum Corp., 131 F. Supp. 2d 299, 312 (D. Conn. 2000) (internal quotations omitted). In order to establish that Rhodes tortiously interfered with Plaintiff's employment contract, Plaintiff must establish (1) the existence of a contract between him and another party; (2) that Rhodes knew of that relationship; (3) that Rhodes intended to interfere with that relationship; (4) that the interference was tortious; and (5) that as a result of the interference, Plaintiff suffered actual loss. Appleton v. Board of Ed., 254 Conn. 205, 212-13 (2000).

Relevant evidence is limited to that "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Fed. R. Ev. 401. Therefore, only evidence tending to prove or disprove that Rhodes knowingly made a false statement to The Hartford on January 21, 2002 is relevant to Plaintiff's claims against Rhodes. Evidence regarding communications in March 2002 is not relevant to this inquiry.

4

**C. Evidence Of Interactions Between Rhodes and Plaintiff After The Termination Of Plaintiff's Employment Should Be Excluded Because Any Probative Value Is Substantially Outweighed By The Danger Of Unfair Prejudice, Confusion Of The Issues, Or Misleading The Jury.**

Even if the Court were to determine that evidence of interactions between Plaintiff and Rhodes after January 23, 2002 is relevant, this evidence should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues and the potential to mislead the jury.  See Williams v. Drake, 146 F.3d 44, 48 (1st Cir. 1998) (holding that Rule 403 "constitutes a tool that a trial judge can use to keep a jury's attention riveted on the dispositive issues" and, therefore, the court excluded evidence which "could well have created an unwarranted sideshow"); see also United States v. Hitt, 981 F.2d 422, 424 (9th Cir. 1992) (holding that "[w]here the evidence is of slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury").

In this case, the risk of unfair prejudice, confusion of the issues and misleading the jury are great, while there is little or no probative value of evidence related to events after January 23, 2002.[1]

---

[1] If the Court determines that evidence of events that occurred after January 23, 2002 is generally admissible, Rhodes will seek to have this evidence excluded on other grounds, including those set forth in her motion to strike Plaintiff's affidavit that was filed in conjunction with his opposition to the motion for summary judgment.

In opposition to Rhodes' motion for summary judgment, Plaintiff sought to introduce the following evidence:

1. Letter from Rhodes to Shorter dated March 1, 2002;

2. Tape recording of a conversation between Rhodes and Shorter that occurred on March 22, 2002;

3. Tape recording of a conversation between Rhodes and Shorter that occurred on March 27, 2002;

4. Tape recordings of voice mail messages left by Rhodes for Shorter on or after March 22, 2002; and

5. Transcripts of a hearing that occurred in August 2002 in which Shorter sought a restraining order against Rhodes.

If this evidence is deemed admissible, Rhodes will seek to introduce testimony and evidence explaining the communications that took place in March 2002 and thereafter, so that the jury will have a balanced picture of her interactions with Plaintiff. This information will include:

1. Testimony from Rhodes and her former supervisor at The Hartford regarding numerous telephone calls received on Rhodes' phone at work immediately following Plaintiff's termination and continuing through February 2002;

2. Testimony that Plaintiff knew who was making these harassing calls;

3. Rhodes testimony that she initially contacted Plaintiff in March 2002 in order to make amends so that the harassing phone calls would stop;

4. Plaintiff's testimony admitting that he met with Rhodes in his car on March 22, 2002 and on March 27, 2002 in order to obtain statements from Rhodes that would be helpful to him in litigation regarding the termination of his employment with The Hartford;

5. Plaintiff's testimony that he secretly recorded these meetings with Rhodes;

6

6. Testimony from both Plaintiff and Rhodes that during one of these meetings in March 2002, the two resumed their sexual relationship;

7. Rhodes' testimony that the reason she called Plaintiff during the period from March 22 through March 27, 2002 was that she thought they were resuming their relationship because they had resumed their sexual relationship;

8. Rhodes' testimony that she became pregnant with Plaintiff's child after meeting with him in March 2002;

9. Rhodes' and Plaintiff's testimony that Rhodes contacted Plaintiff repeatedly during April and thereafter regarding the pregnancy and that Plaintiff refused to discuss the situation with Rhodes; and

10. Rhodes testimony that after she repeatedly tried to discuss her pregnancy with Plaintiff, he pursued a restraining order against Rhodes.

As titillating as the jury might find all of this testimony – including the story of sex in a car, secret tape recordings, and a dispute over who fathered Rhodes' child – it will only serve as a side show, resulting in unfair prejudice, confusion of the issues and the potential to mislead the jury. The issues regarding Rhodes' January 21, 2002 statement to The Hartford relate to the veracity of her statement and her motivation for making the statement to The Hartford on that day. Interactions that occurred two months after Rhodes made the statement to The Hartford are not relevant to those issues and it is highly likely that the jury would get caught up in the March intrigue, resulting in confusion and prejudice.

### III.   CONCLUSION

For the foregoing reasons, the Court should grant the motion to exclude evidence of the interactions between Plaintiff and Rhodes that occurred after the termination of his employment on January 23, 2002.

**DEFENDANT,**
**MARYANNE RHODES**

By_____
   David L. Metzger, Esq. (ct02035)
   Metzger & Associates
   25 Capitol Avenue
   Hartford, CT  06106
   (860) 549-5026

**CERTIFICATION OF SERVICE**

This is to certify that a copy of the foregoing was sent via first class mail, postage prepaid, on this 29th day of September 2004, to the following counsel of record:

Rachel M. Baird
Law Office of Rachel M. Baird
379 Prospect Street
Torrington, CT 06790

Margaret J. Strange
James F. Shea
Jackson Lewis LLP
55 Farmington Avenue, Suite 1200
Hartford, CT  06105

_____
David L. Metzger