UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FERRON SHORTER, JR., | : | |
| | : | |
| Plaintiff | : | CASE NO. 3:03CV0149(WIG) |
| | : | |
| v. | : | |
| | : | |
| HARTFORD FINANCIAL SERVICES | : | |
| GROUP, INC., et al., | : | November 8, 2004 |
| | : | |
| Defendants. | : | |

**<u>DEFENDANT MARYANNE RHODES' MEMORANDUM IN REPLY TO
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE</u>**

**I.      INTRODUCTION**

Defendant MaryAnne Rhodes ("Rhodes") submits this memorandum in reply to plaintiff's opposition to the motion in limine ("Opposition"). In particular, in her motion in limine, Rhodes seeks to exclude evidence of events that occurred after January 23, 2002, the date of plaintiff's termination from The Hartford. In the event Rhodes' motion is not granted, she may move to exclude such evidence on other grounds as part of the trial memorandum.

**II.     DISCUSSION**

In his Opposition, defendant argues that evidence of interactions between Rhodes and Shorter in March of 2002 and thereafter is probative of whether or not:  (1) Rhodes was truthful in the written statement she made to The Hartford

on January 21, 2002; and (2) Rhodes had a motivation to lie in the January 21, 2002 statement.[1]

In his Opposition, plaintiff indicates that he will seek to introduce the following evidence of interactions with Rhodes that occurred in or after March 2002:

1. A type-written, undated letter, purportedly from Rhodes to plaintiff (Opposition, Exhibit 5);

2. Partial transcript of a hearing dated August 5, 2002 (Opposition, Exhibit 6);

3. Tape recordings made by plaintiff allegedly of voice mail messages left on plaintiff's answering machine and/or voice mail by Rhodes in March 2002; and

4. Tape recordings plaintiff alleges to have secretly made of conversation he had with Rhodes on two occasions in March 2002.

## The Letter

The letter attached to plaintiff's Opposition as Exhibit 5 is not probative of the issues in the case against Rhodes – namely that Rhodes' statement to The Hartford was false. There is nothing in the letter that refers to Rhodes' August 21, 2002 statement or that in any way, relates to the content of that statement.

---

[1] The remainder of plaintiff's arguments are focused on The Hartford's motion in limine and motion for separate trials.

2

Moreover, Rhodes does not say in the letter that she was jealous of plaintiff's relationships with other women. Rather, she says that she can not understand his being jealous of her when he was already involved with another woman. As stated in Rhodes' memorandum in support of her motion in limine, allowing this evidence is not probative and will distract the jury from the real issues in this case.

### Transcript of August 5, 2002 Hearing

Plaintiff also plans to introduce Rhodes' testimony at the August 2002 hearing as evidence that Rhodes was untruthful in her January 21, 2002 statement to The Hartford. In particular, he points to the following testimony. In response to the question "Has Mr. Shorter ever physically abused you?" Rhodes said, "No. I mean other then – he had bruised my arms before, when we were together."

First, this statement is absolutely consistent with Rhodes' January 21, 2002 written statement to The Hartford. In that statement, the only injury Rhodes claimed she received as a result of physical contact with plaintiff were bruises on her arms. In her statement to The Hartford, Rhodes did not claim that plaintiff "physically abused" her. Rather she said that he bruised her arms and once kicked her. The transcript of the hearing is not probative as to the truth of Rhodes' statement on January 21, 2002. However, it would be prejudicial and confuse or distract the jury.

3

The August 2002 hearing occurred after Rhodes tried to contact plaintiff about her pregnancy. Plaintiff refused to acknowledge the pregnancy and filed for a restraining order. The hearing was held in August 2002 and was totally unrelated to the events in January 2002.

Plaintiff also seeks to offer the transcript of his testimony at the same hearing when he allegedly explained the reason for his actions during the weekend of January 18, 2002. Plaintiff will have an opportunity to testify under oath at trial where he can explain the reasons for his actions in person. The transcript of his testimony in August 2002 would be repetitive and its prejudicial effect would outweigh its probative value.

### **Tape Recordings**

Setting aside issues regarding the authenticity and completeness of these tape recordings, the court should exclude this evidence because the prejudicial affect would far outweigh any probative value. If Rhodes makes statements under oath at trial that contradict statements she made in other conversations with plaintiff, he will be able to cross-examine her on those contradictory statements. However, in order to provide a context for tape recordings of communications between Rhodes and plaintiff, evidence will need to be presented about the numerous phone calls Rhodes received at work after plaintiff's termination. Rhodes will also offer testimony about plaintiff having sex with her in a car on one of the

days when he secretly taped his conversation with Rhodes. There will also be testimony about Rhodes' pregnancy, plaintiff's reaction – denial and refusal to discuss it -- and the hearing on the restraining order. None of this has any bearing on the two issues for which plaintiff seeks to offer this evidence – namely the truthfulness of Rhodes' statement on January 21, 2002 and Rhodes' motivation for making the statement at that time. Moreover, all of this intrigue is prejudicial and will distract the jury from the real issues in this case.

### III.   CONCLUSION

The tale of secret tape recordings, sex, pregnancy and restraining orders would be an intriguing and distracting story. It is precisely for this reason that this evidence should be excluded at trial. For the reasons set forth in Rhodes' memorandum of law in support of its motion in limine and those set forth above, the court should exclude evidence of interactions with Rhodes that occurred after January 23, 2002.

**DEFENDANT,**
**MARYANNE RHODES**


By_____
David L. Metzger, Esq. (ct02035)
Metzger & Associates
25 Capitol Avenue
Hartford, CT  06106
(860) 549-5026

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was sent via first class mail, postage prepaid, this 8th day of November 2004, to:

>Margaret J. Strange, Esq.
>Jackson Lewis LLP
>55 Farmington Avenue, Suite 1200
>Hartford, CT 06105
>
>Rachel M. Baird
>Law Office of Rachel M. Baird
>379 Prospect Street
>Torrington, CT 06790-5239

_____
David L. Metzger, Esq.