UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FERRON SHORTER JR. | : |
|     Plaintiff, | : |
| | : |
| | :    CIVIL NO.: 303 CV 0149(WIG) |
| v. | : |
| | : |
| HARTFORD FINANCIAL SERVICES GROUP, | : |
| INC. and MARYANNE RHODES | : |
|     Defendants. | :    NOVEMBER 9, 2004 |
| | : |

## DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO BIFURCATE

Pursuant to Local Rule 7(d) of this Court, Hartford Financial Services Group, Inc. ("The Hartford") hereby submits its Reply Memorandum in Support of its Motion to Bifurcate. In its Motion to Bifurcate, The Hartford moved to bifurcate Plaintiff's claims against it and Defendant Maryanne Rhodes ("Ms. Rhodes") into separate trials. The claims against The Hartford and Ms. Rhodes should be bifurcated because: 1) separate trials will prevent prejudice to The Hartford; and 2) separate trials will be more convenient and economical for the parties and the Court and will avoid jury confusion.

Plaintiff's claims against Ms. Rhodes for tortious interference with contract and defamation involve detailed evidence of their personal relationship which is irrelevant to Plaintiff's claims of wrongful termination against The Hartford. The admission of this evidence in a consolidated trial will prejudice The Hartford's defense by introducing inflammatory, post-termination statements by Ms. Rhodes which may be relevant to Plaintiff's claims against her, but which are irrelevant to his claims against The Hartford. The admission of this evidence may

1

also confuse the jury in its consideration of the separate issues of Ms. Rhodes' alleged liability and The Hartford's alleged liability. Plaintiff's claims against Ms. Rhodes and The Hartford also require proof of different facts which, for the most part, do not overlap. The introduction of large amounts of evidence regarding Plaintiff's personal relationship with Ms. Rhodes is unnecessary to the resolution of Plaintiff's claims against The Hartford and can only delay the resolution of this matter and confuse the jury.

In his Memorandum in Opposition to Defendant Hartford Financial Services Group's Motion to Bifurcate and Motion in Limine and Defendant Maryanne Rhodes' Motion in Limine ("Opposition"), Plaintiff provides no legitimate basis for conducting a single trial of his claims against both The Hartford and Ms. Rhodes. Plaintiff also fails to substantively address any of issues raised in The Hartford's Motion to Bifurcate.[1]  Instead, Plaintiff asserts in conclusory fashion that bifurcation will prejudice him and suggests that evidence supporting his claims against Ms. Rhodes, even if prejudicial to The Hartford, should be submitted for consideration to the jury. These claims, which are bereft of any legal or factual analysis, should be rejected and The Hartford's Motion to Bifurcate should be granted.

I.     ANALYSIS

Plaintiff's Opposition to The Hartford's Motion to Bifurcate is premised on a flawed understanding of The Hartford's Motion to Bifurcate and consists almost entirely of conclusory statements. For example, Plaintiff states that bifurcation would prejudice him, but fails to state how or why. (Pl. Opp., p. 13.) Instead, he speculates that if his claims against The

---

[1]  In his Opposition, Plaintiff combined his objection to The Hartford's Motion in Limine and Motion to Bifurcate and his objection to Maryanne Rhodes' Motion in Limine. The Hartford's Reply Memorandum is limited to issues raised in Plaintiff's Opposition and does not address issues raised in its Motion in Limine, but not addressed or refuted in Plaintiff's Opposition. D. Conn. L. Civ. R. 7(d).

Hartford and Ms. Rhodes were brought separately, they would be subject to consolidation. This observation, even if true (which The Hartford disputes), does not establish prejudice.

Plaintiff also states that bifurcation will prevent the fact-finder from considering probative evidence from which it could draw reasonable inferences, but fails to identify this supposed evidence or explain how bifurcation will limit the introduction of evidence at trial. (Pl. Opp., p. 13.) The Hartford's Motion to Bifurcate does not seek to prevent the jury from considering relevant, probative evidence. Evidence which may be relevant to Plaintiff's claims against Ms. Rhodes, such as their post-termination communications, the details of their romantic relationship, and the circumstances of Plaintiff's August 2002 restraining order, may be admitted into evidence, subject to the Rules of Evidence and the Court's discretion, in Plaintiff's trial against Ms. Rhodes. Such evidence, however, has no place in Plaintiff's wrongful termination case and should not be part of Plaintiff's trial against The Hartford. The Hartford's Motion to Bifurcate seeks separate trials of Plaintiff's claims to allow the introduction of this, and other evidence, which may be admissible only against Ms. Rhodes, while simultaneously avoiding the risk of prejudice, judicial inefficiency and jury confusion caused by the introduction of this evidence into Plaintiff's trial against The Hartford.

Finally, Plaintiff does not substantively address either of the main arguments raised in The Hartford's Motion to Bifurcate. First, Plaintiff does not refute that bifurcation will avoid prejudice to The Hartford. Negation of prejudice is an appropriate grounds for bifurcated trials. Fed. R. Civ. Pro. 42(b). Plaintiff does not contend that the introduction of evidence supporting his claims against Ms. Rhodes, including evidence of his post-termination communications with her, will not prejudice The Hartford. Plaintiff asserts instead that "avoiding the evidence through bifurcation is contrary to the idea of a trial which is to confront

3

the evidence and argue the case to the fact-finder." (Pl. Opp., p. 14.) Plaintiff's claim ignores: 1) that prejudice is a legitimate grounds for bifurcation; and 2) The Hartford's Motion to Bifurcate does not seek to preclude the introduction of evidence at trial. Evidence relevant to Plaintiff's claims against Ms. Rhodes is admissible in his trial against Ms. Rhodes. In essence, Plaintiff suggests that the Court should ignore the prejudice to The Hartford inherent in a single trial and simply let the jury figure out the distinct liability issues in this case with the benefit of cross-examination by counsel.

Second, Plaintiff does not dispute that his claims against The Hartford and Ms. Rhodes are based on different evidence and legal standards and that bifurcation will expedite these proceedings and avoid jury confusion. Bifurcation under Rule 42 is appropriate where the presentation of divergent evidence and standards might result in judicial inefficiency and jury confusion. Fed. R. Civ. Pro. 42(b); Ismail v. Cohen, 706 F. Supp. 243, 251 (S.D.N.Y. 1989), aff'd, 899 F.2d 183 (2d Cir. 1990). Once again, rather than substantively address these issues, Plaintiff instead suggests that the Court should ignore the disparate factual basis for his claims against The Hartford and Ms. Rhodes, forget about the risk of jury confusion and simply submit the case for consideration to the jury.

4

II.    <u>CONCLUSION</u>

      For the foregoing reasons, Defendant's Motion to Bifurcate should be granted.

                                        DEFENDANT,
                                        HARTFORD FINANCIAL SERVICES
                                        GROUP, INC.

                              By:    _Margaret J. Strange_
                                        Margaret J. Strange (ct08212)
                                        James F. Shea (ct16750)
                                        Jackson Lewis LLP
                                        55 Farmington Avenue, Suite 1200
                                        Hartford, CT  06105
                                        Phone: (860) 522-0404/Fax: (860) 247-1330
                                        email: strangem@jacksonlewis.com
                                        email: sheaj@jacksonlewis.com

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was sent via first class mail, postage

prepaid, on this 9th day of November 2004, to the following counsel of record:

> Rachel M. Baird
> Law Office of Rachel M. Baird
> 379 Prospect Street
> Torrington, CT 06790
> (860) 626-9991
> Attorney for Plaintiff

> David L. Metzger
> Metzger & Associates
> 25 Capitol Avenue
> Hartford, CT 06106-1707
> Ph. (860) 549-5026
> Attorney for Defendant Maryanne Rhodes

Margaret J. Strange

H:\Client Folder\H\The Hartford\Shorter\Trial\Motion to Bifurcate Trial Reply Memo DOC
64532

6