```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

FERRON SHORTER, JR.,                  :

    Plaintiff,                        :

        vs.                           : No. 3:03CV0149(WIG)

HARTFORD FINANCIAL SERVICES           :
GROUP, INC., and MARYANNE
RHODES,                               :

    Defendants.                       :
-----------------------------------X
```

**Ruling on Defendant's Motion in Limine [Doc. # 90]**

Defendant Hartford Financial Services Group, Inc., ("The Hartford"), has moved in limine to exclude evidence of communications between plaintiff, Ferron Shorter, Jr., and defendant, Maryanne Rhodes, following the termination of plaintiff's employment on January 23, 2002.  The evidence consists of (1) voice mail messages Ms. Rhodes left with plaintiff between March 22 and 28, 2002, (2) two conversations that plaintiff tape-recorded on March 22 and 27, 2002, and (3) a restraining order plaintiff obtained against Ms. Rhodes in August 2002.

At the time this motion in limine was filed, the Court had not bifurcated the trial of plaintiff's claims against The Hartford from plaintiff's claims against Ms. Rhodes.  The Court has now granted bifurcation and will treat this motion only as pertaining to the first phase of the trial against The Hartford.

**Discussion**

1.  Voice Mail Messages from Ms. Rhodes to Plaintiff

The Hartford asks the Court to exclude nine voice mail messages that Ms. Rhodes left for plaintiff, following his termination, in which she indicates an interest in resuming their personal relationship, calls him "Sweetie" and "Sweetstuff," and tells him that she loves him.  It contends that these messages are irrelevant to plaintiff's wrongful termination claims against The Hartford and will only confuse the jury.  Plaintiff argues that these messages show that Ms. Rhodes lied in her statements to Lisa Anderson, a consultant in The Hartford's Equal Opportunity Office, and are relevant to plaintiff's claims that the investigation conducted by The Hartford was biased and was not conducted in good faith.

The Court agrees with The Hartford that these messages have no relevance to the issue of The Hartford's termination decision or the alleged harassment of plaintiff while he was employed by The Hartford.  See Caruso v. Siemens Business Communications Systems, Inc., 392 F.3d 66, 68 n.3 (2d Cir. 2004).  These messages were left two months after plaintiff was terminated; they were left by someone who was not a decision-maker in the termination process; and there are countless explanations as to why Ms. Rhodes may have left these messages, which could result in speculation and confusion of the jury.  As suggested by The

Hartford, the interactions between plaintiff and Ms. Rhodes following his termination are "a sideshow which can only distract and confuse the jury with respect to plaintiff's discrimination claims against The Hartford."  (Def.'s Reply Br. at 4 n.2.)

The only claims asserted by plaintiff that concern post-termination events are his claims of retaliation when Bob Begley, an employee at The Hartford, called plaintiff and threatened to arrest him if he did not stop calling Ms. Rhodes at work.  The phone messages from Ms. Rhodes have no bearing on this claim.

The case of <u>Liberty Environmental Systems, Inc. v. County of Westchester</u>, No. 94 CIV. 7431, 2000 WL 134403 (S.D.N.Y. Sept. 15, 2000), cited by plaintiff, is distinguishable.  There, the court admitted evidence of post-contract behavior <u>by the defendant</u> as probative of <u>the defendant's</u> pre-contract discriminatory <u>intent</u>.  Here, however, there is no basis for imputing the statements of Ms. Rhodes to The Hartford.  Indeed, there is nothing to indicate that The Hartford had any knowledge of these statements and, thus, they are not probative of The Hartford's "pre-termination discriminatory manipulation of the investigation," as plaintiff urges. (Pl.'s Mem. at 7.)

Accordingly, the Court grants the motion in limine and will exclude evidence of these phone messages under Rules 402 and 403, F.R.E.

### 2. Tape-Recorded Conversations with Ms. Rhodes

The next evidence The Hartford asks the Court to exclude is two tape-recorded conversations between plaintiff and Ms. Rhodes on March 22 and 27, 2002, again three months after his termination. These tape-recordings include Ms. Rhodes' opinion that plaintiff would not have been terminated if he were white.

Plaintiff cites case-law holding that stray remarks by non-decision-makers are admissible evidence of discrimination. That is true in appropriate circumstances, but here, these statements by Ms. Rhodes were made two months after plaintiff's termination, they were made by someone who was not involved in the decision-making process, and they are merely expressions of her personal opinion, which might or might not have been motivated by her stated desire to re-kindle her relationship with plaintiff. Any possible relevance of these tape recordings is clearly outweighed by their prejudicial effect. Additionally, plaintiff has failed to lay a foundation for the basis of Ms. Rhodes' opinion that plaintiff would not have been fired if he were white.

Thus, the Court grants The Hartford's motion in limine to exclude this evidence.

### 3. Plaintiff's Restraining Order

Last, The Hartford seeks to exclude evidence of a restraining order obtained by plaintiff against Ms. Rhodes in August 2002, based upon lack of relevance. Plaintiff argues

again that this evidence shows that Ms. Rhodes was not truthful in her statement to Ms. Anderson in January 2002.  Even assuming that Ms. Rhodes' statements to Ms. Anderson were outright lies, the fact that plaintiff obtained a restraining order against her eight months later is not relevant to The Hartford's termination decision.

### Conclusion

For the reasons set forth above, The Hartford's Motion in Limine is granted.  The Court's ruling in this regard, however, does not prevent the introduction of this evidence, if appropriate, on rebuttal or for impeachment purposes or at the second phase of the trial against Ms. Rhodes.

SO ORDERED, this <u>12th</u> day of January, 2005, at Bridgeport, Connecticut.

```
            _____/s/_____
            WILLIAM I. GARFINKEL,
            United States Magistrate Judge
```