UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

————————————————————————

FERRON SHORTER JR.
    Plaintiff,

v.

HARTFORD FINANCIAL SERVICES GROUP,
INC. and MARYANNE RHODES
    Defendants.

CIVIL NO.: 303 CV 0149(WIG)

JANUARY 12, 2005

————————————————————————

## PARTIES' JOINT TRIAL MEMORANDUM

Pursuant to the Court's Order of August 26, 2004 and the Standing Order Regarding Trial Memoranda in Civil Cases, the parties respectfully submit their Joint Trial Memorandum in connection with the above-referenced matter.

1.     **Trial Counsel**

    A.     For Plaintiff Ferron Shorter:

        Rachel M. Baird (ct12131)
        Law Office of Rachel M. Baird
        379 Prospect Street
        Torrington, CT 06790-5239
        Tel: (860) 626-9991

    B.     For Defendant Hartford Financial Services Group, Inc.:

        Margaret J. Strange (ct08212)
        James F. Shea (ct16750)
        Jackson Lewis LLP
        55 Farmington Avenue, Suite 1200
        Hartford, CT  06105
        Tel: (860) 522-0404

1

2.    **Jurisdiction**

Plaintiff contends that this Court has jurisdiction over this action pursuant to 28 U.S.C. §

1331, 28 U.S.C. § 1343(a)(4), 42 U.S.C. § 2000e-5(f)(3), 42 U.S.C. § 2000e-5(k) and 42 U.S.C.

§ 1988.    Plaintiff further contends that the Court has supplemental jurisdiction over his

Connecticut statutory and common law claims under 28 U.S.C. § 1367.

3.    **Jury/Non-Jury Trial**

Plaintiff has requested a trial by jury.

4.    **Nature of Case**

Plaintiff alleges the following causes of action:

    Count 1: Sexual harassment in violation of Title VII;
    Count 2: Race and sex discrimination in violation of Title VII;
    Count 3: Violation of 42 U.S.C. § 1981;
    Count 4: Retaliation in violation of Title VII;
    Count 5: Retaliation in violation of 42 U.S.C. § 1981;
    Count 6: Race and sex discrimination in violation of the Fair Employment Practices Act;
    Count 7: Retaliation in violation of CFEPA;
    Count 8: Intentional infliction of emotional distress;
    Count 9: Negligent infliction of emotional distress;
    Count 10: Breach of implied covenant of good faith and fair dealing;
    Count 11: Tortious interference with contract (against Mary Anne Rhodes only);
    Count 12: Defamation (against Mary Anne Rhodes only);
    Count 13: Invasion of privacy.

5.    **Stipulations of Fact**

    A.    Mr. Shorter commenced employment with The Hartford in 1989.

    B.    Mr. Shorter was discharged on January 23, 2002.

    C.    In approximately June 2001, Mr. Shorter and Ms. Rhodes, who was also employed

at The Hartford, commenced a romantic relationship.  Ms. Rhodes and Mr. Shorter did not work

together.

2

D.  During the period of June 2001 to November 2001, Mr. Shorter and Ms. Rhodes regularly met in the cafeteria at The Hartford.  They also spoke to each other regularly on the phone and exchanged email.

E.  Ms. Rhodes contacted The Hartford's Office of Equal Opportunity Development on January 21, 2002 to file a complaint concerning Plaintiff.

F.  After meeting with Ms. Rhodes, Ms. Anderson began to investigate Ms. Rhodes' complaint.

G.  Ms. Anderson contacted Ms. Rhodes' supervisor, Brian Vadney, who confirmed that Ms. Rhodes had contacted him Friday evening to ask him to leave any messages for her at her hotel since she could not access her voice mail.

H.  In the course of the investigation, Ms. Anderson obtained Ms. Rhodes' flight records to Florida, Ms. Rhodes' voice mail records indicating the number of times her voice mail was accessed, and when her password was changed, and building security records which showed that Plaintiff had been at work for a few hours on Saturday morning and that he returned to work for approximately eight minutes that afternoon.

I.  Ms. Rhodes' voice mail indicated that her voice mail was accessed more than 40 times between 3:00 P.M. on Friday, January 18, 2002, and 1:30 A.M. on Monday, January 21, 2002.  The records also indicated that her password was changed at 5:01 P.M. and 5:18 P.M. on January 18, 2002 and that her password was changed an additional two times during the weekend.

J.  The records also showed that several messages were deleted from M. Rhodes' voice mail.

3

K.   On Wednesday, January 23, 2002, Ms. Anderson contacted Jack Jacewicz, Director for the Department of Special Investigations, to discuss coordinating an investigation into the matter.

L.   Mr. Jacewicz assigned the matter to an Investigator, Richard Wardell, to investigate.

M.   As part of his investigation, Mr. Wardell interviewed Ms. Rhodes and reviewed her statement.

N.   Mr. Wardell also interviewed Mr. Shorter and obtained a written statement, under oath, from Mr. Shorter.

O.   Plaintiff admitted to Mr. Wardell that he accessed Ms. Rhodes voice mail ten to fifteen times over the weekend and that he changed her password twice.

P.   As part of his investigation, Mr. Wardell requested a criminal background check on Mr. Shorter.

Q.   On January 23, 2002, Jennifer Ames met with Mr. Shorter and notified him that his employment was terminated.

R.   During their meeting, Ms. Ames told Mr. Shorter that he was not allowed to go back to his desk.  Ms. Ames obtained Mr. Shorter's personal items for him and Mr. Shorter was escorted out of the building by a security officer.

S.   On or about April 9, 2002, Robert Begley, Manager of Physical Security, contacted Mr. Shorter regarding hang-up calls Ms. Rhodes had received at work.  At the time he contacted Mr. Shorter, Mr. Begley was unaware of any correspondence sent by Attorney Baird to Jennifer Ames, The Hartford's Legal Department or any other individual at The Hartford.

6.     **Plaintiff's Contentions**

Plaintiff will submit his contentions at a later date subject to the Court's discretion.

4

7.    **Defendant's Contentions**

The Hartford contends that Mr. Shorter was terminated after he admitted violating company policy during an investigation into a complaint filed by Mary Anne Rhodes against Mr. Shorter on January 21, 2002. In her complaint, Ms. Rhodes stated that Mr. Shorter was a former boyfriend with whom she lived in 2001. She stated that she had provided Mr. Shorter with her voice mail password during the course of their relationship, but that during the previous weekend, Mr. Shorter had accessed her voice mail account and changed her password making it impossible for her to check her messages at work. Ms. Rhodes further stated that she feared Mr. Shorter because he had physically abused her, threatened her, threatened members of her family and had shown her a gun.

During The Hartford's investigation, Mr. Shorter admitted that he accessed Ms. Rhodes' voice mail account and changed her voicemail password. The Hartford also determined that Mr. Shorter deleted messages from Ms. Rhodes' voice mail account. The Hartford concluded that the overall circumstances of Mr. Shorter's conduct, including his admission that he violated the company's Electronic Communications Policy and his potential threat of violence in the workplace, warranted his termination of employment.

The Hartford contends that Mr. Shorter's race and sex were not in any way related to its decision to terminate Mr. Shorter's employment. The Hartford further denies that Mr. Shorter was sexually harassed or that it disregarded his alleged complaint of sexual harassment. The Hartford denies that it retaliated against Mr. Shorter, that it negligently or intentionally inflicted emotional distress upon Mr. Shorter, that it breached an implied covenant of good faith and fair dealing or that it invaded Mr. Shorter's privacy. The Hartford also contends that Mr. Shorter was employed at-will and could be terminated at any time.

**8.    Legal Issues**

A.    Whether Plaintiff can establish, as a matter of law, that he experienced a sexually hostile work environment.

B.    Whether Plaintiff was, as a matter of law, similarly situated to Ms. Rhodes.

C.    Whether Mr. Begley's alleged threat to have Plaintiff arrested in April 2003 constitutes an adverse employment action under Title VII or the Connecticut Fair Employment Practices Act.

D.    Whether Mr. Begley's alleged threat to have Mr. Shorter arrested in April 2003 states a claim under 42 U.S.C. § 1981.

E.    Whether Plaintiff can establish, as a matter of law, the existence of extreme and outrageous conduct sufficient to support a claim of intentional infliction of emotional distress.

F.    Whether Plaintiff can establish, as a matter of law, that The Hartford engaged in unreasonable conduct in the termination process.

G.    Whether The Hartford is entitled to judgment on Plaintiff's claim for invasion of privacy because its representations to the Commission on Human Rights and Opportunities were absolutely privileged.

**9.    Voir Dire Questions**

A.    Plaintiff will submit his proposed Voir Dire questions at a later date subject to the Court's discretion.

B.    The Hartford's proposed Voir Dire questions are attached as Exhibit A.

10.    **List of Witnesses**

    A.    Plaintiff's List of Witnesses

    1.    Ferron Shorter Jr.

        Anticipated Duration of Direct Examination:  3 hours

        Subject matter of testimony:  Plaintiff Ferron Shorter Jr. intends to testify regarding his work history at The Hartford; his relationship with his colleagues at The Hartford; his relationship with Mary Anne Rhodes ("Rhodes"); Rhodes' acts of harassment toward Plaintiff; the weekend of January 18, 2002, through January 20, 2002; Plaintiff's report of Rhodes' harassment on January 19, 2002; The Hartford's investigation on January 23, 2002; Plaintiff's contacts with The Hartford following his termination on January 23, 2002; Plaintiff's emotional distress during the investigation, termination, and search for employment; Plaintiff's move from Connecticut; Plaintiff's monetary damages; Rhodes' contacts with Plaintiff following his termination; the August 5, 2003, hearing on Plaintiff's restraining order against Rhodes; E-mails and voice mails from Rhodes' to Plaintiff's work E-mail and voice mail at The Hartford; criminal conviction history.

    2.    Cheryl Harris

        Anticipated Duration of Direct Examination:  45 minutes

        Subject matter of testimony:  Knowledge of threat made by Rhodes that Plaintiff would not have a desk when he returned to work on Tuesday, January, 22, 2002 and phone calls during weekend of January 18, 2002, through January 20, 2002; Plaintiff's relationship with Rhodes.

    3.    Officer Hammock

        Badge No. 55, Vernon Police Department

        Anticipated Duration of Direct Examination:  20 minutes

        Subject matter of testimony:  Knowledge of The Hartford's and Rhodes to the police station on January 23, 2002; The Hartford's discussion of Plaintiff's record of criminal convictions at police station; statements by The Hartford and Rhodes regarding reason for visit to police station; process of obtaining restraining order; Connecticut General Statutes, § 53a-182, § 53a-181a, and 53a-62.

4.     Sharon Courey

Hartford Financial Services Group, Inc.

Anticipated Duration of Direct Examination:  20 minutes

Subject matter of testimony:  Disciplinary action taken by The Hartford against Rhodes.

5.     Mary Anne Rhodes

Anticipated Duration of Direct Examination:  2 hours

Subject matter of testimony:  Knowledge of relationship with Plaintiff, visits to Plaintiff's work station, phone calls to Plaintiff at his work station, E-mails to Plaintiff on employer's E-mail system, distribution of password to Plaintiff, discipline received as a result of distributing password and using employer telephone and E-mail for personal reasons, circumstances of statement provided to Lisa Anderson, allegations of violent behavior against Plaintiff, allegation that Plaintiff showed a gun; contact with Plaintiff following Plaintiff's termination.

6.     Maurice P. Kuck

602 Park Road, West Hartford, CT

Anticipated Duration of Direct Examination:  1 hour

Subject matter of testimony:  Knowledge of Plaintiff's work performance; demeanor, harassment toward Plaintiff by Mary Anne Rhodes; The Hartford's policies; meetings with Mary Jane Johnson following Plaintiff's termination; statement to Department of Special Investigations on February 8, 2002; Kuck's work history and termination from The Hartford.

7.     Nancy Bieniek

Hartford Financial Services Group, Inc.

Anticipated Duration of Direct Examination:  30 minutes

Subject matter of testimony:  Knowledge of workplace incidents between two employees who were disruptive toward each other.  Plaintiff was asked to move his desk to a less desirable location in order to separate the disruptive employees.

B.    The Hartford's List of Witnesses

1.    Lisa Anderson

The Hartford, Hartford Plaza, 690 Asylum Avenue, Hartford, CT  06115.

Ms. Anderson will testify to her discussion with Maryanne Rhodes on January 21, 2002 and her investigation of Ms. Rhodes' complaint against Plaintiff.  She will testify to her communications with Richard Wardell and Jennifer Ames and her investigation of Mr. Shorter's claim that Ms. Rhodes' harassed him.  Ms. Anderson will also testify to the decision that Mr. Shorter's conduct warranted his termination.

2.    Jennifer Ames

The Hartford, Hartford Plaza, 690 Asylum Avenue, Hartford, CT  06115.

Ms. Ames will testify to her communications with Ms. Anderson and Mr. Wardell.  She will testify to the investigation of Ms. Rhodes' complaint against Plaintiff and the conclusion that Plaintiff's conduct warranted his termination.

3.    Jack Jacewicz

The Hartford, Hartford Plaza, 690 Asylum Avenue, Hartford, CT  06115.

Mr. Jacewicz will testify to the function of the Department of Special Investigations, his discussions with Ms. Anderson and his department's investigation of Ms. Rhodes' complaint.

4.    Richard Wardell

The Hartford, Hartford Plaza, 690 Asylum Avenue, Hartford, CT  06115.

Mr. Wardell will testify to his investigation of Ms. Rhodes' complaint, his interviews of Ms. Rhodes and Plaintiff, the circumstances surrounding Plaintiff's written statement, the criminal background check he performed on Plaintiff and the contents of the DSI report he prepared.

5.    Robert Begley

The Hartford, Hartford Plaza, 690 Asylum Avenue, Hartford, CT  06115.

Mr. Begley will testify with respect to the complaint he received from Ms. Rhodes about harassing phone calls she was receiving at work.  Mr. Begley will testify to his phone call to Plaintiff in April 2002.

6.    <u>Sharon Courey</u>

  The Hartford, Hartford Plaza, 690 Asylum Avenue, Hartford, CT 06115.

Ms. Courey will testify to the warning issued to Mary Anne Rhodes on January 25, 2002.

7.    <u>John Leone</u>

  The Hartford, Hartford Plaza, 690 Asylum Avenue, Hartford, CT 06115.

  Mr. Leone will testify to The Hartford's procedures regarding conducting background checks and the documentation obtained regarding Plaintiff's criminal background.

8.    <u>David Jimenez</u>

  The Hartford, Hartford Plaza, 690 Asylum Avenue, Hartford, CT  06115.

  Mr. Jimenez will testify to his discussions with Ms. Anderson, his referral of Ms. Rhodes' complaint to DSI and the circumstances leading to the decision to discharge Plaintiff.

9.    <u>Rachel Baird</u>

  Law Office of Rachel M. Baird, 379 Prospect Street, Torrington, CT 06790-5239.

  Ms. Baird will testify regarding her communications with The Hartford following Plaintiff's termination which constitute the protected conduct on which Plaintiff's retaliation claims are based.

  The Hartford reserves the right to call any of the witnesses identified by Plaintiff in his witness list. The Hartford reserves the right to amend its witness list to call additional witnesses, if necessary, to defend itself against Plaintiff's claims and any testimony offered by Plaintiff's witnesses. The Hartford also reserves the right to call additional witnesses, not identified at this time, on rebuttal.

**11.**   **<u>List of Exhibits</u>**

A.    <u>Plaintiff's List of Exhibits</u>

Ex. 001 - The Hartford Human Resources Policy Manual, Guiding Principles, § 1.5.1, Harassment (P11-P12)

Ex. 002 -  The Hartford Human Resources Policy Manual, Guiding Principles, § 1.5.2, Reporting Complaints of Harassment (P13)

Ex. 003 - Memorandum from The Hartford to All U.S. Employees regarding Harassment and Intimidation, dated January    , 1999 (P9)

Ex. 004 - The Hartford Electronic Communications Policy, last updated 7/18/02 (P4-P6)

Ex. 005 - The Hartford Violence-Free Workplace Policy, last updated 8/2/02 (P7-P8)

Ex. 006 - The Hartford Code of Corporate Conduct, 2000 Edition (P14-24)

Ex. 007 - The Hartford Policies and Guidelines, § 7.2, Progressive Discipline, 8/1/99 (P25-P27)

Ex. 008 - The Hartford Electronic Communications FAQs (P30-P33)

Ex. 009 - The Hartford, § 6.6 Use of Telephone 10/1/99, last updated 7/17/01 (P37-P38)

Ex. 010 - Newspaper Article, Journal Inquirer, April 27, 2000 (P79)

Ex. 011 - The Hartford Code of Conduct (HAR000001)

Ex. 012 - The Hartford Data/Info Confidentiality and Security Policy (HAR000003)

Ex. 013 - The Hartford Human Resources Policy (HAR000006-HAR000007)

Ex. 014 - The Hartford Policies and Guidelines (HAR000013-HAR000014)

Ex. 015 - The Hartford Electronic Communications Policy, last updated 3/4/2003 (HAR000617-HAR000619)

Ex. 016 - The Hartford Responding to Electronic Communication Policy Violations (HAR000620-HAR000621)

Ex. 017 - The Hartford Use of Telephone Policy (HAR000622-HAR000623)

Ex. 018 - The Hartford Information Protection (HAR000624-HAR000630)

Ex. 019 - The Hartford Progressive Discipline (HAR000631-HAR000633)

Ex. 020 - The Hartford Equal Opportunity Development Department: Reporting Allegations (HAR000638)
    Ex. 021 - The Hartford Harassment Policy (HAR000644-HAR000645)
    Ex. 022 - The Hartford Reporting Harassment Policy (HAR000646-HAR000647)

Ex. 023 - The Hartford Reporting Charges of Discrimination Policy (HAR000648-HAR000649)

Ex. 024 - The Hartford Violence-Free Workplace Policy (HAR000650-HAR000651)

Ex. 025 - The Hartford Harassment Policy (HAR000653-HAR000654)

Ex. 026 - Facsimile from Confidential Research Associates to The Hartford dated February 2, 2002 (P162)

Ex. 027 -  State of Connecticut, Superior Court, Information, dated March 12, 1996, with plea to Disorderly Conduct, Conn. Gen. Stat. § 53a-182; State of Connecticut, Superior Court, Information, dated March 13, 1996, with plea to Creating a Public Disturbance, Conn. Gen. Stat., § 53a-181a and $75.00 fine (Wardell Deposition, Ex. 7)

Ex. 028 - The Hartford Department of Special Investigations, Plaintiff's Statement, dated January 23, 2002 (HAR000015-HAR000017)

Ex. 029 - The Hartford Department of Special Investigations, Statement of Maurice P. Kuck, dated February 8, 2002 (HAR000033-HAR000034)

Ex. 030 - The Hartford, Statement of Mary Anne Rhodes, dated January 21, 2002 (HAR000018-HAR000019)

Ex. 031 - E-mail from Plaintiff to Mary Anne Rhodes, dated January 18, 2002 (P125)

Ex. 032 - Vernon Police Department, Complaint Number 201132, dated January 23, 2002 (P74)

Ex. 033 - Cover Sheet, The Hartford Department of Special Investigations, Case #: I2002068, Misconduct, Violation of The Hartford's Electronic Communications Policy, Ferron Shorter Jr., February 28, 2002 (HAR000699)

Ex. 034 - The Hartford Department of Special Investigations, Investigation Report Summary (HAR000700-HAR000702)

Ex. 035 - The Hartford Department of Special Investigations, Summary Cover Sheet (HAR000702-HAR000703)

Ex. 036 - The Hartford Department of Special Investigations, Subjects: (1) Ferron Shorter; (2) Mary Anne Rhodes (HAR000704)

Ex. 037 - The Hartford Department of Special Investigations, Subject Information: Ferron Shorter Jr. (HAR000705)

Ex. 038 - The Hartford Department of Special Investigations, Plaintiff's Personnel Data (HAR000718-HAR000722)

Ex. 039 - The Hartford Department of Special Investigations, Plaintiff's Job Data (HAR000723-HAR000728)

Ex. 040 - The Hartford Department of Special Investigations, Plaintiff's Job Summary Data (HAR000729-HAR000730)

Ex. 041 - The Hartford Department of Special Investigations, Subject Information: Mary Anne Rhodes (HAR000731)

Ex. 042 - The Hartford Department of Special Investigations, Statement of Mary Anne Rhodes (HAR000732-HAR000732)

Ex. 043 - The Hartford Department of Special Investigations, Witness Cover Sheet (HAR000734)

Ex. 044 - The Hartford Department of Special Investigations, Witness Information: Maurice P. Kuck (HAR000735)

Ex. 045 - The Hartford Department of Special Investigations, Statement of Maurice P. Kuck (HAR000736-HAR000737)

Ex. 046 - The Hartford Department of Special Investigations, Draft Statement of Maurice P. Kuck (HAR000738-HAR000740)

Ex. 047 - The Hartford Department of Special Investigations, Kuck Personnel Data (HAR000741-HAR000743)

Ex. 048 - The Hartford Department of Special Investigations Action Taken: Investigation Timeline (HAR000744)

Ex. 049 - The Hartford Department of Special Investigations, Action Taken Investigation Timeline, (HAR000745-HAR000747)

Ex. 050 - The Hartford, Lisa Anderson, Chronology of Events, Ferron Shorter Investigation, January 30, 2002 (HAR000929-HAR000933)

Ex. 051 - The Hartford, Lisa Anderson, Notes, Ferron Shorter Investigation (HAR000934-HAR000955)

Ex. 052 - The Hartford, Warning of Improper Email/Internet Use, to Mary Anne Rhodes, January 25, 2002 (HAR000956)

Ex. 053 - The Hartford Response to Plaintiff's Interrogatory No. 7

Ex. 054 - The Hartford Response to Plaintiff's Interrogatory No. 9

Ex. 055 - The Hartford Response to Plaintiff's Interrogatory No. 10

Ex. 056 - The Hartford Response to Plaintiff's Interrogatory No. 11

Ex. 057 - The Hartford Response to Plaintiff's Interrogatory No. 13

Ex. 058 - The Hartford Response to Plaintiff's Interrogatory No. 16

Ex. 059 - The Hartford Response to Plaintiff's Interrogatory No. 17

Ex. 060 - The Hartford Response to Plaintiff's Interrogatory No. 21

Ex. 061 - The Hartford Response to Plaintiff's Interrogatory No. 24

Ex. 062 - The Hartford Response to Plaintiff's Interrogatory No. 25

Ex. 063 - The Hartford Response to Plaintiff's Production Request No.101

Ex. 064 - The Hartford Response to Plaintiff's Production Request No.102

Ex. 065 - The Hartford Response to Plaintiff's Production Request No.103

Ex. 066 - The Hartford Response to Plaintiff's Production Request No.104

Ex. 067 - Deposition of The Hartford, Lisa Anderson, dated August 29, 2003

Ex. 068 - Deposition of The Hartford, Jennifer Ames, dated August 29, 2003

Ex. 069 - Deposition of Richard Wardell, dated August 29, 2003

Ex. 070 - Deposition of Jack Jacewicz, dated August 29, 2003

Ex. 071 - Letter to Plaintiff from The Hartford, Jennifer Ames Haber, dated January 24, 2002 (HAR000655)

Ex. 072 - Letter from Rachel M. Baird to The Hartford, Jennifer Ames Haber, dated January 29, 2002 (P46-P48)

Ex. 073 - Letter from Rachel M. Baird to The Hartford, Lisa Anderson, dated February 21, 2002 (P43-P45)

Ex. 074 - Letter from The Hartford, Lisa Anderson, to Rachel M. Baird, dated March 5, 2002

Ex. 075 - Letter from The Hartford, Ian Veitzer, to Rachel M. Baird, dated March 11, 2002 (HAR000020-HAR000023)

Ex. 076 - Letter from Rachel M. Baird to The Hartford, Ian Veitzer, dated May 7, 2002 (Plaintiff's Deposition, Ex. 7)

Ex. 077 - Letter from The Hartford, Ian Veitzer, to Rachel M. Baird dated June 14, 2002 (HAR000024-HAR000026)

Ex. 078 - The Hartford, Robert Begley Notes, dated 7/24/02 regarding 4/8/02 complaint by Rhodes (HAR000934)

Ex. 079 - Letter from Rhodes to Plaintiff (P122)

Ex. 080 - Plaintiff's Motion for Leave to File Supplemental and Amended Pleading dated April 28, 2003

Ex. 081 - Plaintiff's Connecticut Criminal Conviction Record dated Wednesday 19, 2003 (P73)

Ex. 082 - August 5, 2002, Hearing Deposition Transcript in matter of Ferron Shorter v. Mary Anne Rhodes, FA-02-0516031 (P89-P104)

Ex. 083 - Restraining Order after Hearing regarding Ferron Shorter v. Mary Anne Rhodes, FA-02-0516031 (P105)

Ex. 084 - Tape Recordings of Conversations Between Rhodes and Plaintiff on March 22, 2002, and March 27, 2002 (Ex. 1 to Plaintiff's Second Affidavit in Support of Opposition to Summary Judgment Motion)

Ex. 085 - Voice mail recordings left by Rhodes on Plaintiff's voice mail system at The Hartford (Ex. 2 to Plaintiff's Second Affidavit in Support of Summary Judgment Motion)

Ex. 086 - Termination Letter from The Hartford to Maurice P. Kuck, dated May 13, 2003 (P195)

Ex. 087 - The Hartford Recognition System, Employee-to-Employee Recognition, Maurice P. Kuck, dated 10/23/02 (P196)

Ex. 088 - The Hartford Recognition System, Employee-to-Employee Recognition, Maurice P. Kuck, dated, 12/09/02 (P197)

Ex. 089 - The Hartford Recognition System, Employee-to-Employee Recognition, Maurice P. Kuck, dated 10/30/01 (P198)

Ex. 090 - Recognition Award to Doug Higgins and Peter Kuck, dated 10/8/02 (P199)

Ex. 091 - The Hartford Recognition System, Maurice Kuck, nomination by Brian Doonan (undated) (P200)

Ex. 092 - Recognition Award, Peter Kuck, 8/15/02 (P201)

Ex. 093 - The Hartford Recognition System, Maurice Kuck, nomination by Patricia Drew (undated) (P202)

Ex. 094 - Recognition Award, Peter Kuck, et al., 3/23/01 (P203)

Ex. 095 - Recognition Award, Peter Kuck, et al., 3/23/01 (P204)

Ex. 096 - Recognition Award, Peter Kuck, 3/18/02 (P205)

Ex. 097 - Recognition Award, Peter Kuck, 3/12/01 (P206)

Ex. 098 - Recognition System, Manager On-the-Spot Recognition, Maurice Kuck, 2/26/02 (P207)

Ex. 099 - Recognition System, Manager On-the-Spot Recognition, Maurice Kuck, 12/31/02 (P208)

Ex. 100 - Recognition System, Manager On-the-Spot Recognition, Maurice Kuck, 1/21/02 (P209)

Ex. 101 - The Hartford Experience Employee-To-Employee Recognition, Plaintiff, 10/15/01(P70)

Ex. 102 - Plaintiff's Employee Performance Review, 4/1/2002 (HAR000358-HAR000361)

Ex. 103 - Plaintiff's Employee Performance Review, 4/1/2001 (HAR000362-HAR000364)

Ex. 104 - Plaintiff's Employee Performance Review, 3/1/2000 (HAR000365-HAR000371)

Ex. 105 - Plaintiff's Employee Performance Review, 12/18/1999 (HAR000372-HAR000377)

Ex. 106 - Plaintiff's Employee Performance Review, 10/9/1997 (HAR000378-HAR000384)

Ex. 107 - Plaintiff's Employee Performance Report, 5/29/1996 (HAR000385-HAR000389)

14

Ex. 108 - Plaintiff's Resume for time period subsequent to January of 2002 termination from The Hartford (P77-P78)

Ex. 109 - Letter from Aetna to Plaintiff dated 10/28/2002 regarding Plaintiff's application for Data Analyst 10398HS Position (P80)

Ex. 110 - Letter from RJS Associates to Plaintiff dated October 14, 2002, regarding Plaintiff's resume and job fair (P81)

Ex. 111 - Letter from RJS Associates to Plaintiff dated March 13, 2004, regarding Plaintiff's job search listing with RJS Associates (P82)

Ex. 112 - Letter from Management Search, Inc. to Plaintiff dated March 10, 2003, regarding an interview in December of 2002 (P83)

Ex. 113 - Letter from A.R. Mazzotta Employment Specialists to Plaintiff dated March 10, 2003, regarding job search listing since December 2, 2002 (P84)

Ex. 114 - 2001 Plaintiff's Tax Return (P58-P59, P69)

Ex. 115 - Statement of Unemployment Compensation Benefits to Plaintiff for Tax Year 2002, UC-1099G (P60)

Ex. 116 - Connecticut Department of Labor, Benefit Payment History for 1/26/02 through 11/11/02 (P61-P65)

Ex. 117 - Plaintiff's 2002 W-2, Tax and Wage Statement from The Hartford (P66)

Ex. 118 - Plaintiff's 2002 Form   1040EZ, Income Tax Return (P67 (two-sided))

Ex. 119 - 2002 Form 1099-R, Distribution from The Hartford Investment and Savings Plan (P68)

Ex. 120 - State of Connecticut, Department of Labor, UC-58, Monetary Determination of Unemployment Compensation Benefits (P76)

Ex. 121 - Job Description (P126)

Ex. 122 - Letter from Plaintiff to AETNA (P127)

Ex. 123 - Letter from Plaintiff to Karen Clark, Human Resources (P128)

Ex. 124 - Letter To Whom It May Concern from Plaintiff seeking employment (P129)

Ex. 125 - Letter To Whom It May Concern from Plaintiff seeking employment (P130)

Ex. 126 - Letter To Whom It May Concern from Plaintiff seeking employment (P131)

Ex. 127 - Letter from Plaintiff to PeopleLink, Inc. seeking employment (P132)

Ex. 128 - Letter from Plaintiff to Resource Group Staffing seeking employment (P133)

Ex. 129 - Letter from Plaintiff to Webster Insurance seeking employment (P134)

Ex. 130 - Letter from Plaintiff to Glenn Sherman, Corporate IT, seeking employment (P135)

Ex. 131 - Letter from Plaintiff to Howard Systems International seeking employment (P136)

Ex. 132 - Letter from The Hartford to Plaintiff dated June 14, 2002, regarding Vested Provisions of Retirement Plan (HAR000656)

Ex. 133 - The Hartford Vested Pension Benefit Calculation Estimate (HAR000657-HAR000658)

Ex. 134 - Plaintiff's E-mail Job Search Inquires (P177-P193)

Ex. 135 - Plaintiff's W-2, Wage and Tax Statements from The Hartford, 1989 through 2002 (HAR000080-HAR000093)

Ex. 136 - Plaintiff's Pay Summary for periods ending January 31, 2002, and January 15, 2002 (HAR000354-HAR000357)

Ex. 137 - Plaintiff's Payment History, $5000.00 Distribution from Investment and
Savings Plan (HAR000429-HAR000430)

Ex. 138 - The Hartford Investment and Savings Plan, Summary Plan Distribution
(HAR000433-HAR000476)

Ex. 140 - The Hartford's Retirement Plan for U.S. Employees (HAR000661-
HAR000695)

Ex. 141 – Plaintiff's 2002 Income Tax Return (P210-P211)

Ex. 142 – Accu-Data, Inc. Pay Stub, 11/16/04-11/22/04 (P212)

B.    The Hartford's List of Exhibits

501.    Human Resources Policy
502.    Electronic Communication Policy
503.    Equal Employment Opportunity Policy
504.    Equal Opportunity Development Department: Role
505.    Harassment Policy
506.    Reporting Harassment Policy
507.    Violence Free Workplace Policy
508.    Corporate Code of Conduct
509.    Shorter Termination letter
510.    Statement of Ferron Shorter
511.    Draft Statement of Ferron Shorter
512.    Statement of Mary Anne Rhodes
513.    DSI File
514.    DSI Investigative Report Summary
515.    DSI Action Taken Time Line Investigation
516.    CRA Criminal Conviction Report
517.    Connecticut Department of Public Safety Criminal Conviction Report
518.    Transaction History Report/Cardholder Log
519.    Mary Anne Rhodes voicemail activity log report
520.    Mr. Shorter's email to Mary Anne Rhodes dated January 18, 2002
521.    Robert Begley Notes
522.    Jennifer Ames Haber notes
523.    Lisa Anderson notes
524.    Lisa Anderson Chronology
525.    Mary Anne Rhodes written warning
526.    Statement of Unemployment Compensation Payments
527.    DOL Payment History
528.    Audio cassette tape with message from Plaintiff to Scott
529.    Shorter Discussion Report/Warning
530.    Mr. Shorter's emails to Tammy Priest dated January 9 to January 16, 2002
531.    Mr. Shorter's emails to Mary Granato dated January 15, 2002
532.    Mr. Shorter's email to Reginald Shorter dated January 17, 2002
533.    Mr. Shorter's emails re Free Porn Passwords dated January 26, 2002
534.    Mr. Shorter's emails re Match.com dated January 9, 2002

535.    Mr. Shorter's email re Venus dated January 17, 2002

536.    Mr. Shorter's email re Match.com Username and Password dated January 7, 2002.

The Hartford anticipates that it may seek to introduce some or all of the exhibits listed above. The Hartford reserves the right to offer any of the documents identified by Plaintiff in his exhibit list. The Hartford reserves the right to amend its exhibit list to offer additional exhibits, if necessary, to defend itself against Plaintiff's claims and any exhibits offered by Plaintiff. The Hartford also reserves the right to introduce additional exhibits, not identified at this time, as impeachment or during its rebuttal case.

**12.    Deposition Testimony**

Defendant does not expect that any witnesses will testify by deposition at trial. Plaintiff states that he intends to submit four depositions for testimony as follows:

Ex. 067 - Deposition of The Hartford, Lisa Anderson, dated August 29, 2003;
Ex. 068 - Deposition of The Hartford, Jennifer Ames, dated August 29, 2003;
Ex. 069 - Deposition of Richard Wardell, dated August 29, 2003;
Ex. 070 - Deposition of Jack Jacewicz, dated August 29, 2003.

**13.    Requests for Jury Instructions**

A.    Plaintiff will submit his Plaintiff's Requests for Jury Instructions at a later date subject to the Court's discretion.

B.    The Hartford's Requests for Jury Instructions are attached as Exhibit B. The Hartford's proposed Verdict Form is attached as Exhibit C.

**14.    Anticipated Evidentiary Problems**

Defendant Hartford Financial Services' anticipated evidentiary issues are set forth in its Motion in Limine dated September 30, 2004. In its Motion in Limine, The Hartford moved to preclude the introduction of evidence of communications between Plaintiff and Defendant Mary

17

Anne Rhodes following Plaintiff's termination of employment on January 23, 2002. The evidence consists of voice mail messages Ms. Rhodes left with Plaintiff between March 22 and March 28, 2002, two conversations with Ms. Rhodes which Plaintiff surreptitiously tape recorded on March 22 and 27, 2002, and a restraining order Plaintiff obtained against Ms. Rhodes in August 2002.

Upon reviewing Plaintiff's witness and exhibit list, Defendant anticipates additional evidentiary issues as follows:

A.    Objections to Plaintiff's Witnesses

1.    Ferron Shorter's anticipated testimony: Defendant expects to object to Plaintiff's anticipated testimony regarding his contacts with Ms. Rhodes following his termination, including the hearing regarding his restraining order against Ms. Rhodes on August 5, 2003. These issues are addressed in Defendant's Motion in Limine.

2.    Cheryl Harris' anticipated testimony: Defendant expects to object to Ms. Harris' anticipated testimony under Rule 602 and Rule 802.

3.    Maurice Kuck's anticipated testimony: Defendant expects to object to Ms. Kuck's anticipated testimony concerning his work performance and discharge and Plaintiff's work performance under Rule 402.

4.    Nancy Bieniek's anticipated testimony: Defendant expects to object to Ms. Bieniek's anticipated testimony under Rule 402.

B.    Objections to Plaintiff's Exhibits

1.    Exhibits 079, 082 to 085: Defendant expects to object to Plaintiff's Exhibits 082-085 concerning post-termination communications between Plaintiff and Ms. Rhodes for the reasons set forth in Defendant's pending Motion in Limine.

18

2.    <u>Exhibits 086-100</u>:  Defendant expects to object to Plaintiff's Exhibits 086-100 concerning the work performance of Maurice Kuck under Rule 402 and Rule 608.

**15.    Proposed Findings and Conclusions**

Applicable only to non-jury cases.

**16.    Trial Time**

Plaintiff estimates six days for trial.  Defendant estimates four days for trial not including jury selection.

**17.    Further Proceedings**

On September 29, 2004, Mary Anne Rhodes filed her Motion in Limine.  On September 30, 2004, The Hartford filed its Motion to Bifurcate and Motion in Limine.  On October 26, Plaintiff filed his Memorandum in Opposition to Defendant Hartford Financial Services Group's Motion to Bifurcate and Motion in Limine and Defendant Mary Anne Rhodes' Motion in Limine.  On November 8, 2004, Mary Anne Rhodes filed her Memorandum in Reply to Plaintiff's Opposition to Defendants' Motion in Limine.  On November 9, 2004, The Hartford filed its Reply Memorandum in Support of Motion to Bifurcate and Reply Memorandum of Law in Support of Motion in Limine.

On December 21, 2004, the Court issued its Order granting The Hartford's Motion to Bifurcate.  The Hartford's Motion in Limine remains pending before the Court.

**18.    Election of Trial by Magistrate**

The parties have elected to have Magistrate Judge William I. Garfinkle preside over the trial of this matter.  This matter was transferred to Judge Garfinkle on November 19, 2003 by order of Judge Mark R. Kravitz.

PLAINTIFF,
FERRON SHORTER, JR

By:_____Unavailable to Sign_____
    Rachel M. Baird (ct12131)
    Law Office of Rachel M. Baird
    379 Prospect Street
    Torrington, CT 06790
    Ph. (860) 626-9991


DEFENDANT,
HARTFORD FINANCIAL SERVICES GROUP, INC.


By:_Margaret J. Strange_____
    Margaret J. Strange (ct08212)
    James F. Shea (ct16750)
    Jackson Lewis LLP
    55 Farmington Avenue, Suite 1200
    Hartford, CT  06105
    Ph. (860) 522-0404

## **CERTIFICATION OF SERVICE**

This is to certify that a copy of the foregoing was sent via first class mail, postage

prepaid, on this 12th day of January 2005, to the following counsel of record:

Rachel M. Baird
Law Office of Rachel M. Baird
379 Prospect Street
Torrington, CT 06790
Attorney for Plaintiff

David L. Metzger
Metzger & Associates
25 Capitol Avenue
Hartford, CT 06106-1707
Attorney for Defendant Maryanne Rhodes

_Margaret J. Strange_
Margaret J. Strange

H:\Client Folder\H\The Hartford\Shorter\Trial\Joint Trial Memorandum 03 DOC
64532