UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FERRON SHORTER JR.<br>    Plaintiff, | |
| v. | CIVIL NO.: 303 CV 0149(WIG) |
| HARTFORD FINANCIAL SERVICES GROUP,<br>INC. and MARYANNE RHODES<br>    Defendants. | JANUARY 12, 2005 |

**PARTIES' JOINT TRIAL MEMORANDUM**

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FERRON SHORTER JR.<br>    Plaintiff, | |
| v. | CIVIL NO.: 303 CV 0149(WIG) |
| HARTFORD FINANCIAL SERVICES GROUP,<br>INC. and MARYANNE RHODES<br>    Defendants. | JANUARY 12, 2005 |

**DEFENDANT HARTFORD FINANCIAL SERVICES GROUP'S
PROPOSED VOIR DIRE**

Defendant Hartford Financial Services Group's hereby propose, pursuant to Rule 47 of the Federal Rules of Civil Procedure and this Court's Pre-Trial Order, that the following questions be used during the voir dire examination of prospective jurors prior to trial.

I. GENERAL

1. Do any of you feel that jury duty will create a financial hardship for yourself or your family? If so, please explain.

2. In the trial of this case, all parties are entitled to have the case decided on the basis of the evidence presented at trial. Is there any reason why any of you might not be able to render a fair verdict?

3. Your duty will be to listen to the testimony. At the conclusion of the testimony, the Court will instruct you as to what the law is and will charge you to apply those principles of law to the case before you. Do you feel confident that you would be able to follow

the court's instructions on the law even if you disagree with the law? If any of you do not, please let me know.

II. KNOWLEDGE OF THE PARTIES AND COUNSEL

4. Do you or, to your knowledge, does any member of your immediate family, know the plaintiff, Mr. Ferron Shorter?

5. If your answer to the preceding question is yes, what is the nature of your relationship or association? Would any such relationship or association prevent you from rendering a fair and impartial verdict?

6. Are you, or is any member of your family, presently doing business with The Hartford Financial Services Group or any related company? Do you, or any member of your family, have any relationship with The Hartford or any related company? Have you or any members of your family ever done business or had any relationship with The Hartford in the past?

7. If your answer to the preceding question is yes, what is the nature of that relationship or interest? Would any such relationship or interest prevent you from rendering a fair and impartial verdict?

9. Do you or, to your knowledge, does any member of your immediate family, know Mary Anne Rhodes?

10. If your answer to the preceding question is yes, what is the nature of your relationship or association? Would any such relationship or association prevent you from rendering a fair and impartial verdict?

11. Do you know any of the proposed witnesses in this case? If so, how do you know the individuals? Do you have any feelings or opinions about such individuals?

12. Do you know any of the attorneys involved in this case, namely Margaret Strange or Jim Shea of the law firm of Jackson Lewis, Rachel Baird of the Law Offices of Rachel Baird or any member of their respective law firms?

III. EMPLOYMENT BACKGROUND

13. If you were unemployed at any time, please indicate when and for how long. Was your unemployment voluntary or involuntary? Was it the result of a company layoff?

14. If so, would such a fact prevent you from rendering a fair and impartial verdict?

IV. GENERAL FEELINGS CONCERNING THE CASE AND THE PARTIES

A. FEELINGS FOR THE PLAINTIFF

15. Have you ever been terminated from any employment?

16. Has anyone close to you ever been terminated from his or her employment?

17. If so, will you be able to separate out any feelings of sympathy that you may have for the Plaintiff and decide the case on the facts -- without sympathy or compassion for the Plaintiff and without prejudice against The Hartford?

B. FEELINGS ABOUT CORPORATIONS OR INSURANCE COMPANIES

18. Do you have any personal feelings against corporations or insurance companies? Can you be as fair and impartial to a corporation or an insurance company as to an individual?

19. Do you have any feeling or belief which would prevent you from rendering a verdict in favor of a corporation and against an individual based solely on the fact that one party is a corporation and the other an individual?

20. Do you have any feeling or belief which would prevent you from rendering a verdict in favor of a corporation against an individual who has alleged race and sex discrimination?

21. Do you think you would be inclined to find The Hartford liable and award money damages simply because you believe The Hartford has the resources to pay?

V.    EMPLOYMENT RELATED MATTERS

22. Have you or anyone close to you ever had any training in personnel or employment matters? If so, what kind of training?

23. Have you or anyone close to you ever been employed in the human resources or personnel office of a company? If so, in what capacity?

24. Have you or anyone close to you ever owned or operated a business in which you or that person employed other people?

25. Have you or anyone close to you supervised other employees?

26. Do you or your spouse have any involvement with the implementation of employment policies in your current position? In prior positions?

27. Have you or anyone close to you had to investigate a possible violation of company policy?

28. Have you or anyone close to you been responsible for hiring or firing other employees? In what jobs and under what circumstances?

29. In the course of your job, have you ever had to make a tough decision that affected other employees?

30. Have you ever had a bad experience with an employer or supervisor regarding decisions affecting you such as promotions, demotions, performance rating, or other personnel decisions?

31. Did you ever leave a job feeling forced out? If so, why?

32. Do you believe that an employer or supervisor treated you or someone close to you unfairly? If so, what made you feel this way?

33. Do you believe that employees generally are abused or taken advantage of by their employers?

VI. JURORS' EXPERIENCE WITH HARASSMENT AND DISCRIMINATION CLAIMS

34. Have you, your spouse or any member of your family, or any of your close friends, ever been sexually harassed at work? If so,

  a. Who?

  b. Who harassed him or her?

  c. What was the name of the employer?

  d. Please describe what you believed to be harassment.

  e. Was an internal complaint made at work regarding the harassment? If so, what happened?

  f. Did the individual bring any proceedings against the employer, e.g., a grievance, complaint or lawsuit, to challenge the harassing conduct? If so, what was the outcome of the action?

  g. How do you feel about what happened?

35. Have you, your spouse or any member of your family, or any of your close friends, ever been discriminated against at work because of race or sex or any other reason? If so,

  a. Who?

  b. Who discriminated against him or her?

  c. What was the name of the employer?

  d. Please describe what you believed to be discrimination.

  e. Was an internal complaint made at work regarding the discrimination? If so, what happened?

  f. Did the individual bring any proceedings against the employer, e.g., a grievance, complaint or lawsuit, to challenge the discriminatory act? If so, what was the outcome of the action?

  h. How do you feel about what happened?

36. This is a case involving claims of sexual harassment and race and sex discrimination. Do you assume that if someone is claiming that they were harassed or discriminated against, that it must be true?

37. Have you ever been involved in the investigation of a claim of harassment or discrimination?

38. As jurors in this action, you will be asked to consider the motivation of individuals employed by The Hartford for their actions, not their business judgment. Do you understand that as jurors in this action, even if you were to believe that individuals employed by The Hartford exercised poor or questionable business judgment in their decisions you cannot

6

find in favor of Mr. Shorter, unless he has proven his claims by a preponderance of the evidence (which I will define for you at the close of the case).

39. Do you think that there is widespread sexual harassment in the workplace? Why do you think that?

40. Do you think that there is widespread race or sex discrimination in the workplace? Why do you think that?

41. Would you entertain any prejudice against The Hartford or sympathize with the Mr. Shorter because he claims he was harassed and discriminated against?

VII. LAWSUITS

42. Do you have any friends or relatives who have brought lawsuits or claims against employers?

43. Have you ever been a party to or a witness in a lawsuit? If so, please describe the lawsuit and your role in it.

44. Have you, or has any member of your family or any person close to you, ever filed a charge of discrimination with a federal or state agency? If so, please explain.

VIII. UNDERSTANDING OF LEGAL PROCESS

45. Do you believe that just because Mr. Shorter filed a lawsuit, he is entitled to recover something?

46. Do you understand that Mr. Shorter's case is put on first? Are you confident that you will be able to reserve judgment on this case until you have heard both sides of this case?

47. Do you as jurors understand that merely because Mr. Shorter has filed this lawsuit it does not mean that The Hartford has done anything wrong or violated some legal rights of Mr. Shorter?

48. Do you understand that Mr. Shorter is required to prove by a preponderance of the evidence that some legal right has been violated and that it is not up to The Hartford to disprove the claims of Mr. Shorter? Do you understand that Mr. Shorter has to do something more than merely accuse The Hartford of wrongdoing?

49. If you are selected as a juror, would you require Mr. Shorter to prove his case by a preponderance of the evidence?

50. Will you be able to follow the court's instruction that Mr. Shorter must prove that his employment would not have been terminated but for his race and sex?

IX. OPINIONS ABOUT LEGAL SYSTEM

51. Do you have any opinions about the legal system that would prevent you from being a fair and impartial juror in this case?

X. BELIEFS AND PREFERENCES

52. Do you have any preference as to the outcome of this trial?