UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

———————————————————————  :
                                        :
FERRON SHORTER JR.                      :
    Plaintiff,                          :
                                        :     CIVIL NO.: 303 CV 0149(WIG)
v.                                      :
                                        :
HARTFORD FINANCIAL SERVICES GROUP,      :
INC. and MARYANNE RHODES                :
    Defendants.                         :     JANUARY 12, 2005
———————————————————————  :

## PARTIES' JOINT TRIAL MEMORANDUM

## EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | | |
|---|---|---|
| FERRON SHORTER JR.<br>    Plaintiff, | : | |
| | : | |
| | : | CIVIL NO : 303 CV 0149(WIG) |
| v. | : | |
| | : | |
| HARTFORD FINANCIAL SERVICES GROUP, | : | |
| INC. and MARYANNE RHODES | : | |
|     Defendants. | : | JANUARY 12, 2005 |
| | : | |

---

## DEFENDANT HARTFORD FINANCIAL SERVICES GROUP'S
## PROPOSED JURY CHARGES

### REQUEST TO CHARGE

### ROLE OF JUDGE/ROLE OF JURY

Ladies and gentlemen of the jury, you have listened to the evidence and to the arguments of counsel, and it is now time to listen to me as I charge you on the law that applies to this dispute.

You as the jury and I as the judge have two separate functions. It is your function to find what the facts are in this case; with respect to the facts, you and you alone are charged with that responsibility. My function is to instruct you as to the law to be applied to the facts that you find in order to decide this case. With respect to the law, what I say to you is binding upon you and you must follow my instructions.

I do not have any preference as to the outcome of this case. I have not meant to convey by facial expression or tone of voice or in any other way at any time during the trial any preference or inclination as to how you should decide the facts, and you should not make any

1

such interpretations.  If, in my instructions to you, I refer to one party more than the other, or do anything that in your mind suggests a preference for one side or the other, it is not done on purpose.  My task has been to apply the rules of evidence and to instruct you as to the law.  It is for you alone to decide on the outcome of this case.

Source:        Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u> §70.06 (4th ed. 1987).

## REQUEST TO CHARGE NO. 1

## DUTY TO FOLLOW THE LAW

It is your duty to follow my instructions and conscientiously apply the law as I give it to you to the facts as you find them in order to arrive at your ultimate verdict. If you should have a different idea of what the law is or even what you feel it ought to be, you must disregard your own notions and apply the law as I give it to you. The parties are counting on having their claims decided according to particular legal standards that are the same for everyone, and those are the standards I will give you and that you must follow. If what counsel said about the law differs from what I tell you, you will dismiss from your minds what they may have said to you. You must decide this case based only on the law that I furnish to you and on the basis of all of the law as I give it to you regardless of the order of my instructions. You must not single out any particular instruction or give it more or less emphasis than any other, but rather must apply all of my instructions on the law that apply to the facts as you find them.

Source:     Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions §71.01 (4th ed. 1987).

## REQUEST TO CHARGE NO. 2

## ALL PERSONS EQUAL BEFORE THE LAW

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation, like The Hartford, is entitled to the same fair trial at your hands as a private individual, like Ferron Shorter. All persons, including corporations, stand equal before the law, and are to be dealt with as equals in a court of justice. You should not decide that The Hartford engaged in any wrongdoing because it is a corporation, instead of an individual like Mr. Shorter, or decide that monetary damages should be awarded because "companies can afford them" or because people believe that companies act in a certain way. Mr. Shorter must prove his case by a preponderance of the evidence. The Hartford and Mr. Shorter are all entitled to a fair trial.


Source:     Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions (4th Ed.) §71.04 (4th ed. 1987).

4

## REQUEST TO CHARGE NO. 3

### UNANIMOUS VERDICT

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Source:    Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions §74.08 (4th ed. 1987).

5

## REQUEST TO CHARGE NO. 4

### PREPONDERANCE OF THE EVIDENCE

In this case, the burden of proving the case is on Mr. Shorter. He must prove every essential element of his claims by a preponderance of the evidence.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in this case means that Mr. Shorter must produce in your mind a belief that what he seeks to prove is more likely true than not true. Mr. Shorter cannot almost prove his claims. He must prove every element by a preponderance of the evidence. Sympathy or assumptions cannot replace proof or evidence.

If you find that the credible evidence on a given issue is evenly divided between the parties – that it is equally probable that one side is right as it is that the other side is right – then you must decide that issue against the party having the burden of proof. That is because the party bearing this burden must prove more than simply equality of evidence – he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof – that what the party claim is more likely true than not true – then that element will have been proved by a preponderance of the evidence.

If the proof should fail to establish any essential element of Mr. Shorter's claims by a preponderance of the evidence in this case, you must find for The Hartford as to that claim. If you find that the evidence is equal, then Mr. Shorter has not proved his case by a preponderance of the evidence and you must find for The Hartford.

6

Sources:    Mathes, <u>Jury Instructions and Forms for Federal Rules</u>, 28 F.R.D. 401 §2.01 (1961).
<u>Nissho-Iwai Co. v. M/T Stolt Lion</u>, 719 F.2d 34, 38 (2d Cir. 1983).
<u>Burka v. New York City Transit Authority</u>, 739 F. Supp. 814, 843, n. 23 (S.D.N.Y. 1990).

## REQUEST TO CHARGE NO. 5

## "IF YOU FIND" OR "IF YOU DECIDE"

When I say in these instructions that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.

Source:    Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions (4th Ed.) §72.01 (4th ed. 1987).

8

## REQUEST TO CHARGE NO. 6

## EVALUATION OF TESTIMONY - CREDIBILITY OF WITNESS

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive, state of mind, and demeanor or manner while on the stand. Ask yourself, what does this witness stand to gain or lose. Consider the witness' ability to observe the matters as to which she or she has testified, and whether she or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently. Innocent mis-recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

9

You may, in short, accept or reject the testimony of any witness in whole or in part. Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Source:     Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u> §73.01 (4th ed. 1987).

## REQUEST TO CHARGE NO. 7

## IMPEACHING WITNESSES

A witness may be discredited or impeached by contradictory evidence, or by evidence that at some time the witness has said or done something, or has failed to say or do something which is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves

If a witness is shown to have knowingly testified falsely concerning any material matter, you have a right to disregard such witness' testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily, intentionally and not because of mistake or accident or other innocent reason.

Source:    Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions §73.04 (4th ed. 1987).

## REQUEST TO CHARGE NO. 8

## RULINGS ON OBJECTIONS TO EVIDENCE

You have heard objections to certain questions and exhibits during the trial. There are rules of evidence governing testimony and other evidence. It is the duty of attorneys to object when the other side seeks to offer testimony or other evidence which they believe is not properly admissible.

When the Court has sustained an objection to a question or exhibit, you, as jurors, must disregard the question or evidence. Sustaining an objection means that the question should not be asked or answered. You cannot draw any inference from the wording of such a question or speculate what the witness would have said if permitted to answer. Asking a question to which an objection was sustained does not presume that the answer would favor the party asking the question. No inference should arise about possible answers.

You may also not speculate as to the contents of any exhibit to which an objection has been sustained. If I have ordered evidence stricken from the record, you may not consider such evidence in your determination of the matters at issue.

Source:    O'Malley, Grenig and Lee, Federal Jury Practice and Instructions §101.49 (2000).

12

## REQUEST TO CHARGE NO. 9

### HOSTILE ENVIRONMENT

In Count One of his Complaint, Mr. Shorter alleges that Mary Anne Rhodes subjected him to a hostile environment based on his sex. I will now charge you on the law regarding Mr. Shorter's sexual harassment claim.

The Hartford, the employer, is responsible or liable for the actions of Ms. Rhodes on Mr. Shorter's claim for a hostile environment if he proves, by a preponderance of the evidence, each of the following elements:

*First:* Mr. Shorter was subjected to a hostile work environment due to intentional conduct of Ms. Rhodes that was based on Mr. Shorter's sex; and

*Second:* This alleged conduct was severe and pervasive; and

*Third:* The alleged conduct detrimentally affected Mr. Shorter; and

*Fourth:* The conduct would have detrimentally affected a reasonable person in Mr. Shorter's position.

Each of these elements will be explained in more detail to you in just a moment. Mr. Shorter must prove, by a preponderance of the evidence, all of the above elements. To hold The Hartford liable for Ms. Rhodes' conduct, in addition to the elements I just described, Mr. Shorter must also show that The Hartford either provided no reasonable avenue of complaint for him or that The Hartford knew of Ms. Rhodes' harassing conduct and did nothing about it.

Sources:      Faragher v. Boca Raton, 524 U.S. 775 (1998).
                  Burlington Indus., Inc. v. Ellerth, 524 U.S. 742 (1998).
                  Distasio v. Perkin Elmer Corp., 157 F.3d 55 (2d Cir. 1998).
                  Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, § 104.09
                  (1998 Pocket Part).

13

## REQUEST TO CHARGE NO. 10

### HOSTILE ENVIRONMENT -
### REQUIRES SEX-BASED CONDUCT

Under the first element of his claim for sexual harassment, Mr. Shorter must prove, by a preponderance of the evidence, that Ms. Rhodes's conduct toward him in the workplace was based on his sex. The law prohibiting a hostile environment based on sex does not create a general civility code for how people must get along at work. Conduct by Ms. Rhodes which was rude, bothersome, annoying, nasty, overbearing or offensive – but which was not based on Mr. Shorter's sex – does not create an unlawful, sexually hostile work environment. Thus, in the absence of conduct overtly based on Mr. Shorter's sex, he cannot establish the existence of a sexually hostile work environment and you must find for The Hartford.

In addition, if you find that Ms. Rhodes' conduct was motivated by the failed relationship with Mr. Shorter or her desire to renew that relationship rather than by Mr. Shorter's status as a man, you must find for The Hartford. You should also understand that personal animosity is not the same as sexual harassment. Conduct by Ms. Rhodes which was motivated by her personal animosity toward Mr. Shorter, by ill will, or by other feelings arising from their failed personal relationship is not sexual harassment. Such conduct, to the extent it was in response to Mr. Shorter's former intimate place in Ms. Rhodes' life, is not sex-based conduct. You should be careful to differentiate between conduct by Ms. Rhodes which was motivated by a personal vendetta against Mr. Shorter and conduct which was motivated by Mr. Shorter's sex.

Sources:      Succar v. Dade County School Bd., 229 F.3d 1343, 1345 (11th Cir. 2000).
King v. Bd. of Regents of Univ. of Wisconsin System, 898 F.2d 533 (8th Cir. 1990).
DeCintio v. Westchester County Med. Ctr., 807 F.2d 304, 306-07 (2d Cir. 1986).

14

Grandquest v. Mobile Pulley & Machine Works, Inc., 163 F. Supp. 2d 1338, 1348 (S.D. Ala. 2001).

Perez v. MCI World Com Communications, 154 F. Supp. 2d 932, 942 (N.D. Tex. 2001).

Carrasco v. Lenox Hill Hosp., No. 99 Civ. 924 (AGS), 2000 U.S. Dist. LEXIS 5637, *24 (S.D.N.Y. April 27, 2000).

Hill v. Pinkerton Security & Investigation Servs., Inc., 977 F. Supp. 148, 158 (D. Conn. 1997).

Galdieri-Ambrosini v. National Realty & Dev. Corp, 136 F.3d 276, 290-91 (2d Cir. 1998).

Phillips v. Merchants Ins. Corp., 3 F. Supp. 2d 204, 208 (N.D.N.Y. 1998).

Ketchum v. Agway Energy Products, 988 F. Supp. 610, 616 (N.D.N.Y. 1997).

Johnson v. Tower Air, 149 F.R.D. 461, 469 (E.D.N.Y. 1993).

## REQUEST TO CHARGE NO. 11

### HOSTILE ENVIRONMENT -
### UNWELCOME, AND SEVERE OR PERVASIVE CONDUCT

To establish a claim of hostile environment based on sex, Mr. Shorter must also establish that Ms. Rhodes' alleged conduct was both unwelcome by him and so severe and pervasive that it altered the conditions of his employment and created an abusive working environment. Whether conduct meets the requirement of being "severe and pervasive" is a determination that must be based on the totality of the circumstances.

In examining the totality of the circumstances, you should consider the frequency of Ms. Rhodes' alleged conduct, its severity, whether it was physically threatening or humiliating and whether it unreasonably interfered with Mr. Shorter's work performance. To constitute a hostile environment, you must find that Mr. Shorter's work environment was permeated with discriminatory intimidation, ridicule and insults. To alter the conditions of Mr. Shorter's employment, you must find that Ms. Rhodes' conduct was extreme. The testimony of Mr. Shorter describing generalized feelings of discomfort or anxiety is insufficient to establish a hostile work environment.

As to the remaining elements of Mr. Shorter's claim, Mr. Shorter's allegations of harassment must be assessed from the point of view of a reasonable person as well as from Mr. Shorter's perspective. To establish unwelcome sex harassment, Mr. Shorter must prove that the conduct complained of would have interfered with a reasonable person's work performance and would have seriously affected a reasonable person's emotional well being. Mr. Shorter's personal belief that he did not like or welcome Ms. Rhodes' conduct is not enough. He must present evidence that the workplace was permeated with instances of discriminatory conduct.

16

Sources:    <u>Faragher v. Boca Raton</u>, 524 U.S. 775 (1998).
<u>Oncale v. Sundowner Offshore Servs. Inc.</u>, 523 U.S. 75 (1998).
<u>Harris v. Forklift Systems, Inc.</u>, 510 U.S. 17 (1993).
<u>Meritor Savings Bank, F.S.B. v. Vinson</u>, 477 U.S. 57 (1986).
<u>Brennan v. Metropolitan Opera Ass'n, Inc.</u>, 192 F.3d 310 (2d Cir. 1999).
<u>Williams v. County of Westchester</u>, 171 F.3d 98 (2d Cir. 1999).
<u>Quinn v. Green Tree Credit Corp.</u>, 159 F.3d 759 (2d Cir. 1998).
<u>Torres v. Pisano</u>, 116 F.3d 625 (2d Cir.), <u>cert. denied</u>, 522 U.S. 997(1997).
<u>Kotcher v. Rosa and Sullivan Appliance Center, Inc.</u>, 957 F.2d 59 (2d Cir. 1992).
<u>Carrero v. New York City Housing Authority</u>, 890 F.2d 569 (2d Cir. 1989).
<u>Rizzo-Puccio v. College Aux. Servs.</u>, 71 F. Supp.2d 47 (N.D.N.Y. 1999).
<u>Anderson v. S.U.N.Y. Health Science Center at Syracuse</u>, 826 F. Supp. 625 (N.D.N.Y. 1993).
<u>Johnson v. Tower Air Inc.</u>, 149 F.R.D. 461 (E.D.N.Y. 1993).
<u>Porras v. Montefiore Medical Ctr.</u>, 742 F. Supp. 120 (S.D.N.Y. 1990).
<u>Hartsell v. Duplex Products</u>, 123 F.3d 766 (4th Cir. 1997).
<u>Gleason v. Mesirow Financial, Inc.</u>, 118 F.3d 1134 (7th Cir. 1997).
<u>Baskerville v. Culligan Int'l Co.</u>, 50 F.3d 428 (7th Cir. 1995).
<u>Katz v. Dole</u>, 709 F.2d 251, 253-54 (4th Cir. 1983).
<u>Henson v. City of Dundee</u>, 682 F.2d 897, 899 (11th Cir. 1982).

## REQUEST TO CHARGE NO. 12

### HOSTILE ENVIRONMENT -
### MUST AFFECT A TERM OF EMPLOYMENT

To establish a claim of hostile environment, Mr. Shorter must prove by a preponderance of the evidence, that Ms. Rhodes' alleged conduct was sufficiently extreme to amount to a change in a term, condition or privilege of his employment.

Sources:     <u>Williams v. County of Westchester</u>, 171 F.3d 98 (2d Cir. 1999).
<u>Cosgrove v. Sears Roebuck & Co.</u>, 9 F.3d 1033 (2d Cir. 1993).
<u>Trotta v. Mobil Oil Corp.</u>, 788 F. Supp. 1336 (S.D.N.Y. 1992).
<u>Ricard v. Kraft General Foods, Inc.</u>, 61 Fair Empl. Prac. Cas. (BNA) 632 (S.D.N.Y. 1993 ), <u>aff'd</u>, 17 F.3d 1426 (2d Cir. 1994).

## REQUEST TO CHARGE NO. 13

### HOSTILE ENVIRONMENT
### IMPUTING LIABILITY TO THE HARTFORD

Even if you find that Mr. Shorter proved by a preponderance of the evidence that Ms. Rhodes created a hostile work environment, The Hartford is not liable for her conduct unless 1) it provided no reasonable avenue for Mr. Shorter to complain about the conduct; or 2) it knew of the harassment but did nothing about it.

If you find that The Hartford maintained a policy against sexual harassment, then you cannot find that The Hartford did not provide Mr. Shorter with an avenue to complain about Ms. Rhodes' alleged conduct. Moreover, if you find that The Hartford investigated Mr. Shorter's allegations, then you cannot find that The Hartford knew of the harassment yet did not take steps to prevent or correct it.

Sources:    Richardson v. New York State Dept. of Correctional Service, 180 F.3d 426 (2d Cir. 1999).
Distasio v. Perkin Elmer Corp., 157 F.3d 55 (2d Cir. 1998).

19

## REQUEST TO CHARGE NO. 14

## RACE AND SEX DISCRIMINATION

In Counts Two and Six, Mr. Shorter alleges that The Hartford discriminated against him based on his race and sex by terminating his employment on January 23, 2002. Mr. Shorter brings these claims under federal and state laws prohibiting employment discrimination. The law protects employees from discrimination in any term or condition of employment because of their race and/or sex.

In Count Three, Mr. Shorter alleges a claim under 42 U.S.C. § 1981, which is a federal statute which provides that all persons within the United States shall have the same right to make and enforce contracts and to the full and equal benefit of all laws as are enjoyed by white citizens. This law entitles people of color to equal opportunity and treatment in employment. Section 1981 applies only to claims of race discrimination – it does not apply to Mr. Shorter's claim of sex discrimination.

The same elements and proof burdens are applicable to discrimination claims brought under Title VII, the Connecticut Fair Employment Practices Act and Section 1981. The law provides a three-step analysis with respect to proving race and sex discrimination. I will instruct you as to each prong of this three-part analysis.

The first prong of the test is known as a prima facie case. Mr. Shorter must prove, by a preponderance of the evidence, a prima facie case of race and/or sex discrimination. If Mr. Shorter fails to prove a prima facie case, then you must find for The Hartford.

If Mr. Shorter can prove a prima facie case then, for the second prong, The Hartford must simply articulate a non-discriminatory reason for its conduct. It is not a matter of

20

agreeing or disagreeing with The Hartford's stated reasons for Mr. Shorter's discharge. The Hartford merely must offer an explanation to meet its burden at this stage.

Next, the law requires Mr. Shorter to prove, by a preponderance of the evidence, that the reason offered by The Hartford are not true and that The Hartford's stated reason is a "pretext" for intentional and purposeful race and/or sex discrimination. The ultimate burden of producing evidence of discrimination is on Mr. Shorter. It is Mr. Shorter who must prove that The Hartford's reasons are a pretext <u>and</u> that The Hartford actually was motivated by purposeful race and/or sex discrimination. The sole question to be decided is whether The Hartford terminated Mr. Shorter because of his race and/or sex rather than for some other reason.

Sources:     Reeves v. Sanderson Plumbing Products, 530 U.S. 133 (2000).
St. Mary's Honor Center v. Hicks 509 U.S. 592 (1993).
Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981).
Fisher v. Vassar College, 114 F.3d 1332 (2d Cir. 1997).
Woroski v. Nashua Corp., 31 F.3d 105 (2d Cir. 1995).

21

## REQUEST TO CHARGE NO. 15

## PROVING A PRIMA FACIE CASE OF
## RACE AND/OR SEX DISCRIMINATION

To establish a prima facie case that The Hartford discriminated against Mr. Shorter because of his race and/or sex, Mr. Shorter must prove facts sufficient to create an initial inference of discrimination. To do so, he must prove each of the following elements by a preponderance of the evidence:

1. he belongs to a protected class;

2. he was qualified for his position;

3. he was subjected to an adverse employment action; and

4. the employment action, in this case his employment termination, occurred under circumstances giving rise to an inference of race and/or sex discrimination.

In this case, the parties agree that Mr. Shorter is African American and that he is male, that he was qualified for his position and that his employment was terminated. Therefore, in determining whether Mr. Shorter established a prima facie case by a preponderance of the evidence, you must decide whether the termination decision occurred under circumstances giving rise to an inference of race and/or sex discrimination.

If you find that Mr. Shorter has failed to prove this element of a prima facie case, you must find in favor of The Hartford.

If, however, you find that Mr. Shorter has proven this element by a preponderance of the evidence, you may not automatically find for Mr. Shorter. You must next consider The Hartford's reasons for Mr. Shorter's termination of employment.

22

Sources:     Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) et seq.
Reeves v. Sanderson Plumbing Products, 530 U.S. 133 (2000).
St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993).
Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981).
McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).
Fisher v. Vassar College, 114 F.3d 1332 (2d Cir. 1997).
McLee v. Chrysler Corp., 109 F.3d 130 (2d Cir. 1997).
Thornley v. Penton Publishing, Inc., 104 F.3d 26 (2d Cir. 1997)
Robinson v. Overseas Military Sales Corp., 21 F.3d 502 (2d Cir. 1994).
Spence v. Maryland Casualty Co., 995 F.2d 1147 (2d Cir. 1993).
Hollander v. American Cyanamid Co., 895 F.2d 80 (2d Cir. 1990).
Ramseur v. Chase Manhattan Bank, 865 F.2d 460 (2d Cir. 1989).
Haskell v. Kaman Corp., 743 F.2d 113 (2d Cir. 1984).
Henderson v. Center for Community Alternatives, 911 F. Supp. 689 (S.D.N.Y. 1996).

23

## REQUEST TO CHARGE NO. 16

### LEGITIMATE REASONS AS TO EMPLOYMENT ACTION

If, and only if,  you find that Mr. Shorter has proven a *prima facie* case by a preponderance of the evidence, you must next consider whether The Hartford has articulated a non-discriminatory reason (a reason based on something other than Mr. Shorter's race and sex) for the decision to terminate his employment.  At this stage, The Hartford is only required to articulate a non-discriminatory reason for  the termination decision.

The Hartford is not required to prove its reason or reasons by a preponderance of the evidence.  In addition, it is not necessary that The Hartford's non-discriminatory reason be correct or for a good reason.  An employer has the right to make business decisions for a good reason, a bad reason, or no reason at all.  All the law prevents is intentional race and/or sex discrimination. The fact that you may disagree with The Hartford's non-discriminatory reason for the termination decision, or that you may have made a different decision in The Hartford's place, is not a permissible reason to disregard or discredit The Hartford's non-discriminatory reason.  You should not find that the decision is unlawful just because you may disagree with The Hartford's stated reason or because you believe the decision was harsh or unreasonable, as long as The Hartford did not make the decision because of Mr. Shorter's race and/or sex.

In other words, even if you were to feel that you would have taken a different action, you may not find The Hartford liable for discrimination unless you also find that Mr. Shorter proved by a preponderance of the evidence that the termination decision was motivated by his race and/or sex.

24

Sources:     St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993).
Price Waterhouse v. Hopkins, 490 U.S. 228 (1989).
Holt v. KMI-Continental Inc., 95 F.3d 123 (2d Cir. 1996).
Ramseur v. Chase Manhattan Bank, 865 F.2d 460 (2d Cir. 1989).
Haskell v. Kaman Corp., 743 F.2d 113 (2d Cir. 1984).
Geller v. Markhan, 635 F.2d 1027 (2d Cir. 1980), cert denied, 451 U.S. 945 (1981).
Getschmann v. James River Paper Co., Inc., 822 F. Supp. 75 (D. Conn. 1993), aff'd, 7 F.3d 221 (2d Cir. 1993).
Henderson v. Center for Comm. Alternatives, 911 F. Supp. 689 (S.D.N.Y. 1996).
Spence v. Maryland Casualty Co., 803 F. Supp. 649 (W.D.N.Y. 1992), aff'd, 995 F.2d 1147 (2d Cir. 1993).