UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FERRON SHORTER JR.<br>Plaintiff, | :<br>:<br>: |
| v. | : CIVIL NO.: 303 CV 0149(WIG)<br>: |
| HARTFORD FINANCIAL SERVICES GROUP,<br>INC. and MARYANNE RHODES<br>Defendants. | :<br>:<br>: JANUARY 18, 2005<br>: |

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF MAURICE KUCK'S JOB PERFORMANCE AND TERMINATION OF EMPLOYMENT**

Pursuant to Federal Rules of Evidence 402 and 403, Hartford Financial Services Group, Inc. ("The Hartford") hereby moves to preclude the introduction of evidence concerning the work performance and termination of employment of Plaintiff's former co-worker, Maurice Kuck. As set forth in more detail below, such evidence should be precluded because: 1) it is irrelevant to Plaintiff's claims in this matter; and 2) its probative value, if any, is far outweighed by the potential for unfair prejudice to The Hartford and confusion of the issues by the jury.

I.   INTRODUCTION

According to Plaintiff's Witness List set forth in the Joint Trial Memorandum, Plaintiff anticipates that Mr. Kuck will testify regarding the following:

> Knowledge of Plaintiff's work performance; demeanor, harassment toward Plaintiff by Mary Anne Rhodes; The Hartford's policies; meetings with Mary Jane Johnson following Plaintiff's termination; statement to Department of Special Investigations on February 8, 2002; <u>Kuck's work history and termination from The Hartford</u>.

(Joint Trial Memorandum, p. 8; emphasis added.) According to Plaintiff's Exhibit List, Plaintiff also intends to introduce documents regarding Mr. Kuck's job performance and termination of

1

employment. These anticipated exhibits are identified as Exhibit Nos. 86 to 100 in Plaintiff's Exhibit List. (Joint Trial Memorandum, p. 14.) These exhibits consist of Mr. Kuck's termination letter dated May 13, 2003 and of employee recognition awards and other documents praising his job performance.

The Hartford does not object to the introduction of admissible evidence regarding the statement Mr. Kuck submitted to the Department of Special Investigations, of admissible evidence based on Mr. Kuck's personal knowledge regarding Plaintiff's work performance or of facts Mr. Kuck personally observed regarding Plaintiff's relationship with Ms. Rhodes. However, evidence regarding Mr. Kuck's work performance and his termination from The Hartford due to a reduction in force in 2003 is irrelevant and bears no relationship to Mr. Kuck's anticipated testimony as a fact witness. Moreover, such evidence, if admitted, can only be an attempt by Plaintiff to portray The Hartford in a negative light as a callous employer which thoughtlessly laid off an excellent employee. Such evidence has no probative value as to any of the facts at issue in Plaintiff's lawsuit and can only serve to unfairly prejudice The Hartford in the eyes of the jury.

II. ANALYSIS

    A. Evidence Concerning Mr. Kuck's Work Performance And Termination Is Irrelevant And Should Be Precluded

According to Rule 402 of the Federal Rules of Evidence, "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible." Fed. R. Evid. 402. The Rules of Evidence further define "relevant evidence" as "[E]vidence having any tendency to make the

existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Evidence concerning Mr. Kuck's work performance and the circumstances of his termination of employment is irrelevant to the facts of this matter. Such evidence bears no relationship to Mr. Kuck's personal knowledge of Plaintiff's work performance, his observations of Plaintiff's interactions with Ms. Rhodes or his participation in DSI's investigation of Ms. Rhodes' complaint. Mr. Kuck's work performance and the circumstances of his termination due to a reduction in force in May 2003 – approximately 16 months following Plaintiff's discharge – are not at issue in this matter and are not "of consequence to the determination of the action." Fed. R. Evid. 401. Consequently, such evidence is irrelevant and should be precluded from the trial of this matter.

B.  Evidence Of Mr. Kuck's Work Performance And Termination Is Inadmissible Under Rule 403 And Should Be Precluded

Under Rule 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. . . ." Fed. R. Evid. 403. "Unfairness may be found in any form of evidence that may cause a jury to base its decision on something other than the established propositions in the case." Leopold v. Baccarat, Inc., 174 F.3d 261, 270 (2d Cir. 1999)(citation omitted). Under this Rule, the Court must balance the prejudicial effect of the evidence with its probative value. United States v. Harvey, 991 F.2d 981, 996 (2d Cir. 1993) ("Under Rule 401 and 403 . . . in order for evidence to be admissible, it must be relevant and its prejudicial effect must not substantially outweigh its probativeness.").

The probative value of evidence of Mr. Kuck's work performance and of his termination is substantially outweighed by its prejudicial effect. As set forth above, such

evidence has no probative value concerning the facts and circumstances of Plaintiff's relationship with Mary Anne Rhodes, The Hartford's investigation of Ms. Rhodes' complaint or The Hartford's reasons for Plaintiff's subsequent discharge. Nor is such evidence even remotely related to any other facts at issue in this matter.

In addition, such evidence is clearly prejudicial to The Hartford. The Hartford's defense will be based in large part on its receipt and investigation of Ms. Rhodes' complaint regarding Plaintiff. This defense will rely on evidence of the good faith nature of The Hartford's investigation, the facts discovered during its investigation and the information it possessed at the time of the termination decision. Evidence that Mr. Kuck performed his job duties well and that he was laid off as part of a reduction in force in May 2003 can only be an attempt by Plaintiff to unfairly portray The Hartford in a negative light. Such evidence will likely prejudice The Hartford in the eyes of the jury and confuse the jury's consideration of the facts of Plaintiff's discharge. Accordingly, it should be barred under Rule 403.

III. <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Motion in Limine To Preclude Evidence Of Maurice Kuck's Job Performance and Termination of Employment should be granted.

DEFENDANT,
HARTFORD FINANCIAL SERVICES GROUP, INC.

By: *Margaret J. Strange*
Margaret J. Strange (ct08212)
James F. Shea (ct16750)
Jackson Lewis LLP
55 Farmington Avenue, Suite 1200
Hartford, CT 06105
Phone: (860) 522-0404/Fax: (860) 247-1330
email: strangem@jacksonlewis.com
email: sheaj@jacksonlewis.com

CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was sent via facsimile and first class mail, postage prepaid, on this 18th day of January 2005, to the following counsel of record:

> Rachel M. Baird
> Law Office of Rachel M. Baird
> 379 Prospect Street
> Torrington, CT 06790
> (860) 626-9991
> Attorney for Plaintiff

> David L. Metzger
> Metzger & Associates
> 25 Capitol Avenue
> Hartford, CT 06106-1707
> Ph. (860) 549-5026
> Attorney for Defendant Maryanne Rhodes

*Margaret J. Strange* (signature)
Margaret J. Strange

H:\Client Folder\H\The Hartford\Shorter\Trial\Motion Limine Kuck Evid DOC
64532