United States District Court
District of Connecticut
FILED AT
1-24-
By Carol dances 2005

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

FERRON SHORTER JR.,                    :

    Plaintiff,                          :        CASE NO. 3:02-cv-149(WIG)

    v.                                  :

HARTFORD FINANCIAL SERVICES   :
GROUP, INC.,                           :

    Defendant.                          :        JANUARY 24, 2005

## PLAINTIFF'S PROPOSED JURY CHARGES

### Request to Charge No. 1

### DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary. It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

**Source of Instruction:** Ninth Circuit, Manual of Model Civil Jury Instructions § 3.1 (2001).

**Request to Charge No. 2**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Source of Instruction:** Ninth Circuit, Manual of Model Civil Jury Instructions § 3.5 (2001).

**Request to Charge No. 3**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of

2

witnesses who testify.

**Source of Instruction:** Ninth Circuit, Manual of Model Civil Jury Instructions § 3.6 (2001).

**Request to Charge No. 4**

## LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

**Source of Instruction:** Ninth Circuit, Manual of Model Civil Jury Instructions § 6.2 (2001).

**Request to Charge No. 5**

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court. You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors. Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Source of Instruction:** Ninth Circuit, Manual of Model Civil Jury Instructions § 4.1 (2001)

### Request to Charge No. 6

## DISPARATE TREATMENT

The plaintiff has brought a claim of employment discrimination against the defendant. The plaintiff claims that his race and/or sex were the sole reasons or motivating factors for the defendant's decision to discharge the plaintiff. The defendant denies that plaintiff's race and/or sex were the sole reasons or motivating factors for the defendant's decision to discharge the plaintiff and further claims the decision to discharge the plaintiff was based upon lawful reasons.

**Source of Instruction:**   42 U.S.C. § 2000e-2(m); Ninth Circuit, Manual of Model Civil Jury Instructions § 12.1A (2001).

### Request to Charge No. 7

## DISPARATE TREATMENT - ELEMENTS AND BURDEN OF PROOF

As to the plaintiff's claim that his race and/or sex were motivating factors motivating factor for the defendant's decision to discharge him, the plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1. the plaintiff was discharged by the defendant; and

2. the plaintiff's race and/or sex were motivating factors in the defendant's decision to discharge the plaintiff.

If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

If you find the plaintiff's race and/or sex were motivating factors in the defendant's decision to discharge him, the plaintiff is entitled to your verdict even if you find that the defendant's conduct was also motivated by a lawful reason. The plaintiff is entitled to

monetary damages if you find that the defendant's decision was motivated both by race and/or

sex and a lawful reason, unless the defendant proves by a preponderance of the evidence that the

defendant would have made the same decision even if the plaintiff's race and/or sex had played

no role in the employment decision.

**Source of Instruction:** 42 U.S.C. 2 2000e-2(m); Ninth Circuit, Manual of Model Civil Jury
Instructions § 12.1B (2001).

<u>**Request to Charge No. 8**</u>

**"MOTIVATING FACTOR" DEFINED**

The term "motivating factor" means a consideration that moved defendant toward its

decision, or a factor that played a part in the employment decision.

**Source of Instruction:** McNamara, Todd J. and Southerland, J. Alfred, <u>Federal Employment
Jury Instructions</u> § 1.420; Model Jury Instructions (Civil) Eighth Circuit § 5.01 n.6 (1998).

<u>**Request to Charge No. 9**</u>

**MOTIVATING FACTOR**

An unlawful employment practice is established when the complaining party

demonstrates that race and/or sex was a motivating factor for the employment practice, even

though other factors also motivated the practice. What is a "motivating factor?" It is a

consideration that played a substantial role in defendants' decision to deny plaintiff equal terms,

conditions or privileges of employment. It need not be the only consideration that led to

defendants' decision, and it need not even be the most important consideration in the decision.

Plaintiff must, however, demonstrate the decision was made at least in substantial part because of

his race and/or sex.

5

He must prove his race and/or sex contributed to defendant's decision in a substantial

way. Plaintiff is not, however, required to prove that race and/or sex was the sole motivation or

even the primary motivation for defendant's decision.

**Source of Instruction:** McNamara, Todd J. and Southerland, J. Alfred, <u>Federal Employment</u> <u>Jury Instructions</u> § 1.421; <u>Menchaca v. American Medical Response of Ill., Inc.</u>, 2002 U.S. Dist. LEXIS 405 (N.D.Ill. 2002); <u>Jackson v. Town of Hempstead</u>, 2002 U.S. Dist. LEXIS 2398 (E.D.N.Y. 2002).

## Request to Charge No. 10

## "SEXUAL STEREOTYPING"

Differential treatment on account of sex, even if it is not obviously based on a

characteristic of sex, violates Title VII. Sexual stereotyping occurs when an employer evaluates

employees by assuming or insisting that they match a stereotype associated with their group. In

the context of sexual stereotyping, an employer who acts on the basis of a belief that a woman

cannot be aggressive or that she is not aggressive because she is a woman, or that a man cannot

be a victim of harassment by a woman because he is a man, has acted on the basis of gender.

**Source of Instruction:** McNamara, Todd J. and Southerland, J. Alfred, <u>Federal Employment</u> <u>Jury Instructions</u> § 1.230; <u>Price Waterhouse v. Hopkins,</u> 490 U.S. 228 (1989); <u>Ostrowski v.</u> <u>Atlantic Mutual Ins. Co.,</u> 968 F.2d 171 (2d Cir. 1992); <u>Lindhal v. Air France</u>, 55 Fair Empl. Prac. Cas. (B.N.A.)1033 (9th Cir. 1991).

## Request to Charge No. 11

## EVIDENCE OF PRETEXT

If you find that the stated reasons given by defendant are inconsistent or implausible or

that defendant substantially deviated from its own practices or policies, then you may conclude

that the offered explanation is a mere pretext, excuse, sham, or cover-up for discrimination. If

you find pretext, you may also infer that race was a motivating factor in the employment

decisions, though you are not required to draw such an inference.

A showing that defendant's proffered legitimate explanation for termination is not worthy of belief is one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive. You may infer from a false explanation that defendant's intent is to cover a discriminatory purpose.

**Source of Instruction:** McNamara, Todd J. and Southerland, J. Alfred, <u>Federal Employment Jury Instructions</u> §§ 3.250, 3.251; <u>Windham v. Time Warner, Inc.</u>, 275 F.3d 179 (2d Cir. 2001).

## Request to Charge No. 12

### BUSINESS JUDGMENT – CAUTIONARY INSTRUCTION

I have instructed you regarding defendant's use of its business judgment. However, while the business judgment rule protects the sincere employer against second-guessing of the reasonableness of its judgments, it does not protect the employer against attacks on its credibility.

**Source of Instruction:** <u>Byrnie v. Town of Cromwell</u>, 243 F.3d 93, 105 (2d Cir. 2001).

## Request to Charge No. 13

### HOSTILE WORK ENVIRONMENT - HARASSMENT BECAUSE OF PROTECTED CHARACTERISTICS—ELEMENTS

The plaintiff seeks damages against the defendant for a sexually hostile work environment while employed by the defendant. In order to establish a sexually hostile work environment, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the plaintiff was subjected to sexual advances, requests for sexual conduct, or other verbal or physical conduct of a sexual nature;

2. the conduct was unwelcome;

3. the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create a sexually abusive or hostile work environment;

4. the plaintiff perceived the working environment to be abusive or hostile; and

5. a reasonable person in the plaintiff's circumstances would consider the working environment to be abusive or hostile.

Whether the environment constituted a sexually hostile work environment is determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with an employee's work performance.

**Source of Instruction:** Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993); Fuller v. City of Oakland, California, 47 F.3d 1522, 1527 (9th Cir.1995); Ninth Circuit, Manual of Model Civil Jury Instructions, § 12.2A (2001).

**Request to Charge No. 14**

**HOSTILE WORK ENVIRONMENT CAUSED BY NON-IMMEDIATE SUPERVISOR OR BY CO-WORKER**

The plaintiff seeks damages from the defendant for a hostile work environment caused by sexual harassment. The plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1. the plaintiff was subjected to a sexually hostile work environment by a [non-immediate supervisor] [coworker]; and

2. the defendant or a member of defendant's management knew or should have known of the harassment and failed to take prompt, effective remedial action reasonably calculated to end the harassment.

8

A person is a member of management if the person has substantial authority and discretion to make decisions concerning the terms of the harasser's employment or the plaintiff's employment, such as authority to counsel, investigate, suspend, or fire the accused harasser, or to change the conditions of the plaintiff's employment. A person who lacks such authority is nevertheless part of management if he or she has an official or strong duty in fact to communicate to management complaints about work conditions. You should consider all the circumstances in this case in determining whether a person has such a duty. The defendant's remedial action must be reasonable and adequate. Whether the defendant's remedial action is reasonable and adequate depends upon the remedy's effectiveness in stopping the individual harasser from continuing to engage in such conduct and in discouraging other potential harassers from engaging in similar unlawful conduct. An effective remedy should be proportionate to the seriousness of the offense.

If you find that the plaintiff has proved both of the elements on which the plaintiff has the burden of proof, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

**Source of Instruction:** Swinton v. Potomac Corp., 270 F.3d 794, 803-05 (9th Cir.2001), cert. denied, 535 U.S. 1018 (2002); Ninth Circuit, Manual of Model Civil Jury Instructions, § 12.2C (2001).

**Request to Charge No. 15**

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

9

**Source of Instruction:** Ninth Circuit, Manual of Model Civil Jury Instructions, § 5.1 (2001).

<u>**Request to Charge No. 16**</u>

**RETALIATION—ELEMENTS**

The plaintiff seeks damages against the defendant for retaliation. The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1. the plaintiff engaged in or was engaging in an activity protected under federal law, that is he sent letters to the defendant, through his attorney, complaining of discrimination;

2. the employer subjected the plaintiff to an adverse employment action, that is the defendant threatened plaintiff with arrest for no reason; and

3. the protected activity was a substantial or motivating factor in the adverse employment action.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any one of these elements, your verdict should be for the defendant.

**Source of Instruction:** Ninth Circuit, Manual of Model Civil Jury Instructions, § 12.3A (2001).

<u>**Request to Charge No. 17**</u>

**"ADVERSE EMPLOYMENT ACTION" IN RETALIATION CASES**

An action is an adverse employment action if it is reasonably likely to deter an employee from engaging in protected activity.

**Source of Instruction:** Ninth Circuit, Manual of Model Civil Jury Instructions, § 12.4A.1 (2001).

<u>**Request to Charge No. 18**</u>

**"ADVERSE EMPLOYMENT ACTION" IN DISPARATE TREATMENT CASES**

An action is an adverse employment action if it materially affects the terms, conditions,

or privileges of employment.

**Source of Instruction:** Ninth Circuit, Manual of Model Civil Jury Instructions, § 12.4A.2 (2001).

**Request to Charge No. 19**

### RACE DISCRIMINATION - § 1981

~~Plaintiff's claim for recovery under Section 1981 is based upon a federal statute, which provides~~ that all persons within the United States shall have the same right to make and enforce contracts and to the full and equal benefit of all laws as is enjoyed by white citizens. This law entitles a person of color to equal opportunity and treatment in employment. Thus, when an employer acts adversely against a person of color because of that person's race, the law has been violated and the person of color may file suit and recover damages.

To recover on his claim against Defendant, Plaintiff must prove the following elements by a preponderance of the evidence:

1.      Defendant intentionally discriminated against plaintiff; and

2.      as a direct result of such discrimination, plaintiff sustained damages.

**Source of Instruction:** McNamara, Todd J. and Southerland, J. Alfred, Federal Employment Jury Instructions §§ 3.600; 42 U.S.C. §1981(a) (1997); Devitt & Blackmar, Federal Jury Practice & Instructions, §104.01 (1987 & Supp. 1998).

**Request to Charge No. 20**

### RACE DISCRIMINATION - § 1981 – ESSENTIAL ELEMENTS

Your verdict must be for plaintiff and against defendant on plaintiff's race discrimination claim if all the following elements have been proved by the preponderance of the evidence:

*First,* defendant discharged plaintiff; and

*Second,* plaintiff's race was a motivating factor in defendant's decision.

11

However, your verdict must be for defendant if any of the above elements has not been proved

by the preponderance of the evidence, or if it has been proved by the preponderance of the

evidence that defendant would have decided to discharge plaintiff regardless of his race.

**Source of Instruction:** McNamara, Todd J. and Southerland, J. Alfred, Federal Employment Jury Instructions §§ 3.610.

**Request to Charge No. 21**

## RACE DISCRIMINATION - § 1981 ACTUAL DAMAGES

If you find in favor of plaintiff under instruction No. 20, then you must award plaintiff

such sum as you find by the preponderance of the evidence will fairly and justly compensate him

for damages you find he sustained as a direct result of defendant's conduct as described in

instruction No. 20. Damages include wages or fringe benefits you find plaintiff would have

earned in his employment with defendant if he had not been discharged on January 23, 2002,

minus the amount of earnings and benefits from other employment received by plaintiff during

that time.

You are also instructed that plaintiff has a duty under the law to "mitigate" his

damages—that is, to exercise reasonable diligence under the circumstances to minimize his

[his/her] damages. Therefore, if you find by the preponderance of the evidence that plaintiff

failed to seek out or take advantage of an opportunity that was reasonably available to him, you

must reduce his damages by the amount of the wages and fringe benefits plaintiff reasonably

could have earned if he had sought out or taken advantage of such an opportunity.

Remember, throughout your deliberations, you must not engage in any speculations, guess, or

conjecture and you must not award any damages by way of punishment or through sympathy.

**Source of Instruction:** McNamara, Todd J. and Southerland, J. Alfred, Federal Employment Jury Instructions §§ 3.620; Model Jury Instructions (Civil) Eighth Circuit §5.22 (2001).

12

<u>Request to Charge No. 22</u>

## TITLE VII – DISCRIMINATION AND RETALIATION - DAMAGES

I will now give you instructions about how to calculate damages. You should not consider the fact that I am giving you this instruction as suggesting any view of mine as to which party is entitled to your verdict in this case or that I think that you should award any damages. Those decisions are entirely for you to make. I am giving you these instructions solely for your guidance in the event that you find in favor of plaintiff on his claim against defendant. The fact that I do does not in any way mean that I think you should award any damages; that is entirely for you to decide. If you find for plaintiff on his claim that defendant discriminated against him because of his race and/or sex, then you must determine whether he is entitled to damages in an amount that is fair compensation. You may award compensatory damages only for injuries that plaintiff proved were caused by defendant's allegedly wrongful conduct. The damages that you award must be fair compensation, no more and no less. You may award compensatory damages for emotional pain and suffering, inconvenience, and mental anguish if you find that they were caused by defendant's discrimination. No evidence of the monetary value of such intangible things as pain and suffering has been or need be introduced into evidence. There is no exact standard for fixing the compensation to be determined for these elements of damage. Any award you make should be fair in light of the evidence produced at trial. In determining the amount of damages, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

13

**Source of Instruction:** McNamara, Todd J. and Southerland, J. Alfred, <u>Federal Employment Jury Instructions</u> § 3.328; Standing Orders, Jury Instructions for Discrimination & Retaliation Under Title VII, Magistrate Judge John M. Facciola, United States District Court for the District of Columbia.

### Request for Charge No. 23

**DAMAGES – BACKPAY**

In the event you are convinced by the evidence that defendant discriminated or retaliated against plaintiff, then you must determine the amount of damages plaintiff has sustained. If you find that plaintiff was a victim of race and/or sex discrimination, then plaintiff is entitled to backpay. The measure of backpay in this case varies, as it depends on which of the decisions of defendant you determine were discriminatory or retaliatory. If you find that plaintiff's discharge from his employment in January of 2002 was based on his race and/or sex, the measure of backpay is what plaintiff would have earned had he not been terminated from defendant in January of 2002. Backpay includes what plaintiff would have earned and the value of the benefits he would have received had he remained employed by defendant instead of being terminated.

In determining this amount of backpay, you must make several calculations:

1.    First, calculate the amount of pay and bonuses plaintiff would have earned had he remained at defendant through today's date.

2.    Then, calculate the value of the employee benefits plaintiff would have had if he had remained employed by defendant to the date of your verdict. In determining the value of the pay and benefits, the premiums paid by the employer for providing insurance benefits should be used.

3. Then subtract the amount Plaintiff earned in other employment following his discharge from defendant. The amount of unemployment benefits and accrued vacation which plaintiff received at the time of or afte January of 2002 discharge should not be deducted.

**Source of Instruction:** McNamara, Todd J. and Southerland, J. Alfred, <u>Federal Employment Jury</u>
<s>Instructions § 1.1260; Model Jury Instructions (Civil) Eighth Circuit §5.02 (2001).</s>

<u>Request to Charge No. 24</u>

## COMPENSATORY DAMAGES – TITLE VII

Plaintiff seeks to recover damages for emotional pain, suffering, inconvenience, mental anguish,

loss of enjoyment of life and other noneconomic losses.  You must determine what other loss, if

any, plaintiff has suffered or will suffer in the future caused by any protected characteristic

discrimination that you find defendant has committed under the instructions I have given you.

We call these compensatory damages. You may award compensatory damages for emotional

pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other noneconomic

losses if you determine that plaintiff has proven, by a preponderance of the evidence, that he has

experienced any of these consequences as a result of protected characteristic discrimination. No

evidence of the monetary value of intangible things like emotional pain, suffering,

inconvenience, mental anguish, loss of enjoyment of life and other noneconomic losses is

available and there is no standard I can give you for fixing any compensation to be awarded for

these injuries. Even though it is obviously difficult to establish a standard of measurement for

these damages, that difficulty is not grounds for denying a recovery on this element of damages.

You must, therefore, make the best and most reasonable estimate you can, not from a personal

point of view, but from a fair and impartial point of view, of the amount of emotional pain,

suffering, inconvenience, mental anguish, loss of enjoyment of life and other noneconomic

losses you find that plaintiff has undergone and can probably be expected to suffer in the future

as a result of defendant's conduct. And you must place a money value on this, attempting to

come to a conclusion that will be fair and just to both of the parties. This will be difficult for you

15

to measure in terms of dollars and cents, but there is no other rule I can give you for assessing this element of damages.

You may also award Plaintiff prejudgment interest in an amount that you determine is appropriate to make him whole and to compensate [him/her] for the time between when he was injured and the day of your verdict. It is entirely up to you to determine the appropriate rate and amount of any prejudgment interest you decide to award.

Plaintiff has the duty to mitigate his—that is, to take reasonable steps that would reduce the damages. If [he/she] fails to do so, then [he/she] is not entitled to recover any damages that he could reasonably have avoided incurring. Defendant has the burden of proving, by a preponderance of the evidence, that Plaintiff failed to take such reasonable steps.

Defendant contends that it would have made the same decision to discharge plaintiff because of the emails it discovered after plaintiff was discharged. If defendant proves, by a preponderance of the evidence, that it would have made the same decision and would have discharged Plaintiff because of the emails, you should limit any award of damages to the date defendant would have made the decision to discharge plaintiff as a result of the emails.

If you have found Defendant liable to Plaintiff, but find that [his/her] damages have no monetary value, you may award [him/her] nominal or token damages such as One Dollar ($1.00) or some other minimal amount.

**Source of Instruction:** McNamara, Todd J. and Southerland, J. Alfred, Federal Employment Jury Instructions § 1.1242; Draft Model Jury Instructions (Civil) First Circuit §7.1 (2003).

**Request to Charge No. 25**

**PUNITIVE DAMAGES**

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter a defendant and others

from committing similar acts in the future.

The plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that defendant's conduct was malicious, or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety, rights , or the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff. Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

**Source of Instruction:**  Ninth Circuit, Manual of Model Civil Jury Instructions § 7.5 (2001).

PLAINTIFF
FERRON SHORTER JR.

BY:

Rachel M. Baird (ct12131)
Law Office of Rachel M. Baird
379 Prospect St
Torrington CT 06790-5239
Tel:  (860) 626-9991
Fax:  (860) 626-9992

## CERTIFICATION

I HEREBY CERTIFY that a copy of the foregoing was mailed first-class, postage paid to

the following counsel of record on January 24, 2005:

David L. Metzger, Esq.
Metzger & Associates
25 Capitol Ave
Hartford CT 06106

and hand-delivered to the following counsel of record on January 24, 2005:

Margaret J. Strange, Esq.
Jackson Lewis LLP
55 Farmington Ave Ste 1200
Hartford CT 06105

Rachel M. Baird

18