**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

-----------------------------------------------------x
FERRON SHORTER, JR.,                          :
                                              :
         Plaintiff,                           :
                                              :
    v.                                        :     No. 3:03cv0149(WIG)
                                              :
HARTFORD FINANCIAL                            :
SERVICES GROUP, INC.,                         :
                                              :
         Defendant.                           :
-----------------------------------------------------x

## INDEX TO JURY CHARGE

I.  Standard Charge
        A.  Election of Foreperson _____ 2
        B.  Duty of Jurors _____ 2
        C.  Function of the Court and the Jury _____ 2
        D.  Conduct of Counsel _____ 3
        E.  Statements of the Judge and Counsel _____ 4
        F.  Burden of Proof _____ 4
        G.  Evaluating Evidence _____ 5
        H.  Direct and Circumstantial Evidence _____ 6
        I.  Witness Credibility and Weight of Testimony _____ 7
        J.  Impeachment of a Witness _____ 8
        K.  Uncontradicted Testimony _____ 10
        L.  Corporation as Party Defendant _____ 10
II. Substantive Charge                                              11
        A.  Hostile Work Environment _____ 11
        B.  Race and Gender Discrimination _____ 12
            1.  Circumstantial Evidence _____ 14
            2.  Employer Discretion in Employment Decisions _____ 14
        C.  Intentional Infliction of Emotional Distress_____ 16
        D.  Negligent Infliction of Emotional Distress _____ 17
        E.  Proximate Cause _____ 19
        F.  Damages _____ 20
            1.  Back Pay _____ 20
            2.  Compensatory Damages_____ 21
            3.  Mitigation of Damages _____ 21
            4.  Punitive Damages _____ 22
III. Concluding Charge                                              23
        A.  Use of Verdict Form _____ 24
                                                                    24

B. Note Taking _____ 25
C. Conclusion _____ 25

## I. **STANDARD CHARGE**

Members of the jury, you have listened to and seen the evidence in this case, and you have heard the arguments of counsel. I shall now instruct you concerning the law applicable to this case. You will then return to the jury room to deliberate in accordance with these instructions. At the outset, I want to express my thanks to you for the time and energy and patience you have devoted to this trial.

### A. **ELECTION OF FOREPERSON**

Your first order of business will be to elect a foreperson who will preside over your deliberations and who will be your spokesperson here in Court. The foreperson's responsibilities are to see that everyone gets a fair chance to speak and to be heard, and the foreperson attempts to maintain harmony and keep tempers and voices down. Also, the foreperson is responsible for sending out any notes that have to be sent to us. Beyond these responsibilities, however, the foreperson is no different than the other jurors. He or she has no greater vote and no greater power than any other juror.

### B. **DUTY OF JURORS**

It is your duty as jurors to follow the law as I state it to you in these instructions, and to apply that law to the facts as you find them from the evidence in the case. If any attorney or any witness or exhibit has stated a legal principle different from anything that I state to you in my instructions, you must ignore any contrary interpretations of the law you may have heard and you must follow my instructions.

Even if you have opinions on what the law is or ought to be, it would be a violation

of your sworn duty to base a verdict upon any view of the law other than the instructions of the Court. It would also be a violation of your sworn duty if you were to base any finding of fact on anything other than the evidence presented to you in this case.

Finally, you must put aside any personal feelings you may have about the parties in this case. You must perform your duties without bias or prejudice as to any party. Our system of law does not permit jurors to be governed or affected by sympathy or by prejudice. All persons are considered equal before the law.

C.    **FUNCTION OF THE COURT AND THE JURY**

It is my function, and indeed my duty, to instruct you on the law applicable to this case. I may state a rule or direction in varying ways, or I may repeat certain instructions. If I do, I am simply trying to explain what might be a complex idea, and I am not intending to give that one particular instruction any emphasis, nor should you infer any emphasis. You are to consider these instructions as a whole. You are not to single out any one instruction or any particular sentence, and ignore the others. Also, the order in which I instruct you about these things has no particular significance.

At this time, your function as members of the jury is to consider the evidence that you have heard in this courtroom and to determine the facts. You are the sole and exclusive judges of the facts. Your determination of the facts is conclusive and it is your recollection of these facts that governs. Therefore, if, upon reflection and deliberation, your recollection of the facts is different from what the lawyers asserted in their closing arguments, please disregard what the lawyers have said in that regard and rely solely upon your own recollection. You will get a copy of these instructions to take with you into the jury room.

### D.    CONDUCT OF COUNSEL

The lawyers in this case have a duty to object when the other side offers testimony or other evidence that the lawyer believes is not properly admissible. The lawyers also have the right and duty to ask the Court to make rulings of law. All those questions of law must be decided by me, as the Court. You must not allow any preferences or sympathy or feelings about the conduct of counsel to enter into your decision-making process. Any preferences as to counsel or feelings about their conduct must be put aside in your deliberations.

### E.    STATEMENTS OF JUDGE AND COUNSEL

At times throughout the trial, I was called upon to make rulings on various matters of law. I may have sustained some objections and I may have overruled others. Please do not draw any inferences from the fact that I sustained or overruled these objections. For example, if I allowed testimony or other evidence to be introduced over the objections of one of the lawyers, I did not mean to indicate that I have any opinion as to the weight or effect of such testimony or evidence. If, however, I sustained an objection as to certain questions, you must entirely disregard those questions. Nor should you consider any answers to those questions that may have come out before the objections were sustained. Finally, you should not attempt to infer what the answers to the questions would have been, if the questions had been allowed.

If during the trial I said anything or indicated anything in the questions that I asked of the various witnesses, which may have led you to believe that I am inclined to favor the position of one of the parties, you must completely disregard that. It was not my intention to encroach upon your function in determining the facts of this case. My questions of

4

witnesses were asked purely for purposes of clarification and to attempt to assist you in understanding the case.

### F.     BURDEN OF PROOF

Now, I would like to explain the burden of proof. As I mentioned to you at the beginning of trial, this is a civil case. All of you have heard of proof beyond a reasonable doubt, which is the standard of proof in a criminal trial. That requirement does not apply to a civil case such as this one, and you have to put it out of your mind.

In all civil cases, the plaintiff has the burden of proving each essential element of his claim to you by a preponderance of the evidence. All this really means is that if the plaintiff is trying to prove a fact to you, he must show that the fact is more likely true than not true. "Preponderance of the evidence" also means "the greater weight of the credible evidence." By "credible evidence," the law simply refers to that evidence which you find worthy of belief. By "weight of the evidence," the law refers not, for example, to the number of witnesses or exhibits, but rather, to the quality of the evidence on one side or the other.

In order for the party with the burden of proof to prevail on a particular claim, your consideration of all the credible evidence must tend to persuade you to believe what that party claims. If after considering all of the evidence, you find that it weighs in favor of that party, then that party has sustained its burden of proof and you must render a verdict in his or its favor. If, however, the evidence weighs in favor of the other party, or even if, in your mind, the evidence is evenly balanced between the two sides, then the party with the burden of proof has failed to sustain the parties' burden of proof and your finding must be for the other party. To put it differently, if you were to put all of the plaintiff's evidence on one side

5

of a scale, and all of the defendant's evidence on the other side of the scale, the plaintiff would have to make the scales tip somewhat in his favor. If he fails to meet this burden, the verdict must be for the defendant.

In evaluating whether a party has carried the burden of proof by a preponderance of the evidence, your conclusion cannot be based on mere speculation or conjecture. You are permitted, however, to draw reasonable inferences from the facts that you find have been proved. Inferences are deductions or conclusions which reason and common sense lead you to draw from such facts.

### G.    EVALUATING EVIDENCE

At this point, I want to give you a few words on evaluating the evidence in this case. At the outset, I want to mention that I am not going to review the evidence for you. I am sure the evidence is still fresh in your minds, and counsel have just reviewed their factual contentions in their summations. If any comments that I do make about the evidence differ from your own recollection, it is still your recollection that controls, not mine.

In performing your crucial responsibility of finding the facts, you must base your conclusions solely and exclusively upon the evidence that has been presented. There are several types or classifications of evidence: First, there is the sworn testimony of the witnesses you have heard live here in the courtroom. Second, there are the exhibits that have been introduced into evidence, regardless of which party introduced them. Third, there are stipulations of counsel as to certain facts, which you may also consider as evidence in this case.

While you must consider only the evidence presented in this case, you are permitted

to draw reasonable inferences from the testimony and evidence. A reasonable inference is not the result of guesswork or speculation. Rather, it is a conclusion that reason and common sense lead you to draw from the evidence presented in the case.

### H.     DIRECT AND CIRCUMSTANTIAL EVIDENCE

As a general rule, there are two types of evidence from which you may find the truth as to the facts of this or any other case: direct evidence and circumstantial evidence. Simply put, direct evidence is the testimony of one who asserts actual knowledge of a fact, for example, an eyewitness to an event. Circumstantial evidence, generally put, is proof of a chain of facts and circumstances that may indicate the existence or non-existence of a fact.

Now, to illustrate the difference between direct and circumstantial evidence, let us assume that a fact in dispute in a case is whether it was raining on a particular afternoon. If a witness testified that he or she personally saw it raining that day, then we would say that we had direct evidence of that fact. On the other hand, if a witness testified that he or she was in a windowless room on that afternoon, but that when the witness came inside, the sky was overcast, and that while the witness was in the room, one person entered with a dripping wet umbrella while another walked in wearing a wet raincoat, we would say that we have circumstantial evidence of the fact that it was raining.

That is a very simple illustration.

Importantly, as a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that, before finding a charge proved, or a fact established, the jury must be satisfied of the proof of that charge or fact by the appropriate standard--preponderance of the evidence--which I just discussed.

7

I would also like to review for you what is not evidence. Testimony that has been stricken or excluded by the Court is not evidence and may not be considered by you in rendering your verdict. What the lawyers have said in their closing arguments, opening statements, in their objections, or in their questions is not evidence. Moreover, what I may have said during the trial or what I may convey in these instructions is not evidence, and my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. In addition, materials brought forth only to refresh a witness' recollection are not evidence. Finally, anything you have seen or heard outside the courtroom is not evidence in the case and must be entirely disregarded.

## I.    WITNESS CREDIBILITY AND WEIGHT OF THE TESTIMONY

As the sole judge of the facts, you must determine which of the witnesses you believe, what portion of their testimony you accept as believable, and what weight you attach to it. You are not obligated to accept all of the evidence as true and accurate. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness' testimony. The testimony of a witness might not conform to the facts as they occurred because the witness is intentionally telling a falsehood, because the witness did not accurately see or hear that about which he or she testified, because the witness' recollection of the event is faulty, or because the witness has not expressed himself or herself clearly. As you weigh each witness' testimony, consider how he or she testified on the stand. You watched each witness testify. Everything a witness said or did on the stand counts in your determination. How did the witness impress

8

you? Did he or she appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear? What was his or her demeanor – that is, his or her carriage, behavior, bearing, manner and appearance while testifying? Often it is not just what a person says, but how he or she says it that helps us evaluate his or her testimony.

There is no magic formula by which one may evaluate testimony. You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. In your everyday affairs, you determine for yourselves the reliability or unreliability of statements made to you or documents given to you by others. The same tests that you use in your everyday dealings are the tests that you should apply in your deliberations here.

The factors to be taken into your consideration in determining the weight, if any, you will assign to a witness' testimony include the interest or lack of interest of the witness in the outcome of this case; the bias or prejudice of the witness, if there is any; the appearance of the witness and the manner in which the witness gave testimony on the stand; the opportunity that the witness had to observe the facts about which he or she testified; any reason for the witness to remember or forget, the accuracy of the witness' memory, candor or lack of candor; and the reasonableness and probability of his or her testimony, its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

If in your deliberations it becomes apparent that there is a discrepancy in the evidence, you will have to consider whether the discrepancy may be reconciled by fitting the two or more stories together. If, however, that is not possible, you will have to determine

9

which of the conflicting versions you accept.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any facts or the number of exhibits a party introduced. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

## J.   IMPEACHMENT OF A WITNESS

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something inconsistent with the witness' present testimony. You may find an apparent inconsistency justified or unjustified. It is your exclusive province to give the testimony of each witness such credibility or weight, if any, as you think it deserves.

If a witness testified untruthfully in some respect, you may consider that fact in deciding what credence you will attach to that witness' testimony. Considering that fact and all other relevant evidence, you may accept or reject the testimony of such a witness, in whole or in part.

## K.   UNCONTRADICTED TESTIMONY

You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons sufficient to you, that such testimony is not worthy of belief.

10

## I. **CORPORATION AS A PARTY DEFENDANT**

All parties come to court as equals under the law. They are entitled to the same rights and they are held to the same obligations under the law. The fact that the defendant in this case is a corporation should not affect your decision in any way. A corporation and a natural person are entitled to the same consideration, no more and no less, and each of the parties has a right to have this case decided fairly under the law.

When a corporation is involved, of course, it can only act through people, those being its officers, directors, agents, and employees while acting within the scope and course of the duties of their employment.

## II. **SUBSTANTIVE CHARGE**

As I discussed with you at the outset of this trial, Mr. Shorter has asserted several different claims against The Hartford arising out of his employment and the termination of his employment. First, Mr. Shorter alleges that he was subjected to a sexually hostile work environment for which The Hartford is liable under state and federal anti-discrimination laws. He further alleges that The Hartford discriminated against him on the basis of his race and/or his gender when it terminated him, in violation of state and federal law. Mr. Shorter has also asserted state-law claims for intentional and negligent infliction of emotional distress. The Hartford denies all of these claims and maintains that it terminated him for a legitimate, non-discriminatory reason. It further denies that Mr. Shorter was subjected to a hostile work environment based on his sex or gender and denies his emotional distress claims.

11

## A.    HOSTILE WORK ENVIRONMENT

Mr. Shorter alleges that he was subjected to a hostile work environment because of his sex or gender, while he was employed by The Hartford, due to the actions of Mary Ann Rhodes, a fellow co-worker. I charge you that, under state and federal law, in order for The Hartford to be liable for a hostile work environment, the plaintiff, Mr. Shorter, must prove each of the following elements of his claim by a preponderance of the evidence:

*First:* That he was subjected to a hostile work environment due to intentional conduct of Ms. Rhodes that was based on Mr. Shorter's sex, or in other words, his male gender;

*Second:*    That the conduct was unwelcome;

*Third:*    That the conduct was sufficiently severe or pervasive to alter the conditions of Mr. Shorter's employment;

*Fourth:* That he perceived the working environment to be abusive or hostile; and

*Fifth:* That a reasonable person in his circumstances would have considered the working environment to be abusive or hostile.

Whether the working environment constitutes a hostile work environment is to be determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with Mr. Shorter's work performance.

In that regard, I charge you that the law prohibiting a hostile work environment based on sex or gender does not create a general civility code for how people must get along and

12

treat each other in the workplace. Thus, conduct that is rude, bothersome, annoying, offensive, and which is not based on a person's sex, does not create a sexually hostile work environment that is actionable under state or federal law. The critical issue is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed.

The mere fact that two co-workers had an "affair gone wrong" does not in and of itself turn alleged harassment into harassment based on gender. Likewise, just because there was an "affair gone wrong" does not mean that the plaintiff cannot state a cause of action for harassment based on gender in the context of a hostile work environment.

Additionally, Mr. Shorter's allegations of sexual harassment must be assessed not only from his point of view - that is whether he subjectively perceived the environment to be abusive; but also from the viewpoint of a reasonable person- that is whether a reasonable person, as distinguished from someone who is unduly sensitive, in his position and considering all of the circumstances, would have found the harassment to be hostile or abusive.

Furthermore, because the alleged harassment in this case was by a co-worker, in order for The Hartford to be liable for Ms. Rhodes' conduct, Mr. Shorter must also show that The Hartford either provided no reasonable avenue for him to complain of the harassment or that The Hartford knew or should have known of the harassment but did nothing about it.

Only if you find that Mr. Shorter has carried his burden of proving each of these elements of his claim by a preponderance of the evidence, can you find The Hartford liable for sexual harassment under state and federal law.

13

## B. DISCRIMINATION ON THE BASIS OF RACE OR GENDER

Mr. Shorter next claims that The Hartford violated the federal and state anti-discrimination statutes when it terminated him because of his race and/or gender. The Hartford denies that it discriminated against Mr. Shorter on the basis of either his race or gender and asserts that he was terminated for a non-discriminatory reason.

In order to prevail on this claim, Mr. Shorter must prove by a preponderance of the evidence that his race or gender was a motivating factor in The Hartford's decision to terminate him. In proving that his race or gender was a motivating factor for his termination, Mr. Shorter is not required to prove that his race or gender was the sole motivation or the primary motivation for The Hartford's decision. It is sufficient if he proves that either his race or his gender was a determinative consideration that made a difference in The Hartford's decision to terminate him.

### 1. CIRCUMSTANTIAL EVIDENCE OF DISCRIMINATION

In proving his case, Mr. Shorter is not required to produce direct evidence that he was terminated based on his race or gender. Direct evidence would include oral or written statements showing discriminatory motivation for The Hartford's treatment of him. Indirect or circumstantial evidence would include proof of a set of circumstances that would allow one to reasonably believe his race or gender was a motivating factor in The Hartford's treatment of him.

You may also consider evidence, if any, of "sexual or racial stereotyping." Sexual or racial stereotyping occurs when an employer evaluates an employee by assuming that he or she matches a stereotype associated with a particular gender or race.

14

Employers rarely admit that they have terminated an employee for a reason expressly forbidden by law. Unlawful discrimination, when it exists, is rarely admitted. Rather, it is a fact that may be inferred from the existence of other facts -- that is, it may be proved through circumstantial evidence. I have already instructed you on the difference between direct evidence and circumstantial evidence, and I remind you that the law makes no distinction between these two kinds of evidence.

In assessing the circumstantial evidence to determine whether The Hartford's intent or motive was discriminatory, you may consider whether the reasons offered by The Hartford for its actions are believable, or whether they are a pretext or cover-up for a discriminatory motive. A showing that The Hartford's proffered legitimate explanation is not worthy of belief is one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive. You may infer from a false explanation that the defendant's intent was to cover a discriminatory purpose. If, on the other hand, you find that the Hartford's proffered explanation is worthy of belief, that may be persuasive circumstantial evidence that it did not illegally discriminate against Mr. Shorter.

Mr. Shorter is not required to show that The Hartford's articulated reasons for terminating him were false or played no role in the decision to terminate him. However, he must prove that these were not the only reasons, and that his race or gender was a motivating factor in the decision to terminate him. It will be up to you to decide, based on all the direct and circumstantial evidence presented, whether Mr. Shorter has proved that it is more likely true than not that his race or his gender was a motivating factor in The Hartford's decision to terminate him.

## 2. EMPLOYER DISCRETION IN EMPLOYMENT DECISIONS

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's gender or race. So far as you are concerned, an employer may discharge an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the employer even though you personally may not favor the action taken and would have acted differently under the circumstances. Neither does the law require an employer to extend any special or favorable treatment to employees because of their race or gender.

Simply because an employer takes an unfavorable action toward an employee who is of a particular race or gender does not mean that race or gender discrimination has taken place. Rather, employers must make employment decisions with respect to their employees without regard to their race or gender. Under federal and state civil rights laws, the race and gender of an employee is to have a neutral status. Thus, an employer can terminate an employee who is black or who is male, as long as the employer does not discriminate against that employee based on his race or gender.

You cannot find in Mr. Shorter's favor simply because you feel sorry for him, nor can you reward him for past services to The Hartford because of some general feeling that he deserved better treatment from The Hartford. Your sole responsibility is to decide whether his race or gender was a motivating factor in The Hartford's decision to terminate him.

In summary, in order to prove his race or gender discrimination claim, Mr. Shorter must show that, more likely than not, his race or gender was a motivating factor in The

Hartford's decision to terminate him.  If you find that he has carried his burden, you must render a verdict in his favor.  If, however, you find that he has not proved that race or gender played a motivating role in The Hartford's decision, you must return a verdict in favor of The Hartford..

## C.  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

In this case, Mr. Shorter has also asserted a claim against The Hartford under state law for what is known as "intentional infliction of emotional distress."  In order for Mr. Shorter to recover for the "tort" or "civil wrong" of intentional infliction of emotional distress under Connecticut law, he must prove four elements against The Hartford by a preponderance of the evidence:

> *First:*  That The Hartford intended to inflict emotional distress or that it knew, or should have known, that emotional distress was a likely result of its conduct;
>
> *Second:* That the conduct of The Hartford was extreme and outrageous;
>
> *Third:*  That the conduct of The Hartford was the proximate cause of the Mr. Shorter's emotional distress; and
>
> *Fourth:* That Mr. Shorter suffered emotional distress, and that the emotional distress sustained by him was severe.

Regarding the first element that Mr. Shorter must prove, that is, that The Hartford intended to inflict emotional distress or that it knew, or should have known, that emotional distress was a likely result of its conduct, The Hartford must have acted either with deliberate purpose to cause the distress, or with knowledge to a substantial certainty that such distress would result.  It is not enough that a defendant may have negligently,

17

inadvertently or accidentally inflicted emotional distress on a plaintiff, even if that was the result.

In connection with the second element which must be proven by Mr. Shorter, that is, that the conduct of The Hartford was extreme and outrageous, the defendant's conduct must have exceeded all bounds usually tolerated by a decent society. To find for Mr. Shorter on this claim, the conduct of The Hartford must have been so outrageous in character and so extreme in degree, in your judgment, as to go beyond all possible bounds of decency and be regarded as atrocious and utterly intolerable in a civilized community. For the tort of intentional infliction of emotional distress to be established, a plaintiff must prove conduct considerably more offensive than that experienced in the rough and tumble of everyday life. Mere insults, indignities or annoyances that are not extreme or outrageous will not suffice to establish liability. Likewise, simply unpleasant or uncomfortable behavior is not sufficient to make out a claim for intentional infliction of emotional distress. And, the mere fact that Mr. Shorter's employment was terminated is not by itself enough to sustain a claim for intentional infliction of emotional distress.

Regarding the third and fourth elements, a defendant may be held liable only for conduct of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind. A line must be drawn between the slight hurts which are the price of a complex society and conduct which is calculated to cause, and does cause mental distress of a very serious kind. The defendant's actions must have been so flagrant that they would have caused severe emotional distress in a person of ordinary sensibilities.

Only if you find that Mr. Shorter has proven each of these four elements of his claim

18

by a preponderance of the evidence may you find in favor of Mr. Shorter on his claim of intentional infliction of emotional distress.

### D. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Mr. Shorter has also alleged a state-law claim for negligent infliction of emotional distress in connection with his termination. To establish a claim of negligent infliction of emotional distress, Mr. Shorter has the burden of proving that The Hartford should have realized that its conduct involved an unreasonable risk of causing emotional distress and that the duress, if it were caused, might result in illness or bodily harm.

Negligent infliction of emotional distress in the employment context arises only where it is based on unreasonable conduct in the termination process. The mere termination of Mr. Shorter's employment is not, by itself, enough to sustain a claim for negligent infliction of emotional distress, even if it caused him some emotional distress.

Thus, in order to prove this claim, Mr. Shorter must prove by a preponderance of the evidence each of the following four elements:

*First:*  That The Hartford's conduct created an unreasonable risk of causing emotional distress;

*Second:*  That The Hartford knew or should have known that its conduct created this unreasonable risk, and, from the facts known to it at the time it acted, that the emotional distress, if caused, might result in illness or bodily harm to Mr. Shorter;

*Third:*  That The Hartford's conduct was the proximate or legal cause of Mr. Shorter's emotional distress; and

*Fourth:*  That the emotional distress that Mr. Shorter suffered was severe.

19

Again, only if Mr. Shorter proves each of these elements by a preponderance of the evidence may he recover on his claim for negligent infliction of emotional distress.

### E.  PROXIMATE CAUSE

Now, I have just explained to you what the plaintiff must prove to establish his claims in this case.  In order for Mr. Shorter to recover damages on any claim on which he has met his burden of proof, he must also prove that The Hartford's conduct was a proximate cause of the injuries that he claims he suffered.

The term "proximate cause" means the cause or act which, as a natural consequence, produces the injury or damage, and without which, the injury or damage would not have occurred.  In other words, The Hartford's conduct must have been a substantial factor in producing the injuries of Mr. Shorter.  This does not mean, however, that the law recognizes only one proximate cause of an injury or damages.  On the contrary, many factors or things, or the conduct of more than one person may operate at the same time, either independently or together, to cause injury or damage.  In such a case, each may be a proximate cause.

### F.  DAMAGES

Now, if you find for The Hartford on all of Mr. Shorter's claims, you do not need to consider the issue of damages.  If, however, you have found for Mr. Shorter on any of his claims, you must next consider the issue of damages, which is the amount of money to be awarded.  The fact that I am instructing you on the subject of damages does not mean that I have an opinion one way or the other on whether you should or should not reach the issue of damages in your deliberations.  Instructions on damages are given for your guidance in the event you do reach the issue of damages.

In this case, Mr. Shorter is seeking three different types of damages: (1) back pay; (2) compensatory damages, which may include such elements as emotional pain, suffering and humiliation; and (3) punitive damages. I will instruct you as to each of these different types of damages.

### 1. BACK PAY

In determining damages, you may award Mr. Shorter as back pay an amount equal to his lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that he would have received had he not been discriminated against. Basically, you have the ability to make him whole for any wages or other benefits that he has lost as a result of his termination, from the date of his discharge until the date of trial.

From this amount, you must subtract the amount of earnings and benefits received by him from other employment after The Hartford discharged him. You should not, however, make any deduction for unemployment compensation that Mr. Shorter received. That is a matter left to the Court's discretion.

### 2. COMPENSATORY DAMAGES

Mr. Shorter is also seeking damages for his mental and emotional suffering that he claims he endured as a result of his termination. These damages are commonly referred to as "compensatory damages." You should bear in mind that Mr. Shorter has the burden of proving, by a preponderance of the evidence, both that he was damaged and the extent of those damages. The amount of damages must be reasonably calculated to make Mr. Shorter whole for the injuries that he has suffered as a result of The Hartford's conduct.

You may award compensatory damages only for injuries that Mr. Shorter has proven

were proximately caused by The Hartford's allegedly wrongful conduct. The damages that you award must be fair compensation, no more and no less. You may award compensatory damages for emotional pain and suffering, inconvenience, humiliation, injury to reputation, embarrassment, loss of enjoyment of life, and mental anguish suffered by Mr. Shorter or that he will reasonably suffer in the future, if you find that they were caused by defendant's wrongful conduct.

It is for you, in the exercise of your best judgment, to say what is fair and just compensation to Mr. Shorter insofar as money will compensate him for the damages that he has sustained. In assessing Mr. Shorter's damages, be aware that the law places the burden on the plaintiff to prove facts that will enable you to arrive at the amount of damages with reasonable certainty. While it is not necessary that he prove the amount of damages with mathematical precision, he is required to present such evidence as might reasonably be expected to be available under the circumstances. You are permitted to determine the amount of damages by estimation or approximation, as long as a reasonable basis for the estimation or approximation is shown with reasonable certainty, such that you are not making a calculation by guessing or by speculation. You can not award compensatory damages more than once for the same injury.

### 3. MITIGATION OF DAMAGES

Additionally, you are instructed that a plaintiff has a duty to mitigate his damages, that is, to exercise reasonable diligence under the circumstances to minimize his damages. On this issue, however, the burden of proof is on The Hartford as the defendant, and thus, it must prove by a preponderance of the evidence that Mr. Shorter failed to use reasonable

22

efforts to mitigate or minimize his damages.

If you find that Mr. Shorter failed to seek out or take advantage of a suitable employment opportunity that was reasonably available to him, you must reduce his damages by the amount of the wages and fringe benefits he reasonably would have earned if he had sought out or taken advantage of such an opportunity.

### 4. PUNITIVE DAMAGES

In addition to his claims for back pay and compensatory damages, if and only if you find that The Hartford is liable to Mr. Shorter for race or gender discrimination, the law allows you, but does not require you, to award punitive damages against The Hartford if you find that its conduct meets the standard on which I am about to instruct you.

The plaintiff has the burden of proving that punitive damages should be awarded.

Punitive damages are awarded in exceptional cases as a punishment of the defendant and as a warning to others to keep them from following the defendant's example.

You may award these damages if you determine by a preponderance of the evidence that The Hartford acted with either

(1) actual malice, which is evil motive or intent; or

(2) a wanton and wilful disregard for the rights of others — in other words, a deliberate act with knowledge of a high degree of probability of harm to another and reckless indifference to the consequences of that act.

Actual malice or evil motive means an intent to harm. Reckless means serious disregard for the consequences of one's actions. Accordingly, you cannot award punitive damages unless you find, by a preponderance of the evidence, that The Hartford acted with

an intent to harm Mr. Shorter or that it had a serious disregard for the consequences of its actions with respect to Mr. Shorter's rights.

If you find that Mr. Shorter was discriminated against, but you also find that The Hartford had a policy and practice to eliminate discrimination in the workplace and that it made a good faith effort to comply with the applicable laws prohibiting discrimination, The Hartford cannot be held liable for punitive damages.

If you decide to award punitive damages against The Hartford, the amount of such damages must be fixed with calm discretion and sound reason and must never be awarded or fixed in any amount because of any sympathy, bias, or prejudice with regard to any party in the case.

## III.  CONCLUDING INSTRUCTIONS

### A.  VERDICT FORM

To assist you in your deliberations, you will have a special verdict sheet that you must complete and return to the Court when you have reached your decision.  You will be asked to answer the questions in the order in which they appear on the form, and each answer must be unanimous.  When you have reached a unanimous agreement as to your verdict, you will have your foreperson fill in your answers, date, and sign the verdict form. You will then inform the marshal that you have reached a verdict.  The special verdict form must be used only in connection with the charge I have just given to you.  The terms used in the verdict form are discussed in my instructions, and these instructions must govern your deliberations.  The special verdict sheet reads as follows:

**[READ THE INTERROGATORIES FROM THE SPECIAL VERDICT FORM]**

24

## B. NOTE TAKING

You were permitted to take notes during the course of the trial, and I noticed that some of you have taken notes. Those notes should be used solely as aids to jog your memory. You should not give your notes importance over your own independent recollection of the evidence. The notes are not evidence in themselves and should not be shared with anyone else. If you did not take notes, you should, of course, rely--as you would--on your own independent recollection of the proceedings and should not be influenced by the notes of other jurors. I emphasize that notes are not entitled to any greater weight than the recollection or impression of each juror as to what the testimony was.

## C. CONCLUSION

In a moment you will retire to begin your deliberations, and as you do, please be careful to listen to the opinions of other jurors as well as to ask for an opportunity to express your own views. It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. No one holds center stage in the jury room or controls or monopolizes the deliberations. Do not be afraid to express your views, and do not be afraid to change your views because of pride of opinion if you later become convinced that your original views were wrong.

While you should not give in because you are outvoted, please listen carefully to the position taken by the other jurors in attempting to facilitate the course of justice by reaching a unanimous verdict. You cannot, however, surrender your own good conscience toward that end if you do not in good conscience agree with the other jurors. Justice through trial must always depend upon the willingness of each individual juror to seek the truth as to the

facts.

Now, here in federal court, your verdict must be unanimous, and it must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each of you agree to it. Until a verdict is agreed to by each juror, it is not a unanimous verdict.

You are about to go into the jury room to begin your deliberations. You will have all the exhibits, the verdict form, and a copy of these instructions with you. During your deliberations, if you have any questions, or if you want to hear any of the testimony played back for you, you will be brought back into the courtroom. Please remember that it is not always easy to locate what you might want, so if you wish to hear testimony, be as specific as possible in your request.

Your requests for testimony and, in fact, any communication with the Court must be made to me in writing, signed by your foreperson, and given to one of the marshals. I must also caution you that, in your communications with the Court, you should never specify how the jury stands--for example, your numerical division or otherwise. I will respond to your request as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. After you have retired to begin your deliberations, you are not to leave the jury room without first notifying the marshal, who will escort you. And, no deliberations may take place without all jurors being present. When you have reached your verdict, inform the clerk, Carol, through the marshal. Then you will return to the courtroom and announce your verdict.

It is proper to add a <u>final</u> caution: Nothing that I have said in these instructions -- and nothing that I have said or done during the trial -- has been said or done to suggest to

you what I think your verdict should be. What the verdict shall be is your exclusive duty and responsibility.

Thank you.

**Counsel may approach the bench.  "Exceptions or additions?"**

Alright, members of the jury, this is an important case. Every case is important to the parties who are involved in it, and this case is no exception. It is your duty to reach a verdict without being affected by any sympathy, bias, or prejudice. All of the parties want you to make a decision, and all of them want that decision to be a fair one. Although any party naturally hopes that it will receive a verdict in its favor, everyone is looking for a final and fair decision. Determine the facts on the basis of the evidence, as you have heard it, and apply the law as I have outlined it to you.

The jury may retire.