EXHIBIT 2

LUDOVICO G. ANASTACIO, Plaintiff, vs. INITIAL CONTRACT SERVICES, INC., Defendant.

97 CIV 6695 (CMM)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

1998 U.S. Dist. LEXIS 8641

June 11, 1998, Decided
June 12, 1998, Filed

**DISPOSITION:** [*1] Judgment entered includes past loss of wages $ 15,559.71, future loss of wages $ 15,868.00, interest at $ 625.00, expenses at $ 5,115.00 and attorneys' fees at $ 28,990.00 for a total of $ 66,157.00.

### CASE SUMMARY

**PROCEDURAL POSTURE:** The court considered the appropriate bases for the prevailing plaintiff's award for loss of back pay, future loss of wages, interest, expenses, and attorney's fees under 29 U.S.C.S. § 2617(a)(3).

**OVERVIEW:** The court rejected counsel's argument that the stipulation of the nine percent rate was adopted in relation to the interest on plaintiff's loss of back pay rather than in connection with determining the present value of the award of future loss of wages. The court cited its custom in cases in which it was possible that a recovery would be granted for future loss of earnings to seek agreement of counsel as to the interest rate to be used in determining the present value of the award. The court also cited transcripts of the pertinent discussion that indicating that the interest rate agreed to was to be used to determine the present value of the dollar on the award of future loss. The court rejected counsel's request to enhance the lodestar attorney's fee figure by the amount of the contingency fee arrangement between counsel and his client, holding that in the Second Circuit, enhancements of the lodestar amount of attorney's fees were not permissible under fee-shifting statutes, and in particular that an enhancement was not justified if based upon a contingency risk. The court accordingly fixed the amounts of the award.

**OUTCOME:** The court determined the appropriate award amounts for past loss of wages, future loss of wages, interest, expenses, and attorney's fees, and entered judgment accordingly.

**CORE TERMS:** present value, wages, enhancement, interest rate, dollar

**LexisNexis(TM) Headnotes**

*Civil Procedure > Costs & Attorney Fees > Attorney Fees*

[HN1]In the Second Circuit, enhancements of the lodestar amount of attorneys' fees are not permissible under fee-shifting statutes. An enhancement is not justified if based upon a contingency risk.

**COUNSEL:** For LUDOVICO G. ANASTACIO, plaintiff: David Jaroslawicz, Jaroslawicz & Jaros, Esqs., New York, NY.

For INITIAL CONTRACT SERVICES, INC., defendant: Robert E. Atkins, Atkins & O'Brien LLP, New York, NY.

**JUDGES:** Charles M. Metzner, U.S.D.J.

**OPINIONBY:** Charles M. Metzner

**OPINION:** OPINION

Metzner, J.

Counsel in this litigation has submitted an application for an award of attorney's fees pursuant to 29 U.S.C. 2617 (a)(3).

The application is in letter form with a declaration by counsel in support of the application. Counsel states that he stipulated that the rate of 9% was adopted in relation to the interest on plaintiff's loss of back pay, not in connection with determining the present value of the award for future loss of wages.

It has been my custom in all cases in which it is possible that a recovery would be granted for future loss of earnings to seek agreement of counsel as to the interest rate to be used in determining the present value of the award. That was the purpose of the discussion [*2] with counsel in which counsel contends that we were talking about the interest rate to be applied to back pay. I have obtained a transcript of the reporter's notes.

The pertinent part starts with a comment by Mr. Jaros, the moving counsel on this application, to the effect

that I would take judicial notice of the table in the PJT showing the life and work expectancy of his client. The court replied that "I also have to ask them in making an award for future loss the interest figure they used." Then came a discussion as to interest rates and the discussion concluded with the court saying, "on the question of damages, we will have the fixed figure, if they reach that point, and we will apply the 9% and year-figure and get the present value of the dollar." Consequently, the recalculation of the present value of the future wages using the 9% figure is fixed at $ 15,068.00.

Turning to the request for attorney's fees, counsel requests that the lodestar figure of $ 28,990.00 be enhanced by the amount of the contingency fee arrangement between counsel and his client. Counsel submitted a photocopy of the opinion in *Greenway v. The Buffalo Hilton, 951 F. Supp. 1039* (W.D.N.Y.) on the question [*3] of the present value of the dollar. It is a 32-page opinion, but if counsel had read the whole opinion he would have found on page 1068 the following:

"It is well settled [HN1]in the Second Circuit that enhancements of the lodestar amount of attorneys' fees are not permissible under fee-shifting statutes, *Maywalt v. Parker and Parsley Petroleum Co., 864 F. Supp. 1422, 1435 (S.D.N.Y. 1994)*."

A reading of the cases cited in the Maywalt opinion will show specifically that an enhancement is not justified if based upon a contingency risk.

Finally, at this time the prevailing rate of interest in this court is set at .05434 by the clerk. Consequently, this figure is recalculated to be $ 625.00 for the year.

To sum up, the judgment to be entered includes past loss of wages $ 15,559.71, future loss of wages $ 15,868.00, interest at $ 625.00, expenses at $ 5,115.00 and attorneys' fees at $ 28,990.00 for a total of $ 66,157.00.

So ordered

Charles M. Metzner

U.S.D.J.

Dated: June 11, 1998