# EXHIBIT 6

2004 U.S. Dist. LEXIS 12656

STANLEY PIURKOWSKI v. MICHAEL GOGGIN, FRED SPAGNOLO, DETECTIVE JAMES EGAN, DETECTIVE DEMATTEIS, DETECTIVE KOSHES, OFFICER KLUNTZ, OFFICER SMITH, OFFICER JONES, OFFICER APPICELLA

CIVIL ACTION NO. 3:01 cv 302 (SRU)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

2004 U.S. Dist. LEXIS 12656

July 6, 2004, Decided

**DISPOSITION:** [*1] Defendants' motion for attorney fees granted.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Defendant nine police officers moved pursuant to 42 U.S.C.S. § 1988 for an award of attorneys' fees in their favor as prevailing parties in an action filed under 42 U.S.C.S. § 1983 by plaintiff individual.

**OVERVIEW:** The individual alleged a claim arising from an unreasonable execution of a search warrant. The individual later asserted a claim against police officer one alleging that he stole money from the individual while executing the warrant. The court granted motions for judgment in favor of six police officers. During his case in chief, the individual moved to dismiss claims against officer one on grounds of mistaken identity. A jury returned a verdict in favor of the two remaining officers. The court held that the lawsuit was unreasonable and without foundation with regard to seven officers because the individual was unable to provide any evidence to substantiate his claims against those officers. Attorneys' fees were inappropriate in favor of two officers because the individual presented evidence sufficient to withstand a motion for directed verdict with regard to claims against them. Because the officers failed to provide the court with evidence supporting the hours worked and rates claimed, and thus were not in full compliance with Fed. R. Civ. P. 54(d), the court calculated the fee award based on its own observations of the case and familiarity with prevailing billing rates.

**OUTCOME:** The court granted the officers' motion for attorneys' fees and ordered that the individual pay attorneys' fees of $ 2,100 to be split among seven officers.

**CORE TERMS:** prevailing, lawsuit, frivolous, search warrant, estimate, summary judgment, directed verdict, aforementioned, calculate, expertise, executing, survived, hourly, stole, evidence supporting, calculation, substantiate, proceeded, bartender, discovery, spelled

**LexisNexis(TM) Headnotes**

*Constitutional Law > Civil Rights Enforcement > Costs & Attorney Fees*

[HN1]See 42 U.S.C.S. § 1988(b).

*Constitutional Law > Civil Rights Enforcement > Costs & Attorney Fees*

[HN2]Although prevailing plaintiffs in civil rights cases may recover attorneys' fees under 42 U.S.C.S. § 1988 as a matter of course, prevailing defendants seeking to recover attorneys' fees must meet a higher standard.

*Labor & Employment Law > Discrimination > Title VII*

*Civil Procedure > Costs & Attorney Fees > Attorney Fees*

[HN3]In order for a prevailing defendant to collect attorneys' fees under Title VII, such defendant must show that the plaintiff's action was frivolous, unreasonable or without foundation or that the plaintiff continued to litigate after it clearly became so.

*Constitutional Law > Civil Rights Enforcement > Costs & Attorney Fees*

[HN4]The decision to award fees to a defendant is entrusted to the discretion of the district court. Although the district court must factor into its decision the procedural history of the case, considering whether or not the case survived motions for summary judgment and motions for a directed verdict, such inquiry is not dispositive of a motion for attorneys' fees.

*Constitutional Law > Civil Rights Enforcement > Costs & Attorney Fees*

[HN5]District courts are authorized to consider a plaintiff's argument and evidence at trial when assessing whether or not a lawsuit is frivolous,

Page 1

unreasonable or without foundation in connection with an award of attorney fees under 42 U.S.C.S. § 1988.

*Constitutional Law > Civil Rights Enforcement > Costs & Attorney Fees*

[HN6]The Supreme Court has recognized the legitimacy of imposing attorneys' fees on plaintiffs who bring unfounded lawsuits based on insufficient factual and legal premises.

*Civil Procedure > Costs & Attorney Fees > Reasonable Fee Amount*

[HN7]In order to calculate the relevant amount of attorneys' fees, the court must determine the relevant lodestar amount, which is determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. This rate should be supported by evidence supporting the hours worked and rates claimed.

*Civil Procedure > Costs & Attorney Fees > Reasonable Fee Amount*

[HN8]Fed. R. Civ. P. 54(d)(2)(B) requires the moving party to state the amount or provide a fair estimate of the amount sought.

*Civil Procedure > Costs & Attorney Fees > Reasonable Fee Amount*

[HN9]A determination of reasonable attorneys' fees requires consideration of rates for similar services by similarly skilled attorneys. Also relevant to a proper calculation of attorneys' fees is consideration of the need to fulfill the deterrent purpose of the statute, but not cause financial ruin to the plaintiff.

*Civil Procedure > Costs & Attorney Fees > Reasonable Fee Amount*

[HN10]Where the documentation of hours is inadequate, the district court may reduce the award accordingly.

*Civil Procedure > Costs & Attorney Fees > Reasonable Fee Amount*

[HN11]Factors relevant to determining an appropriate rate of compensation include the size of the law firm, the national or local character of the practice, and the size and prevailing hourly rates of the locality where the practice is located.

**COUNSEL:** For Stanley Piurkowski, Plaintiff: Christy H. Doyle, John R. Williams, Norman A. Pattis, Williams & Pattis, New Haven, CT.

For Fred Spagnolo, Jones, Ofcr, Defendants: Christopher Arciero, Elliot B. Spector, Marcia J. Gleeson, Michelle N. Holmes, Sack, Spector & Karsten, West Hartford, CT.

**JUDGES:** Stefan R. Underhill, United States District Judge.

**OPINIONBY:** Stefan R. Underhill

**OPINION: RULING ON DEFENDANTS' MOTION FOR ATTORNEYS' FEES**

Defendants, Michael Googin ("Googin"), n1 Fred Spagnolo ("Spagnolo"), James Eagan ("Eagan"), n2 Nicholas DeMatteis ("DeMatteis"), Frank Koshes ("Koshes"), Timothy Kluntz ("Kluntz"), Lawrence Smith ("Smith"), Robert Jones ("Jones") and Anthony Appicella ("Appicella") n3 (collectively "the defendants"), have moved pursuant to 42 U.S.C. § 1988 for an award of attorneys' fees in their favor as prevailing parties in an action filed under 42 U.S.C. § 1983. Plaintiff Stanley Piurkowski ("Piurkowski") initially filed his complaint on February 28, 2001, naming all of the aforementioned individuals except defendant Eagan, alleging primarily a constitutional claim arising from the unreasonable execution [*2] of a search warrant. Piurkowski amended his complaint on October 6, 2001, to include an additional claim against Eagan, specifically that Eagan stole $ 4,000 from Piurkowski's home while executing the warrant in question.

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - -

n1 "Michael Goggin" is elsewhere referred to as "Michael Googin" in the plaintiff's papers. It appears that his name is actually spelled "Googin."

n2 "James Eagan" is elsewhere referred to as "James Egan" in the plaintiff's papers. It appears that his name is actually spelled "Eagan."

n3 Piurkowski did not list the first name of defendants, DeMatteis, Koshes, Kluntz, Smith, Jones or Appicella in his complaint. The first names are taken from defendants' briefs.

- - - - - - - - - - - - End Footnotes - - - - - - - - - - - - -

On September 30, 2002, the defendants filed a motion for summary judgment. On May 12, 2003, the motion was denied in open court. The case proceeded to trial on October 6, 2003. That same day, the court granted motions for judgment in favor of defendants Googin, DeMatteis, Koshes, Kluntz, Smith, and Appicella. During his case [*3] in chief, Piurkowski moved to

dismiss claims against Eagan on grounds of mistaken identity. On October 8, 2003, a jury returned a verdict in favor of the remaining defendants, Spagnolo and Jones. For the following reasons, the court will award attorneys' fees in the amount of $ 2,100 in favor of defendants Googin, Eagan, DeMatteis, Koshes, Kluntz, Smith, and Appicella.

**Standard for Motions for Attorneys' Fees**

Pursuant to 42 U.S.C. § 1988, [HN1]"the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . " 42 U.S.C. § 1988(b). [HN2]Although prevailing plaintiffs in civil rights cases may recover attorneys' fees under 42 U.S.C. § 1988 as a matter of course, prevailing *defendants* seeking to recover attorneys' fees must meet a higher standard. Oliveri v. Thompson, 803 F.2d 1265, 1272 (2d Cir. 1986). The distinction between the standards serves both to accommodate plaintiffs whose constitutional rights have been violated and to deter frivolous litigation. Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422, 54 L. Ed. 2d 648, 98 S. Ct. 694 (1978); [*4] see also Lamson v. Blumenthal, 2003 U.S. Dist. LEXIS 24785 (D. Conn. 2003).

The Supreme Court established in the landmark decision of Christiansburg Garment Co. v. EEOC that [HN3]in order for a prevailing defendant to collect attorneys' fees under Title VII, such defendant must show that "the plaintiff's action was frivolous, unreasonable or without foundation . . . or that the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co., 434 U.S. at 422. The Supreme Court formally adopted the Christiansburg standard for cases brought under 42 U.S.C. § 1983 in Hughes v. Rowe, 449 U.S. 5, 14, 66 L. Ed. 2d 163, 101 S. Ct. 173 (1980).

Under the Christiansburg standard, [HN4]the decision to award fees to a defendant is "entrusted to the discretion of the district court . . . ." Parker v. Sony Pictures Entertainment, Inc., 260 F.3d 100, 111 (2d Cir. 2001). Although the district court must factor into its decision the procedural history of the case, considering whether or not the case survived motions for summary judgment and motions for a directed verdict, such inquiry is not dispositive [*5] of a motion for attorneys' fees. See Perry v. S.Z. Restaurant Corp., 45 F. Supp. 2d 272, 274 (S.D.N.Y. 1999); Dangler v. Yorktown Central Schools, 777 F. Supp. 1175, 1178 (S.D.N.Y. 1991); Steinberg v. St. Regis/Sheraton Hotel, 583 F. Supp. 421, 424 (S.D.N.Y. 1984).

[HN5]District courts are authorized to consider a plaintiff's argument and evidence at trial when assessing whether or not a lawsuit is frivolous, unreasonable or without foundation. The Second Circuit has upheld a district court's decision to grant attorneys' fees to prevailing defendants under 42 U.S.C. § 1988 on grounds that the plaintiff failed "to make any showing of evidentiary support for his claim . . . ." Gerena-Valentin v. Koch, 739 F.2d 755, 761 (2d Cir. 1984); see also Doehr v. DiGiovanni, 8 F. Supp. 2d 172, 174 (D. Conn. 1998).

**Discussion**

The defendants argue that Piurkowski's lawsuit was entirely frivolous and that Pirukowski and his counsel should have known that it was. Piurkowski's counsel conducted no discovery in this case. He took no depositions and served no written discovery requests. [*6] Although Piurkowski survived the defendants' motion for summary judgment, he did so without submitting an affidavit in support of his opposition to that motion. The names of defendants in this lawsuit appear to have been gleaned from the police report and supplemented with an identification of Eagan that Piurkowski obtained from a bartender. It is not clear that Piurkowski or his attorney conducted any additional inquiry into who actually executed the search warrant at issue.

Defendants note, in particular, that Piurkowski and his counsel were made aware that defendant Eagan could not have been party to the incidents prompting this lawsuit, but proceeded with the case against him nonetheless. They allege that both prior to and at the start of trial, Piurkowski's attorney, John Williams, was informed that Detective James Eagan was neither working on the night of the search in question, nor present at Piurkowski's home during the search. Piurkowski proceeded with the case against Eagan, moving to dismiss him from the case only after trial was well underway. Piurkowski has not responded to this allegation in his papers.

Apart from his own thin testimony, Piurkowski produced virtually [*7] no evidence at trial to substantiate any of his claims. Piurkowski provided no evidence other than his supposition to support the allegations that Eagan (or any other defendant) stole $ 4,000 from his home or that the defendants acted in concert with one another while executing the valid search warrant in his home. Piurkowski acknowledged in testimony that he did not witness anyone take money from his home, but added Eagan's name to the complaint because he saw an individual at a bar, who appeared to be of the same physical build as an officer who had searched his home, and a bartender at the bar

Page 3

identified the man as Eagan. It was only during Piurkowski's own testimony on the stand that he acknowledged that he had improperly accused Eagan. He then decided to accuse Spagnolo of the theft without offering any additional evidence supporting this new allegation.

After reviewing the defendants' motion, the plaintiff's response and the trial evidence, I find that Piurkowski's lawsuit was unreasonable and without foundation with regard to defendants Googin, Eagan, DeMatteis, Koshes, Kluntz, Smith, and Appicella. An award of attorneys' fees is appropriate because Piurkowski was unable to [*8] provide any evidence to substantiate his claims against these defendants. Attorneys' fees are inappropriate, however, in favor of Spagnolo and Jones because Piurkowski presented evidence sufficient to withstand a motion for directed verdict with regard to claims against those two individuals.

[HN6]The Supreme Court has recognized the legitimacy of imposing attorneys' fees on plaintiffs who bring unfounded lawsuits based on insufficient factual and legal premises. Christiansburg, 434 U.S. at 420. Piurkowski has brought just such a case.

### Calculation of the Award

[HN7]In order to calculate the relevant amount of attorneys' fees, the court must determine the relevant lodestar amount, which is determined by multiplying "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983); see also Quaratino v. Tiffany & Co., 166 F.3d 422, 424-25 (2d Cir. 1999). This rate should be supported by "evidence supporting the hours worked and rates claimed." Hensley, 461 U.S. at 433. Notably, the defendants have not provided the court with [*9] such evidence, and thus are not in full compliance with Fed. R. Civ. P. 54(d). Rule 54(d)(2)(B) [HN8]requires the moving party to "state the amount or provide a fair estimate of the amount sought." n4 Accordingly, I will calculate the fee award based on my own observations of the case and familiarity with prevailing billing rates.

--------------- Footnotes ---------------

n4 The defendants did estimate fees in an amount of $ 20,000, but never substantiated that estimate.

------------ End Footnotes---------

[HN9]A determination of reasonable attorneys' fees requires consideration of rates for similar services by similarly skilled attorneys. See Anderson v. City of New York, 132 F. Supp. 2d 239, 243 (S.D.N.Y. 2001). Also relevant to a proper calculation of attorneys' fees is consideration of the need to "fulfill the deterrent purpose of the statute, but [] not cause financial ruin to the plaintiff[]." Faraci v. Hickey-Freeman Co., 607 F.2d 1025, 1029 (2d Cir. 1979). Piurkowski, however, has offered little guidance on the [*10] subject, making no representations about his ability to pay. Based on circumstantial evidence from the trial, it appears that Piurkowski earns at best a modest income.

A fair rate for lawyers with expertise and experience similar to defense attorney, Michelle Holmes, is at the very least $ 150 per hour. n5 Piurkowski's trial was conducted over the course of two days, or approximately fourteen hours, including travel from the Hartford area. Fourteen hours at $ 150 per hour brings the total cost of Holmes' services for the trial to $ 2,100. This amount does not compensate Holmes for the entirety of the services she performed on behalf of her clients, but is a fair sum in light of the denial of the defendants' motion with regard to Jones and Spagnolo and because of defendants' failure to provide the court with an attorneys' fees affidavit in support of their motion. See Hensley, 461 U.S. at 433 [HN10]("Where the documentation of hours is inadequate, the district court may reduce the award accordingly.").

--------------- Footnotes ---------------

n5 Judges in the District of Connecticut have considered hourly rates of between $ 250 and $ 300 reasonable for attorneys with a great deal of expertise in their legal field. [HN11]Factors relevant to determining an appropriate rate of compensation include the size of the law firm, the national or local character of the practice, and the size and prevailing hourly rates of the locality where the practice is located. See e.g., Connecticut State Department of Social Services v. Thompson, 2003 U.S. Dist. LEXIS 18987, 14-18 (D. Conn. 2003).

------------ End Footnotes---------

[*11]

For the aforementioned reasons, the defendants' motion for attorney fees (**doc. # 81**) is **GRANTED**. Piurkowski shall pay attorneys' fees of $ 2,100 to be

split among Googin, Eagan, DeMatteis, Koshes, Kluntz, Smith, and Appicella.

It is so ordered.

Dated this 6th day of July 2004 at Bridgeport, Connecticut.

/s/ Stefan R. Underhill

Stefan R. Underhill

United States District Judge