# EXHIBIT 8

MICHAEL J. FAGO, PLAINTIFF, v. CITY OF HARTFORD, ET AL., DEFENDANTS

CIV. NO. 3:02CV1189 (AHN)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

2004 U.S. Dist. LEXIS 14195

March 18, 2004, Decided

**PRIOR HISTORY:** Fago v. City of Hartford, 2003 U.S. Dist. LEXIS 25723 (D. Conn., Dec. 31, 2003)

**DISPOSITION:** Plaintiff's motion for attorney's fees granted in part in amount of $ 1,100.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff's counsel filed a motion for attorney's fees and costs under the Civil Rights Attorney's Fees Act of 1976, 42 U.S.C.S. § 1988, seeking $ 2,850. In support of the motion, plaintiff's counsel submitted an affidavit, which included information about his employment history and an invoice for work performed in connection with a motion to compel and for sanctions that had been filed against defendants.

**OVERVIEW:** Defendants argued that plaintiff's counsel erroneously filed the motion for fees pursuant to the Act while the motion to compel and for sanctions was based upon Fed. R. Civ. P. 37, and it was upon those grounds only that the court granted the motion for sanctions. The court agreed that it awarded attorney's fees pursuant to R. 37. Defendants next argued that the court should deny a portion of the fees sought by plaintiff's counsel because it exceeded the sanction actually imposed in the court's ruling. The court had awarded the reasonable fees incurred by plaintiff's counsel in attending oral argument on the motion to compel, but plaintiff sought fees for drafting the motion for sanctions and to compel, for drafting a letter to the judge about the motion, for preparing for oral argument on the motion, and for the cost of attending the oral argument. The court limited the award to the cost of attending oral argument. The court found that the attorney's affidavit did not meet the burden of demonstrating that a rate of $ 300 per hour was in line with rates prevailing in the local community for attorneys of like skill and experience. Thus, the court reduced the rate to $ 275 per hour.

**OUTCOME:** The court granted in part plaintiff's motion for attorney's fees in the amount of $ 1,100.

**CORE TERMS:** oral argument, hourly rate, attending, motion to compel, expended, skill, civil rights, reasonable fees, prevailing, comparable, drafting

**LexisNexis(TM) Headnotes**

*Constitutional Law > Civil Rights Enforcement > Costs & Attorney Fees*

[HN1]The Civil Rights Attorney's Fee Act of 1976 awards fees to a prevailing party in an action to vindicate certain federal civil rights. 42 U.S.C.S. § 1988(b).

*Civil Procedure > Discovery Methods > Motions to Compel*

*Civil Procedure > Costs & Attorney Fees > Attorney Fees*

[HN2]See Fed. R. Civ. P. 37(a)(4)(A).

*Civil Procedure > Costs & Attorney Fees > Attorney Fees*

[HN3]A district court is afforded broad discretion in assessing a reasonable fee award. The plaintiff is entitled to the lodestar amount, which is calculated from the product of a reasonable hourly rate and the number of hours reasonably expended by each attorney. This amount is derived by multiplying the number of hours expended by each attorney involved in each type of work on the case by the hourly rate charged for similar work by attorneys of like skill in the area. However, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.

**COUNSEL:** [*1] For Michael J. Fago, Plaintiff: Alyssa S. Vigue, Brewer & O'Neil, LLC, W. Hartford, CT. Erin I. O'Neil-Baker, West Hartford, CT. James S. Brewer, Brewer & O'Neil, West Hartford, CT.

For City of Hartford, Bruce Marquis, Chief of Police, I/O, Kevin Jones, Asst Chief of Police, I/O, Mark Pawlina, Police Capt, I/O, Joseph Buyak, Police Capt, I/O, Mark Rudewicz, Police Sgt, I/O, Stephen Miele, Police Sgt, I/O, Defendants: Charles L. Howard, Shipman & Goodwin - ConstPlza-Htfd, Hartford, CT. Derek L. Mogek, Shipman & Goowsin - ConstPlza-

Htfd, Hartford, CT. Gregg Peter Goumas, Shipman & Goowsin - ConstPlza-Htfd, Hartford, CT.

For Nancy McClure, Police Lt, I/O, Patrick Jobes, Police Sgt, I/O, Robert Russell, Police Ofcr, I/O, Defendants: Jennifer L. Dixon, Kainen, Escalera & McHale, PC, Hartford, CT. Joseph W. McQuade, Kainen, Escalera & McHale, PC, Hartford, CT.

For Paul Cherniak, Interested Party: John P. Shea, Jr., Sabia & Hartley, LLC, Hartford, CT.

JUDGES: HOLLY B. FITZSIMMONS, UNITED STATES MAGISTRATE JUDGE.

OPINIONBY: HOLLY B. FITZSIMMONS

## OPINION: RULING ON MOTION FOR ATTORNEY'S FEES

On April 24, 2003, the court heard oral argument on plaintiff's motion to compel and for sanctions [*2] [doc # 25-2]. In an August 8, 2003 ruling, the court granted in part plaintiff's motion for sanctions against defendant Chief Marquis for his failure to appear for a deposition on February 27, 2003 [doc # 34]. Chief Marquis was ordered to pay "the reasonable fees incurred by plaintiff's counsel in attending oral argument on this motion on April 24, 2003." [Id.] Counsel for plaintiff now brings a motion for attorney's fees and costs [doc # 36] under the Civil Rights Attorney's Fees Act of 1976, 42 U.S.C. § 1988, seeking $ 2,850.00. In support of the motion, plaintiff's counsel submits an affidavit [doc # 38], which includes information about his employment history and an invoice for work performed in connection with the motion to compel.

Defendants object to the motion for three reasons. First, they argue that plaintiff's counsel erroneously filed the motion pursuant to the Civil Rights Attorney's Fee Act of 1976, [HN1]which awards fees to a prevailing party in an action to vindicate certain federal civil rights 42 U.S.C. § 1988(b). Defendants argue that the motion to compel and for sanctions filed by plaintiffs on March 4 was [*3] based upon Federal Rule of Civil Procedure 37, and it is upon those grounds only that the court granted the motion for sanctions. The court agrees with defendants that it awarded attorney's fees pursuant to Federal Rule of Civil Procedure 37. n1

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - -

n1 Federal Rule of Civil Procedure 37(a)(4)(A) states, in relevant part, [HN2]"If the motion is granted, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion to pay to the moving party the reasonable expenses incurred in making the motion...."

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - -

Secondly, defendants argue that the court should deny a portion of the fees sought by plaintiff's counsel because it exceeds the sanction actually imposed in the court's ruling. The court awarded "the reasonable fees incurred by plaintiff's counsel in *attending* oral argument on this motion on April 24, 2003." (emphasis added). Plaintiff [*4] seeks fees for drafting the motion for sanctions and to compel (2.2 hours), for drafting a letter to the Judge about the motion (.75 hours), for preparing for oral argument on the motion (2.5 hours), and for the cost of attending the oral argument (4.0 hours). The court awarded fees only for the cost of attending the oral argument (4.0 hours).

Finally, defendant objects to the rate of $ 300.00 per hour sought by Attorney James Brewer. Defendant argues that Attorney Brewer represented in his original motion that his usual hourly rate is $ 250.00 per hour, and that he has failed to adequately explain charging an additional $ 50.00 per hour. Defendant argues Attorney Brewer has failed to carry his burden to show the requested rate is reasonable by producing satisfactory evidence, in addition to his own affidavits, that the requested rate is in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. Blum v. Stenson, 465 U.S. 886, 896, 79 L. Ed. 2d 891, 104 S. Ct. 1541 & n. 11, 465 U.S. 886, 79 L. Ed. 2d 891, 104 S. Ct. 1541 (1984). Attorney Brewer states in his affidavit that he believes $ 300.00 per hour is reasonable in comparison to rates charged by other [*5] attorneys in the area. Defendants, however, cite several recent Connecticut cases that have awarded an hourly rate of $ 275.00 for civil rights lawyers with experience comparable to or more extensive than Attorney Brewer's. See Tsombanidis v. City of West Haven, 208 F. Supp. 2d 263 (D. Conn. 2002); see also Sabir v. Jowett, 214 F. Supp. 2d 226 (D. Conn. 2002).

[HN3]A district court is afforded broad discretion in assessing a reasonable fee award. See Hensley v. Eckerhart, 461 U.S. 424, 437, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983); see also Lunday v. City of Albany, 42 F.3d 131, 133-34 (2d Cir. 1994). The plaintiff is entitled to the lodestar amount, which is calculated from the product of a reasonable hourly rate and the number of hours reasonably expended by each attorney. See Quaratino v. Tiffany & Co., 166 F.3d

Page 2

422, 425 (2d Cir. 1999). This amount is "derived by multiplying the number of hours expended by each attorney involved in each type of work on the case by the hourly rate charged for similar work by attorneys of like skill in the area." City of Detroit v. Grinnell Corp., 560 F.2d 1093, 1098 (2d Cir. 1977) [*6] (Grinnell II). However, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley, 461 U.S. at 437.

The court finds that Attorney Brewer's affidavit does not meet the burden of demonstrating that a rate of $ 300.00 per hour is in line with rates prevailing in the local community for attorneys of like skill and experience. Thus, the court reduces the rate to $ 275.00 per hour, and awards fees in the amount of $ 1,100.00 ($ 275.00 per hour x 4.0 hours).

CONCLUSION

Plaintiff's motion for attorney's fees **[doc # 36]** is **GRANTED IN PART** in the amount of $ 1,100.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the [*7] district judge upon motion timely made.

SO ORDERED at Bridgeport this 18th day of March 2004.

/s/

HOLLY B. FITZSIMMONS

UNITED STATES MAGISTRATE JUDGE