EXHIBIT 11

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FERRON SHORTER JR.,                      :
                                         :
          Plaintiff,                     :        CASE NO.: 303 CV 0149(CFD)
                                         :
V.                                       :
                                         :
HARTFORD FINANCIAL SERVICES GROUP,       :
INC.; and MARYANNE RHODES,               :
                                         :
          Defendants.                    :        APRIL 9, 2003

**PLAINTIFF'S RESPONSE TO DEFENDANT HARTFORD FINANCIAL
SERVICES GROUP, INC.'S FIRST SET OF INTERROGATORIES**

**INTERROGATORY NO. 1**

"Identify each and every person who assisted in preparing the answers to these interrogatories."

- Ferron Shorter Jr., 3-11 Forest Glen Cir, Middletown CT 06457; Hartford Financial

  Services Group, Inc.

- Rachel M. Baird, Esq., 379 Prospect St, Torrington CT 06790; Law Office of

  Rachel M. Baird

**INTERROGATORY NO. 2**

"Please state your full name, present address, your date and place of birth, your Social Security

number and, if you have ever been known by any other name, please state all the names by

which you have been known, the dates of use of each such name, and the reasons for any change

of name."

- Ferron Shorter Jr.; 3-11 Forest Glen Cir, Middletown CT 06457; d.o.b. 09/26/1967;

  New Britain CT; SSN 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.

**INTERROGATORY NO. 3**

"Identify each and every person whom you believe has knowledge of any facts or circumstances relating to your claims of liability and/or damages in this matter, or who were present at the time of any incident(s) of misconduct or unlawful practices alleged in the Complaint, or who observed or witnessed any incident(s) of misconduct or unlawful employment practices alleged in the Complaint."

- Ferron Shorter Jr.
- MaryAnne Rhodes, 1 Hartford Plz, Hartford CT
- Cheryl Harris, 3-11 Forest Glen Cir, Middletown CT; The Robinson Company
- Mary Jane Johnson, 1 Hartford Plz, Hartford CT
- Steve Alix, 1 Hartford Plz, Hartford CT
- Peter Kuck, 1 Hartford Plz, Hartford CT
- Mark Anderson, 1 Hartford Plz, Hartford CT
- Robert Schuster, 1 Hartford Plz, Hartford CT
- Debbie Johnson, 1 Hartford Plz, Hartford CT
- Stephen Chiarillo, 1 Hartford Plz, Hartford CT
- David Wells, 1 Hartford Plz, Hartford CT
- Richard Lescinski 1 Hartford Plz, Hartford CT
- Ronald Mumblo, 1 Hartford Plz, Hartford CT
- John Norman, 1 Hartford Plz, Hartford CT
- Security Guard Wayne Jackson, 1 Hartford Plz, Hartford CT; Security Company
- Security Guard Salvatore, 1 Hartford Plz, Hartford CT; Security Company

- Jennifer Ames Haber, 1 Hartford Plz, Hartford CT

- Lisa Anderson, 1 Hartford Plz, Hartford CT

- Jack Jacewicz, 1 Hartford Plz, Hartford CT

- Richard Wardell, 1 Hartford Plz, Hartford CT

- Robert Begley, 1 Hartford Plz, Hartford CT

- Ian M. Veitzer, 1 Hartford Plz, Hartford CT

- Officer Hammock, Badge No. 55, Vernon Police Department, 725 Hartford Tpke, Vernon CT 06066

- Officer Sydoriak, Badge No. 56, Vernon Police Department, 725 Hartford Tpke, Vernon CT 06066

- Detective Harold Gannon, 125 Columbus Blvd, New Britain CT 06050, New Britain Police Department

- John Leone, (203) 968-0050, Confidential Research Associates

- Jenifer Baird-Steffes, 95 Washington St, Hartford CT, State of Connecticut

- Diana Rhodes, Address Unknown

- Robert Thomas, 1 Hartford Plz, Hartford CT

- Susan Chapman, 1 Hartford Plz, Hartford CT

- Brian Vadney, 1 Hartford Plz, Hartford CT

## INTERROGATORY NO. 4

"For each and every individual identified in response to Interrogatory No. 3 above, give a brief

description of the knowledge or information possessed by each individual and identify each and

every document that relates, refers or pertains to each individual's knowledge or information."

- Ferron Shorter Jr. – Knowledge of hostile work environment, quid pro quo sexual harassment, disparate treatment in termination and terms and conditions of employment, work performance, lack of criminal record. See documents attached

3

to Plaintiff's Response to Defendant Hartford Financial Services Group, Inc. First
Request for Production of Documents identified as P1 – P125, inclusive.

- MaryAnne Rhodes, 1 Hartford Plz, Hartford CT – Knowledge of relationship with
Plaintiff, visits to Plaintiff's work station, phone calls to Plaintiff at his work
station, e-mails to Plaintiff on employer's e-mail system, distribution of password to
Plaintiff, discipline received as a result of distributing password and using employer
telephone and e-mail for personal reasons, circumstances of statement provided to
Lisa Anderson, allegations of violent behavior against Plaintiff, allegation that
Plaintiff showed a gun. See documents attached to Plaintiff's Response to Defendant
Hartford Financial Services Group, Inc. First Request for Production of
Documents identified as P1 – P39, P74 - P75, P85 – P106, P122 – P125, inclusive;
see Exhibits F, G, H, and J to Complainant's Reply Brief in Case No. 0310008,
Ferron Shorter Jr. v. The Hartford, before the Connecticut Commission on Human
Rights and Opportunities (CHRO).

- Cheryl Harris, 3-11 Forest Glen Cir, Middletown CT; Rogers Benefit Group –
Knowledge of threat made by MaryAnne Rhodes that Plaintiff would not have a
desk when he returned to work on Tuesday, January, 22, 2002.

- Mary Jane Johnson, 1 Hartford Plz, Hartford CT – Knowledge of Plaintiff's work
performance, demeanor, harassment by MaryAnne Rhodes to Plaintiff's work
station, meetings with Plaintiff's co-workers after Plaintiff's termination. See
documents attached to Plaintiff's Response to Defendant Hartford Financial
Services Group, Inc. First Request for Production of Documents identified as P4 –
P38, inclusive.

- Steve Alix, 1 Hartford Plz, Hartford CT – Knowledge of Plaintiff's work
performance, demeanor, harassment by MaryAnne Rhodes,, meetings with Mary
Jane Johnson after Plaintiff's termination. See documents attached to Plaintiff's
Response to Defendant Hartford Financial Services Group, Inc. First Request for
Production of Documents identified as P4 – P38, inclusive.

- Peter Kuck, 1 Hartford Plz, Hartford CT - Knowledge of Plaintiff's work
performance, demeanor, harassment by MaryAnne Rhodes,, meetings with Mary
Jane Johnson after Plaintiff's termination. See documents attached to Plaintiff's
Response to Defendant Hartford Financial Services Group, Inc. First Request for
Production of Documents identified as P4 – P38, inclusive.

- Mark Anderson, 1 Hartford Plz, Hartford CT - Knowledge of Plaintiff's work
performance, demeanor, harassment by MaryAnne Rhodes,, meetings with Mary
Jane Johnson after Plaintiff's termination. See documents attached to Plaintiff's
Response to Defendant Hartford Financial Services Group, Inc. First Request for
Production of Documents identified as P4 – P38, inclusive.

- Robert Schuster, 1 Hartford Plz, Hartford CT - Knowledge of Plaintiff's work performance, demeanor, harassment by MaryAnne Rhodes,, meetings with Mary Jane Johnson after Plaintiff's termination, observed Plaintiff being escorted from the building by security after his termination. See documents attached to Plaintiff's Response to Defendant Hartford Financial Services Group, Inc. First Request for Production of Documents identified as P4 – P38, inclusive.

- Debbie Johnson, 1 Hartford Plz, Hartford CT - Knowledge of Plaintiff's work performance, demeanor, harassment by MaryAnne Rhodes,, meetings with Mary Jane Johnson after Plaintiff's termination. See documents attached to Plaintiff's Response to Defendant Hartford Financial Services Group, Inc. First Request for Production of Documents identified as P4 – P38, inclusive.

- Stephen Chiarillo, 1 Hartford Plz, Hartford CT - Knowledge of Plaintiff's work performance, demeanor, harassment by MaryAnne Rhodes,, meetings with Mary Jane Johnson after Plaintiff's termination. See documents attached to Plaintiff's Response to Defendant Hartford Financial Services Group, Inc. First Request for Production of Documents identified as P4 – P38, inclusive.

- David Wells, 1 Hartford Plz, Hartford CT - Knowledge of Plaintiff's work performance, demeanor, harassment by MaryAnne Rhodes,, meetings with Mary Jane Johnson after Plaintiff's termination. See documents attached to Plaintiff's Response to Defendant Hartford Financial Services Group, Inc. First Request for Production of Documents identified as P4 – P38, inclusive.

- Richard Lescinski 1 Hartford Plz, Hartford CT - Knowledge of Plaintiff's work performance, demeanor, harassment by MaryAnne Rhodes,, meetings with Mary Jane Johnson after Plaintiff's termination. See documents attached to Plaintiff's Response to Defendant Hartford Financial Services Group, Inc. First Request for Production of Documents identified as P4 – P38, inclusive.

- Ronald Mumblo, 1 Hartford Plz, Hartford CT - Knowledge of Plaintiff's work performance, demeanor, harassment by MaryAnne Rhodes,, meetings with Mary Jane Johnson after Plaintiff's termination. See documents attached to Plaintiff's Response to Defendant Hartford Financial Services Group, Inc. First Request for Production of Documents identified as P4 – P38, inclusive.

- John Norman, 1 Hartford Plz, Hartford CT – Knowledge of Plaintiff's demeanor, knowledge of MaryAnne Rhodes threat that Plaintiff would not have a desk when he returned to work on Tuesday, January 22, 2002. See documents attached to Plaintiff's Response to Defendant Hartford Financial Services Group, Inc. First Request for Production of Documents identified as P4 – P38, inclusive.

- Security Guard Wayne Jackson, 1 Hartford Plz, Hartford CT; Security Company – Knowledge of Plaintiff's demeanor, knowledge of Plaintiff's report of sexual harassment by MaryAnne Rhodes.

- Security Guard Salvatore, 1 Hartford Plz, Hartford CT; Security Company - Knowledge of Plaintiff's demeanor, knowledge of Plaintiff's report of sexual harassment by MaryAnne Rhodes.

- Jennifer Ames Haber, 1 Hartford Plz, Hartford CT – Knowledge of decision to terminate Plaintiff, decision not to terminate MaryAnne Rhodes, knowledge of Plaintiff's January 23, 2002, sworn statement, knowledge of employer's collection of Plaintiff's belongings from work station, Plaintiff's lack of criminal record, Plaintiff's escort from building by security following his termination, MaryAnne Rhodes' employer sponsored trip to the Vernon Police Department, Human Resources policies and procedures, obtaining restraining orders, work place violence polices and procedures. See documents attached to Plaintiff's Response to Defendant Hartford Financial Services Group, Inc. First Request for Production of Documents identified as P1 P 38, P46 – P49, P68, P74, P76, P79, P122 – P125, inclusive.

- Lisa Anderson, 1 Hartford Plz, Hartford CT – Knowledge of Plaintiff's termination, MaryAnne Rhodes January 21, 2002, unsworn statement, Plaintiff's January 23, 2002 sworn statement, knowledge of employer's collection of Plaintiff's belongings from work station, knowledge of MaryAnne Rhodes' employer sponsored trip to the Vernon Police Department, Plaintiff's escort from building by security following his termination, employer equal employment policies and procedures, obtaining restraining orders, work place violence polices and procedures. See documents attached to Plaintiff's Response to Defendant Hartford Financial Services Group, Inc. First Request for Production of Documents identified as P1 – P38, P43 – P45, P4 – P38, P74 – P75, P107 – P120, P123 – P125, inclusive; see Exhibits A – K, inclusive, to Complainant's Reply Brief in Case No. 0310008, Ferron Shorter Jr. v. The Hartford, before the Connecticut Commission on Human Rights and Opportunities (CHRO).

- Jack Jacewicz, 1 Hartford Plz, Hartford CT - Knowledge of Plaintiff's termination, MaryAnne Rhodes' January 21, 2002, unsworn statement, Plaintiff's January 23, 2002, sworn statement, knowledge of employer's collection of Plaintiff's belongings from work station, knowledge of MaryAnne Rhodes' employer sponsored trip to the Vernon Police Department, Plaintiff's escort from building by security following his termination, employer special investigations polices and procedures, obtaining restraining orders, reading court documents and criminal records, work place violence polices and procedures. See documents attached to Plaintiff's Response to Defendant Hartford Financial Services Group, Inc. First Request for Production of Documents identified as P1 – P38, P123 – P125, inclusive.

- Richard Wardell, 1 Hartford Plz, Hartford CT - Knowledge of Plaintiff's termination, MaryAnne Rhodes' January 21, 2002, unsworn statement, Plaintiff's January 23, 2002, sworn statement, knowledge of employer's collection of

Plaintiff's belongings from work station, knowledge of MaryAnne Rhodes' employer sponsored trip to the Vernon Police Department, Plaintiff's escort from building by security following his termination, employer special investigations polices and procedures, obtaining restraining orders, reading court documents and criminal records, work place violence polices and procedures, procedure for obtaining Plaintiff's statement. See documents attached to Plaintiff's Response to Defendant Hartford Financial Services Group, Inc. First Request for Production of Documents identified as P1 – P38, P123 – P125, inclusive.

- Robert Begley, 1 Hartford Plz, Hartford CT – Knowledge of threat to arrest Plaintiff on April 9, 2002, knowledge of allegation of hang-up phone calls placed to MaryAnne Rhodes, knowledge of investigation regarding hang-up phone calls.

- Ian M. Veitzer, 1 Hartford Plz, Hartford CT – Knowledge of review of the allegations and determination that Plaintiff's termination was appropriate and done in accordance with employer policies, knowledge of exhaustive investigation performed by Human Resources, Equal Opportunity, Building Security, Special Investigation, and telecommunications Departments, knowledge of discipline regarding MaryAnne Rhodes' distribution of employer proprietary information to an unauthorized person, knowledge of MaryAnne Rhodes status as a "victim," knowledge of Plaintiff's lack of criminal record. See documents attached to Plaintiff's Response to Defendant Hartford Financial Services Group, Inc. First Request for Production of Documents identified as P1 – 49, P52 – P57, P74 – P75, P79, P123 – P125, inclusive.

- Officer Hammock, Badge No. 55, Vernon Police Department, 725 Hartford Tpke, Vernon CT 06066 – Knowledge of employer's and MaryAnne Rhodes visit to the police station on January 23, 2002, knowledge of employer's discussion with police officer about Plaintiff's criminal record. See document attached to Plaintiff's Response to Defendant Hartford Financial Services Group, Inc. First Request for Production of Documents identified as P75.

- Officer Sydoriak, Badge No. 56, Vernon Police Department, 725 Hartford Tpke, Vernon CT 06066 – Knowledge of report made to police department by Diana Rhodes on January 2, 2002. See document attached to Plaintiff's Response to Defendant Hartford Financial Services Group, Inc. First Request for Production of Documents identified as P75.

- Detective Harold Gannon, 125 Columbus Blvd, New Britain CT 06050, New Britain Police Department – Knowledge of Plaintiff's criminal record. See document attached to Plaintiff's Response to Defendant Hartford Financial Services Group, Inc. First Request for Production of Documents identified as P73.

- John Leone, (203) 968-0050, Confidential Research Associates – Knowledge of information available to employer regarding Plaintiff's criminal record. See

document attached to Plaintiff's Response to Defendant Hartford Financial Services Group, Inc. First Request for Production of Documents identified as P73.

- Jenifer Baird-Steffes, 95 Washington St, Hartford CT, State of Connecticut – Knowledge of MaryAnne Rhodes statements and testimony at August 5, 2002, restraining order hearing at the Superior Court in Hartford. See documents attached to Plaintiff's Response to Defendant Hartford Financial Services Group, Inc. First Request for Production of Documents identified as P89 – P104, inclusive.

- Diana Rhodes – Knowledge of complaint made to Vernon police Department on January 2, 2002. See document attached to Plaintiff's Response to Defendant Hartford Financial Services Group, Inc. First Request for Production of Documents identified as P75.

- Robert Thomas – Knowledge of Plaintiff's escort from building by security on January 23, 2002.

- Susan Chapman - Knowledge of Plaintiff's escort from building by security on January 23, 2002.

- Brian Vadney – Knowledge of MaryAnne Rhodes' job description, disciplinary record, weekend work, availability for emergency work. See document attached to Plaintiff's Response to Defendant Hartford Financial Services Group, Inc. First Request for Production of Documents identified as P4 – P38, P123 – P125, inclusive.

## INTERROGATORY NO. 5

"Please identify the names and addresses of any and all experts contacted and/or retained by you for purposes of this litigation. For each such expert, please state their area of expertise and annex hereto any and all reports rendered by such expert(s) if in writing. If any reports rendered by such expert(s) were oral, please state the contents of the same in full."

None, at this time.

## INTERROGATORY NO. 6

"State the subject matter, substance of all facts, and substance of all opinions, and a summary of the grounds on which each opinion is based about which each expert witness may be expected to testify at trial of this action."

<u>See</u> Response to Interrogatory No. 5.

## **INTERROGATORY NO. 7**

"State with particularity the nature, basis, amount and manner of computation of each and every item of damage, loss or expense for which you seek recovery in this matter, including, but not limited to, hospital and medical expenses, lost earnings, back pay, front pay, fringe benefits, severance benefits, attorneys' fees and costs, harm to reputation, loss of employment opportunities and/or compensatory damages for any physical, mental or emotional pain, suffering or distress."

| | | |
|---|---|---|
| Past Pecuniary Loss/Equitable Damages | . . . . | $65,773.47+ |
|     Back-Pay | ($57,063.47) | |
|     Medical Expenses | ($160.00) | |
|     Loss of Medical Benefits | ($8400.00) | |
|     Fringe Benefits | (Undetermined) | |
|     Annual Profit Sharing Bonus | (Undetermined) | |
|     Lost Pension Accrual | (Undetermined) | |
|     Job Search | ($150.00) | |
| Compensatory Damages | . . . . . | $146,528.85 |
|     Future Pecuniary Loss | | |
|         Front-Pay | ($92,000) | |
|     Lost Vacation Time Accrued | ($4528.85) | |
|     Non-pecuniary Loss | | |
|         Pain and Suffering | ($50,000.00) | |
| Reinstatement/Front Pay (<u>See</u> Compensatory Damages: Future Pecuniary Loss) | | |
| Attorney's Fees and Costs | | Undetermined |
| Pre-judgment Interest | | Undetermined |
| Punitive Damages | | $1,000,000.00+ |
| **Total**   ........................................................................... | | $3.1 mil |

**INTERROGATORY NO. 8**

"Identify your present employer, if any, and each and every employer with whom you have been employed during the previous ten (10) years, listing the current or last known address and telephone number of each employer and state the following:

    a.   the dates of commencement and termination of each such employment;

    b.   the job title(s) held by you;

    c.   the name of your immediate supervisor at each such place of employment;

    d.   your rate(s) of pay (include bonuses, if any) and the nature and value of any employee benefits received by you during each such employment; and

    e.   the reasons for the termination or conclusion of each such employment, if applicable, including but not limited to a statement as to whether the severance of such employment was voluntary or involuntary."

Hartford Financial Services Group, Inc.

- Date of hire – October 9, 1989

- Date of termination – January 23, 2002

- Data Input Technician; Rater; Assistant to Underwriter; Actuarial Pricing Specialist; Data Analyst; Data Technician and Developer

- Last immediate supervisor – Mary Jane Johnson

- My annual salary increased from $13,300 to $44,500 through promotion and merit assessment reviews, with an average annual bonus or profit sharing plan distribution of 2% to 4%

- Involuntary termination based on employer's race and gender discrimination

## INTERROGATORY NO. 9

"Please identify by name, current address and telephone number, each and every doctor,

psychiatrist, psychologist, social worker, counselor or other mental health care provider with

whom you have treated for any mental or emotional condition and specifically identify:

     a.  the dates of consultation, examination and/or periods of treatment;

     b.  the purpose of such consultation, examination and/or periods of treatment;

     c.  whether any written report or memorandum was prepared relative to the consultation,

        examination and/or treatment; and

     d.  the physical location of the medical records of the treating physician or health care

        professional."

None, at this time.

## INTERROGATORY NO. 10

"Please state whether you have obtained any written or oral statement(s) from any person(s)

concerning any of the allegations of the complaint. If affirmative, state:

     a.  name and address of the person who gave the statement, and date the statement was

        obtained;

     b.  if written, whether signed by this person;

     c.  if oral, the name and address of person who obtained the statement and the date the

        statement was obtained;

     d.  if oral, the substance of said statements."

Plaintiff objects to Interrogatory No. 10 on the grounds that it asks for (a) work-product of the

attorney and is protected from disclosure under Rule 26(b)(3) of the Federal Rules of Civil

Procedure and (b) information that is subject to the attorney-client privilege. However, since an

interrogatory asking for the identity of all witnesses is proper, Plaintiff directs Defendant to his responses under Interrogatory Nos. 3 and 4

**INTERROGATORY NO. 11**

"If you have made any statement(s) in any form to any person regarding any of the events or allegations referred to in the Complaint, state the name and address of the person(s) to whom such statements were made, the names and addresses of the persons presently having custody of such statements or having heard such statements, the date each statement was given, and the content of each statement."

- National Association for the Advancement of Colored People (NAACP), <u>see</u> Plaintiff's Response to Defendant's First Request for Production of Documents at Request No. 3.

- Connecticut Commission on Human Rights and Opportunities (CHRO); Complaint dated July 10, 2002, under Case No. 0310008; <u>see</u> Plaintiff's Response to Defendant's First Request for Production of Documents at P107 – P120, inclusive.

**INTERROGATORY NO. 12**

"As to any formal or informal investigation conducted by you or by anyone else, other than your attorney, regarding your claims against Defendant state:

a. the date and reason for such investigation;

b. whether any record or report was made of it;

c. the name, address and telephone number of the person or organization conducting the investigation; and

d. identify any and all documents concerning or obtained as a result of any such investigation."

- March 22, 2002; meeting with MaryAnne Rhodes at the request of MaryAnne Rhodes; Plaintiff recorded the conversation between Plaintiff and MaryAnne Rhodes in the parking lot of Oscar's Café in Rocky Hill, CT; a tape of the conversation was provided to Defendant as Side A to Exhibit J of Plaintiff's Reply in the CHRO proceeding referenced in response to Interrogatory No. 11.

- March 27, 2002; meeting with MaryAnne Rhodes at the request of MaryAnne Rhodes; Plaintiff recorded the conversation between Plaintiff and MaryAnne Rhodes in the parking lot of the Ground Round in Rocky Hill, CT; a tape of the conversation was provided to Defendant as Side B to Exhibit J of Plaintiff's Reply in the CHRO proceeding referenced in response to Interrogatory No. 11.

- Plaintiff obtained incident reports from Vernon Police Department under complaint numbers 200089 and 201132 on dates unknown.

- Plaintiff obtained criminal record from State of Connecticut, Department of Public Safety, on February 19, 2003.

**INTERROGATORY NO. 13**

"State whether you made any efforts to seek new employment following your employment with Hartford Financial Services Group, Inc., including the name and address of each potential employer whom you contacted or to whom you applied, the date of each such application, the position for which you applied, the date of any job interview which you attended, the name and address of any employment agency, career counselor or other employment recruiter with whom you had contact, including the date and the nature of each contact, and please identify any documents which relate to your answer to this Interrogatory."

- Plaintiff posted his resume through the Internet at www.monster.com in the summer of 2002. Plaintiff applied to numerous companies through the Internet, the exact companies and dates of application are unknown. Plaintiff applied to companies advertising in the Sunday edition of the Hartford Courant, the exact companies and dates of application are unknown. Plaintiff received one reply from Aetna dated October 28, 2002, regarding a Data Analyst position. Plaintiff applied and registered at employment agencies during the fall of 2002, seeking positions as a data input technician, rater, and underwriting assistant. The three (3) employment agencies are as follows: (a) MSI Management Search, Inc., 50 Founders Plz Ste 304, East Hartford CT 06108; (b) RJS Associates, 10 Columbus Blvd, Hartford CT 06106; (c) A R Mazzota Employment Specialists, 160 Broad St, Middletown CT 06457. See documents attached to Plaintiff's Response to Defendant Hartford Financial Services Group, Inc. First Request for Production of Documents identified as P77 – P78, P80 – P84, inclusive.

## INTERROGATORY NO. 14

"If you sought medical care in connection with any emotional or physical distress or injury allegedly sustained as a result of the allegations in the Complaint, please identify by name, current address and telephone number, each and every expert, doctor, psychiatrist, psychologist, social worker or health care professional with whom you treated and specifically identify:

- a. The condition for which you received treatment;
- b. The dates of any consultation, examination and/or periods of treatment;
- c. The purpose of each such consultation, examination and/or periods of treatment;

    d. Whether a written report was prepared by such individual relative to the consultation, examination and/or treatment; and

    e. The physical location of the medical records of each treating physician or health care professional."

None, at this time.

## INTERROGATORY NO. 15

"If you have ever been involved in any civil legal action (worker's compensation and administrative agency claims included), either as defendant or plaintiff, state the date and place of each such action, including the name of the court and parties involved, the court docket number of all such actions, the names of attorneys representing each party, a description of the nature of each such action, including the disposition of each such action, whether or not there was an appeal and, if so, the result thereof including the name and citation of each case reported, and the amount of any settlement or judgement obtained in each such case."

- Ferron Shorter Jr. (Plaintiff) (Pro se) v. MaryAnne Rhodes (Defendant) (Attorney - Terrance Bretton), FA02-0516031, Judicial District of New Britain (CT) (File Date, July 22, 2002); Plaintiff filed application for relief from abuse; The Honorable Barbara Quinn granted Plaintiff such relief after hearing; Plaintiff is not aware of an appeal from the Order.

- Ferron Shorter Jr. (Complainant) (Attorney – Rachel M. Baird) v. The Hartford (Pro se) (Respondent), Connecticut Commission on Human Rights and Opportunities, CCHRO Case No. 0310008, EEOC No. 16AA201507; Complaint of race and gender discrimination; Dismissed by CHRO after Merit Assessment Review; no request for reconsideration or appeal from dismissal.

- Ferron Shorter Jr. (Claimant) (Pro se); Application for Unemployment
  Compensation Benefits effective January 20, 2002; Benefits awarded.
- Plaintiff received $5000.00 in 1994 in settlement of a personal injury case for
  injuries received in a motor vehicle accident involving an uninsured motorist. The
  exact date and details of whether court action was taken are unknown.

**INTERROGATORY NO. 16**

"State whether you have previously instituted litigation or administrative charges against any

other company or other organization by which you were or have been employed or any other

individual supervisor or manager under whom you have worked. If the answer is in the

affirmative, state the date each suit or administrative action was commenced; the name and

address of the agency or other forum in which it was commenced; the substance of each such

complaint; the outcome or present status of each matter; and identify each and every document

upon which you relied in answering, or which in any way pertains to the information requested

in, this Interrogatory."

None.

**INTERROGATORY NO. 17**

"State whether you applied for unemployment compensation benefits in connection with your

termination of employment with Defendant. If the answer is in the affirmative, identify the date

of the application; the disposition of the application; the amount of the benefit paid, if any; and

identify each and every document related to any such application and the disposition thereof."

So stated. Plaintiff applied for unemployment compensation benefits on January 24, 2002. The

benefits were effective February 9, 2002, for $56.00; then for $353.00 a week from February 16,

2002, to August 10, 2002. An extension was granted from August 17, 2002, to November 9,

2002. Total amount of unemployment compensation benefits in payments was $15,834.00.

## INTERROGATORY NO. 18

"State your total gross earnings from any employment or employment-related activity, including

self-employment, during the period from January 23, 2002 through the present, including the

source(s) of such earnings and the date(s) when such earnings were received by you."

None.

## INTERROGATORY NO. 19

"Please state whether you have ever been arrested for, convicted of, or plead guilty to, a criminal

offense or infraction. If so, please state:

> a. The date of each such arrest, conviction and/or plea;
>
> b. The nature of the alleged offense or infraction;
>
> c. The penalty, if any, imposed;
>
> d. The court before which you appeared;
>
> e. The final disposition of the matter."

Plaintiff objects because Interrogatory No. 19 asks for information subject to the erasure statute

at § 54-142a of the Connecticut General Statutes.

## INTERROGATORY NO. 20

"Please describe the fee arrangement agreed to by you and your attorney, including the amount

of any retainer, the hourly rate, the contingency fee and/or other method, manner or

understanding regarding payment of attorneys' fees."

## OATH OF PLAINTIFF

I, Ferron Shorter Jr., being of legal age, and having been duly sworn, do hereby depose and state that:

The answers to Defendant Hartford Financial Services Group, Inc.'s First Set of Interrogatories are true, accurate and complete to the best of my knowledge and belief.


_Ferron Shorter Jr._
Ferron Shorter Jr.


Subscribed and sworn to before me on this 24th day of March, 2003.


_Paul M Baird_
Rachel M. Baird
Commissioner of the Superior Court
State of Connecticut

## **CERTIFICATION**

I HEREBY CERTIFY THAT the foregoing <u>Plaintiff's Response to Defendant</u>

<u>Hartford Financial Services Group, Inc. First Set of Interrogatories</u> was hand-delivered on

April 9, 2003, to the following counsel of record:

Margaret J. Strange, Esq.
Jackson Lewis LLP
55 Farmington Ave Ste 1200
Hartford CT 06105

and mailed, first-class, postage paid on April 9, 2003, to the following counsel of record:

David L. Metzger, Esq.
Metzger & Associates
25 Capitol Ave
Hartford CT 06106

Rachel M. Baird

Plaintiff objects to Interrogatory No. 20 on the grounds that it asks for (a) information subject to the attorney-client privilege and (b) information that is not relevant to the disposition of any of the claims or defenses set forth by the parties.

PLAINTIFF
FERRON SHORTER JR.

BY:

Rachel M. Baird (ct12131)
Law Office of Rachel M. Baird
379 Prospect Street
Torrington CT 06790-5236
Tel: (860) 626-9991
Fax: (860) 626-9992

*His Attorney*