# EXHIBIT 5

RENE M. PALMA v. PHARMEDICA COMMUNICATIONS, INC
CIV. NO. 3:00CV1128 (HBF)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

2003 U.S. Dist. LEXIS 21227

September 30, 2003, Filed

PRIOR HISTORY: *Palma v Pharmedica Communs., Inc.,* 2003 U.S. Dist. LEXIS 21160 (D. Conn., Sept. 30, 2003)

DISPOSITION: Plaintiff's motion for liquidated damages granted. Plaintiff's request for front pay, benefits and reinstatement denied. Plaintiff's motion for interest granted.

CASE SUMMARY:

PROCEDURAL POSTURE: Following a jury verdict in favor of plaintiff former employee in her action against defendant former employer alleging violation of the Family and Medical Leave Act (FMLA), the employee moved for liquidated damages and for prejudgment and post-judgment interest, and the employee requested front pay and reinstatement.

OVERVIEW: The court initially held that the employee was entitled to liquidated damages under *29 U.S.C.S. § 2617*(A)(1)(a)(iii) because the jury found that the employer violated *29 U.S.C.S. § 2615* by terminating the employee for challenging the employer's policy against half-day medical leave, and the employer failed to prove both good faith and reasonable grounds for the act or omission as the employee's discharge occurred six weeks after her supervisors were informed by the United States Department of Labor that the denial of half-day medical leave was a violation of the FMLA. The court then held that the employee was not entitled to an award of front pay because the compensatory and liquidated damages award sufficiently met the goal of making the employee whole, and the employee failed to establish the absence of any prospect of obtaining comparable employment. The court finally held that the employee was not entitled to reinstatement because the employee did not seek reinstatement, and the damages awarded to the employee were sufficient to ensure that she was made whole from the employer's FMLA violation.

OUTCOME: The employee's motion for liquidated damages and for prejudgment and post-judgment interest was granted. The employee's requests for front pay and reinstatement were denied.

CORE TERMS: liquidated damages, front, reinstatement, omission, reasonable grounds, believing, comparable, termination, half-day, compensatory damages, doubling, interpreting, remedial, plus interest, satisfaction, animosity, awarding, paying, wages, decision to terminate, speculative, Fair Labor Standards Act, objective reasonableness, burden of establishing, reasonably believed, abuse of discretion, strong presumption, reasonable belief, matter of law, compensatory

LexisNexis(R) Headnotes

COUNSEL: [*1] For Rene M Palma, PLAINTIFF: Jeffrey S Bagnell, Joseph D Garrison, Stephen J Fitzgerald, Garrison Levin-Epstein Chimes & Richardson, New Haven, CT USA.

For Pharmedica Communications, Inc, DEFENDANT: Glenn A Duhl, Hugh W Cuthbertson, Paul H Gamache, Peter A Jamus, Siegel, O'Connor, Zangari, O'Donnell & Beck, Hartford, CT USA.

JUDGES: HOLLY B. FITZSIMMONS, UNITED STATES MAGISTRATE JUDGE.

OPINIONBY: HOLLY B. FITZSIMMONS

OPINION: RULING ON PLAINTIFF'S POST-TRIAL MOTIONS

Plaintiff moves for an award of liquidated damages [Doc. # 86] and also seeks front pay and benefits or, in the alternative, reinstatement to her former position [Doc. # 104]. Also pending is plaintiff's Motion for Prejudgment and Post-Judgment Interest [Doc. # 110].

MOTION FOR LIQUIDATED DAMAGES

The jury found that defendant violated the FMLA in discharging plaintiff. Section *29 U.S.C. § 2617(a)(1)(A)(iii)* n1 of the FMLA provides that, in addition to compensatory damages specified in *§ 2617(a)(1)(A)(i) & (ii)*, an employer shall be liable for an amount of liquidated damages equal to the amount of wages, salary, employment benefits, or other compensation denied or[*2] lost to an employee, plus interest, by reason of the employer's violation of *§ 2615* of the statute. Liquidated damages are considered compensatory rather than punitive in nature. *Reich v. Southern New England Telecommunications Corp., 121 F.3d 58, 71 (2d Cir. 1997)* (interpreting liquidated damages statute under the *FSLA*) n2 ; *Rhoads v. F.D.I.C., 956 F. Supp. 1239, 1261 (D. Md. 1997)* (reviewing analogous remedial provision under the Fair Labor Standards Act, *29 U.S.C. § 216* (" FLSA"), aff'd in part, rev'd in part on other grounds, *257 F.3d 373 (4th Cir. 2001)*. "Doubling of an award is the norm under FMLA, because a plaintiff is awarded liquidated damages in addition to compensation lost. The district court's discretion to reduce the liquidated damages "must be exercised consistently with the strong presumption under the statute in favor of doubling." *Nero v. Industrial Molding Corp., 167 F.3d 921, 929 (5th Cir. 1999)* (quoting *Shea v. Galaxie Lumber & Constr. Co., Ltd., 152 F.3d 729, 733 (7th Cir. 1998)* (discussing FLSA liquidated damages provision)); *Williams v. Rubicon, 808 So. 2d 852, 861*[*3] *(La. App. 1 Dir. 2002)* (" Doubling is the norm, not the exception.").

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n1 *Section 2617(a)(1)(A)(iii)* states,

An additional amount as liquidated damages equal to the sum of the amount described in clause (i) and the interest described in clause (ii), except that if an employer who has violated *section 2615* of this title proves to the satisfaction of the court that the act or omission which violated *section 2615* of this title was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of *section 2615* of this title, such court may, in the discretion of the court, reduce the amount of the liability to the amount and interest determined under clauses (i) and (ii) respectively

*29 U.S.C. § 2617(a)(1)(A)(iii)*.

n2 Other courts considering liquidated damages under the FMLA have looked at cases under the Fair Labor Standards Act of 1938, (" FLSA"), as amended *29 U.S.C.A. § 201 et seq.* See *Thorson v. Gemini Inc., 96 F. Supp. 2d 882, 890 (N.D. Iowa 1999)* (" The remedies provisions of the *Family and Medical Leave Act* were intended by Congress to mirror those of the *Fair Labor Standards Act*. It is therefore appropriate to rely on cases interpreting the liquidated damages remedy of the FLSA when interpreting the FMLA; *Frizzell v. Southwest Motor Freight, 154 F.3d 641, 644 (6th Cir. 1998)*" ("The legislative history of the FMLA reveals that Congress intended the remedial provisions of the FMLA to mirror those in the FLSA."); *Nero v. Industrial Molding Corp., 167 F.3d 921, 928 (5th Cir. 1999)* (" the remedial provision in the FLSA can aid in interpreting the similar remedial provision in the FMLA.")

Under *29 U.S.C. § 260* of the FLSA, liquidated damages may be remitted "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not in violation of the [Act]." Under *29 U.S.C. § 260*, the employer bears the burden of establishing, by "plain and substantial" evidence, subjective good faith and objective reasonableness. *Martin v. Cooper Elec. Supply Co., 940 F.2d 896, 907 (3d Cir. 1991)*; see *Brock v. Wilamowsky, 833 F.2d 11, 19 (2d Cir. 1987)*. The burden, under *29 U.S.C. § 260*, "is a difficult one to meet, however, and 'double damages are the norm, single damages the exception ....' " *Wilamowsky, 833 F.2d at 19* (quoting *Walton v. United Consumers Club, Inc., 786 F.2d 303, 310 (7th Cir 1986)).

*Reich, 121 F.3d at 71*.

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - -

[*4]

The district court may reduce an award to only compensatory damages if the employer "proves to the satisfaction of the court that the act or omission which

violated *section 2615* of this title was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of *section 2615*." *29 U.S.C. § 2617(a)(1)(A)(iii)*. The employer must therefore show both good faith and reasonable grounds for the act or omission." *Chandler v. Specialty Tires of America, Inc., 283 F.3d 818, 827 (6th Cir. 2002)* (emphasis in original); see *29 U.S.C. § 2617(a)(1)(A)(iii)*.

After the jury found that a causal connection existed between Ms. Palma's opposition to an unlawful practice at Pharmedica and the termination of her employment and awarded her $140,000 in compensatory damages, the Court asked the jury, on an advisory basis, to answer Question 6. Question 6 stated: "if you awarded damages in response to Question 5, do you find by a preponderance of the evidence that when Pharmedica discharged Ms. Palma, defendant reasonably believed its actions complied with the *Family and Medical[*5] Leave Act*?" The jury returned a note during deliberations asking whether they had to answer Question 6. The jury responded "yes" after the Court directed them to answer. Plaintiff correctly states that the interrogatory failed to reference the dual elements of defendant's affirmative defense under the statute of "good faith" and "reasonable grounds for believing." Defendant argues that the jury was properly charged on both elements of the good faith test. The Court takes the parties' arguments and the jury's response to Question 6 under advisement.

Pharmedica argues that "the jury expressly found that in discharging the plaintiff Pharmedica reasonably believed its actions complied with the FMLA. In any event, even if the adequacy of the evidence supporting this finding were at issue, there is significant evidence demonstrating Pharmedica's legitimate business reasons for terminating the plaintiff." [Doc. # 93 at 7]. Defendant argues that the decision to terminate plaintiff's employment was related to the reorganization of the company, pointing to the following evidence: (1) Stefanski's January 1999 memo regarding the organization; (2) "David Lynch, one of the persons who assumed[*6] plaintiff's duties was, unlike plaintiff, a degreed professional;" (3) "some of Ms. Palma's job responsibilities were being performed by lower paid temporary workers" such as Michele Olds; and (4) Timmerman, Stefanski, Bavasso and Cipollone's testimony "concerning the rapid growth of the company and the corresponding need to reorganize the accounting department to keep up with the increased workload." Id. at 8.

The burden of proof is on the employer, not the plaintiff, to establish whether the act or omission was in good faith and that the employer had reasonable grounds for believing that the act or omission was not in violation of the FMLA. *29 U.S.C. 2617(a)(1)(A)(iii)*; *Nero, 167 F.3d at 928*. A district court's decision on liquidated damages is reviewed for abuse of discretion; "that discretion must be exercised consistently with the strong presumption under the statute in favor of doubling." *Shea v. Galaxie Lumber & Constr. Co., Ltd., 152 F.3d 729, 733 (7th Cir. 1998)* (discussing FLSA liquidated damages provision) (citations omitted); *Duty v. Norton-Alcoa Proppants, 293 F.3d 481, 497 (8th Cir. 2002)*[*7] (reviewing grant of liquidated damages pursuant to the FMLA for an abuse of discretion) (citation omitted). "Even assuming that [the employer] acted in good faith the decision to award liquidated damages is still within the discretion of the trial court." *Nero, 167 F.2d at 929*.

Good faith requires more than a showing of ignorance of the prevailing law or uncertainty about its development. It is not enough to show that a violation was not purposeful. Nor is good faith demonstrated by the absence of complaints on the part of employees or conformity with industry-wide practice. Good faith requires that an employer first take active steps to ascertain the dictates of the law and then move to comply with them.

*Williams v. Rubicon, Inc., 808 So.2d 852, 861 (La. Ct. 1st Cir. 2002)* (citing *Reich v. Southern New England Telecommunications Corporation, 121 F.3d 58, 71 (2d Cir. 1997))*.

Several Courts have found in favor of the employer, holding that it acted in good faith and with a reasonable belief it was complying with the FMLA. Generally, these cases involve an employer's "good-faith mistake" as to whether its action[*8] violates the FMLA. Compare *Dierlam v. Wesley Jessen Corp., 222 F.Supp. 2d 1052, 1057 (N.D. Ill. 2002)* (addressing question of first impression in the Seventh Circuit, and the "entire federal court system," the court denied liquidated damages.); *Miller v. AT&T, 83 F.Supp. 2d 700 (S.D.W.Va. 2000)*, aff'd, *250 F.3d 820 (4th Cir. 2000)* (finding employer did not act in bad faith in terminating employee for excess unexcused absences on ground that employee's influenza A was not "serious health condition" covered under FMLA, and thus employer was not subject to liquidated damages, in light of regulation stating that flu was not "serious health problem."); *Barrilleaux v. Thayer Lodging Group, Inc., Civ. No. 97-3252, 1999 U.S. Dist. LEXIS 8206, *22 (E.D. La. May 25, 1999)* (" It was reasonable, albeit legally incorrect, for Thayer to conclude that Barrilleaux was not entitled to FMLA leave because she had not worked for Thayer for the requisite time period."); *Thorson v. Gemini, Inc., 96 F.Supp. 2d 882 (N.D. Iowa 1999)*, aff'd, *205 F.3d 370*, cert denied,

2003 U.S. Dist. LEXIS 21227, *

*531 U.S. 871, 148 L. Ed. 2d 117, 121 S. Ct. 172 (2000)*[*9] (the court found that the employer acted in good faith when it fired employee for excess absenteeism due to minor ulcers and gastritis as FMLA was only six months old at the time of termination, employer made active effort to learn law and comply with it, and employer's mistake about the law was only determined when Secretary of Labor issued advisory opinion during pendency of employee's appeal); n3 with, *Chandler v. Specialty Tires of America, Inc., 283 F.3d 818, 827 (6th Cir. 2002)* (finding employer's good faith belief was unreasonable where employer testified that he had no experience with the FMLA the day he fired plaintiff, that he made no inquiries into her request for leave, that he made no independent effort to check the information supplied by her manager regarding her status, and that the decision to terminate plaintiff was based on an eight minute conversation with her manager.); *Shea, 152 F.3d at 733* (district court's finding of good faith based on good faith record-keeping errors by defendant's employees was not enough and defendant did not meet its burden of establishing its reasonable belief in the legality of the situation. "An employer[*10] cannot satisfy its dual burden under [FSLA] § 260 solely by suggesting lower-level employees are responsible for the violations"); *Reich, 121 F.3d at 71* (" That [employer] did not purposefully violate the provisions of the FLSA is not sufficient to establish that it acted in good faith."); *Smith v. Diffee Ford-Lincoln Mercury, Inc., 298 F.3d 955, 959 (10th Cir. 2002)* (" Relying on *29 U.S.C. § 2617(a)(1)(A)(iii)*, and on the fact that the jury had necessarily rejected [the employer's] defense that it would have discharged Smith regardless of her taking FMLA leave, the judge found that he was required to award $62,785 in liquidated damages (equal to the sum of back pay of $58,000 and interest in the amount of $4,785) and did so."); *Atchley v. Nordam Group, Inc., 180 F.3d 1143, 1151 (10th Cir. 1999)* (upholding liquidated damages award of $9,000, stating the employer "has not shown us the evidence is so in his favor that the district court was in error to deny its motion."); *Mummert v. Vencor, Inc., 21 Fed. Appx. 710, No. 99-16443, 99-16560, 2001 WL 1345999, *3 (9th Cir. Oct. 31, 2001)* (upholding award of[*11] $44,736 in liquidated damages in an interference case. "The district court found [employer's] failure to follow its own policy fatal to its claim of good faith, and we have no basis upon which to reverse that finding."); *Nero, 167 F.3d at 929* (affirming district court's liquidated damages award of $51,747.60); *Williams, 808 So.2d at 861* (upholding lower court's award of liquidated damages as record demonstrated employer was "unable to state any basis that [it] had for believing it was not violating the FMLA." The court further held that the employer "took no active steps to ascertain the dictates of the FMLA before firing" plaintiff. The court also concluded that defendant "provided no evidence that it had reasonable grounds for believing that its acts were not a violation of the FMLA."); *Duty, 293 F.3d at 497-98* (upholding liquidated damages where evidence that employer "(1) consistently refused to return [plaintiff] to his former job unless he functioned at 100% capacity, and (2) made no effort to determine whether [plaintiff] was capable of performing the essential functions of his job."); *Sherman v. AI/FOCS, Inc., 113 F. Supp. 2d 65, 76 (D. Mass 2000)*[*12] (concluding termination not in good faith where decision to terminate was "improperly colored with a discriminatory motive, and because attempt to offer nondiscriminatory justifications lacked credibility"); *Brenlla v. LaSorsa Buick Pontiac Chevrolet, Inc., 2002 U.S. Dist LEXIS 9358, No. 00 CIV 5207, 2002 WL 1059117, *1 (S.D.N.Y. May 28, 2002)* (denying motion for judgment as a matter of law or a new trial where awarded back pay and benefits of $150,000 and liquidated damages of $100,000) n4; *Routes v. Henderson, 58 F. Supp. 2d 959, 999 S.D. Ind 1999)* (" the issue of liquidated damages need not be briefed. The Court finds that Routes is entitled to liquidated damages as a matter of law under these circumstances "); *Churchill v. Star Enterprises, 3 F. Supp. 2d 622, 623 (E.D. Penn 1998)* (awarding liquidated damages in an amount of $9,168.61, equal to the compensatory damages, and ordering reinstatement.); *Morris v. VCW, Inc., 1996 U.S. Dist. LEXIS 19201, No. 95-0737-CV-W-3-6, 1996 WL 740544, *4 (W.D. Mo Dec. 26, 1996)* (the court found that plaintiff's supervisor recommended termination of plaintiff in the "heat of the moment" and "lost her cool." "If as the jury found, [*13] her predominant motivation was resentment at a valid leave request, the lack of good faith seems obvious, given the acknowledged awareness of the Leave Act.").

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n3 The Court reviewed all the cases cited by defendant in support of denying liquidated damages. *Estes v. Meridian One Corporation, 77 F. Supp. 2d 722, 729 (E.D. Va 1999)* (plaintiffs motion for liquidated damages summarily denied as being "without merit"), aff'd, *246 F.3d 664, 2001 WL 28576 (4th Cir. 2001)*; *Cavin v. Honda of America Manuf Inc., 138 F. Supp 2d 987, 992 (S.D. Ohio 2001)* (" The court may reduce or eliminate liquidated damages if the employer proves that it had reasonable grounds for believing that its behavior was not in violation of the FMLA." The court did not reach the question of liquidated damages prior to granting dismissal.); *Barcola v. Interim Healthcare, Inc., 31 Fed. Appx. 791, Nos 01-1993, 01-1994,*

*2002 WL 463286, *1 (3d Cir. 2002)* (affirming denial of liquidated damages without comment)

n4 As noted by plaintiff, "with the exception of Brennla, the liquidated damages awards in the foregoing cases were in the exact amount of the backpay and prejudgment interest awarded by the court or jury, as mandated by statute." [Doc. # 87 at 7]

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - -

[*14]

Pharmedica did not prove "both good faith and reasonable grounds for the act or omission." To find otherwise would, in the Court's opinion, go against the weight of the facts found by the jury. Both Stefanski and Cipollone testified that they were unaware that the FMLA permitted half-day medical leave. They both testified that Palma requested half-day medical leave on "several" occasions prior to her return from surgery and yet they made no independent effort to determine the law. Here, defendant cannot claim a "good faith mistake" as plaintiff's discharge occurred six weeks after her supervisors were informed by the Department of Labor that the denial of half-day medical leave was a violation of the FMLA. Even if the Court accepts as true that defendant honestly misunderstood the FMLA and the provision of half-day medical leave, objective reasonableness cannot be found. The jury concluded that plaintiff's employment was terminated, at least in part, because she challenged Pharmedica's policy against half-day medical leave. The jury rejected the defense that Pharmedica would have terminated her employment absent the retaliatory motive. See *Smith, 298 F.3d at 959* [*15] Therefore, the Court awards plaintiff $140,000 in liquidated damages for defendant's violation of the FMLA. *29 U.S.C. § 2617(a)(1)(A)(iii)*.

FRONT PAY AND BENEFITS, OR IN THE ALTERNATIVE, REINSTATEMENT

Plaintiff also moves for an award of front pay and benefits or, in the alternative, for reinstatement. [Doc. # 103]. Palma seeks seven years' front pay to redress the financial harm she contends she has suffered, and will suffer, as a result of Pharmedica's termination of her employment on January 22, 1999. Plaintiff seeks present value future damages of $198,997, present value of future benefit loss of $48,737 and a lump sum tax adjustment of $48,741, totaling $296,475, based on the testimony of her expert Sheldon Wishnick.

Plaintiff argues that "the relevant front pay inquiry ... is not whether the award is "speculative," but rather what amount of front pay is necessary to remedy the harm that Pharmedica's illegal conduct has caused, and will continue to cause, Ms. Palma, an older employee, for the remainder of her working life." [Doc. # 104 at 13].

"The decision to award front pay is discretionary, and a request for front pay may[*16] be denied if the court finds that the back pay award is sufficient to make the plaintiff whole. *Greenway v. Buffalo Hilton Hotel, 951 F.Supp. 1039, 1064 (W.D.N.Y. 1997)* (citing *Saulpaugh v. Monroe Community Hospital, 4 F.3d 134, 145 (2d Cir. 1993))*; *Reed v. A.W. Lawrence & Co., 95 F.3d 1170, 1182 (2d Cir. 1996)* (The award of front pay is within the sound discretion of the court.) "While back pay-which the jury awarded-compensates the victim of discrimination for lost wages and benefits before trial, front pay is intended to compensate her for losses after trial." *Smith v. Diffee Ford-Lincoln-Mercury, Inc., 298 F.3d 955, 964 (10th Cir. 2002)* (citations omitted). "Where a plaintiff has already been fully compensated for the injuries resulting from discrimination, front pay is not appropriate. In order to qualify for front pay, a plaintiff must have been diligent in seeking comparable employment and under no circumstances can the award be based on speculation." *Rivera v. Baccarat, 34 F.Supp.2d 870, 878 (S.D.N.Y. 1999)* (citation omitted); *Greenway, 951 F.Supp. at 1064* (" the court[*17] must examine whether [plaintiff] used reasonable diligence in [her] job search ..."). "The burden lies with the defendant to show that plaintiff did not exercise such diligence." *Greenway, 951 F.Supp at 1064*.

An award of front pay is not warranted here, as the Court finds that the compensatory and liquidated damages of $280,000 plus interest sufficiently meet the goal of making plaintiff whole. *Hardin v. Caterpillar, Inc., 1999 U.S. Dist. LEXIS 8041, No. 1:97CV213-D; 1999 WL 960034, at *3 (N.D. Miss. May 28, 1999)* ("An award of front pay is inappropriate because the jury verdict ...sufficiently meets the goal of making the plaintiff whole."), aff'd, *227 F.3d 268, 269 (5th Cir. 2000)*(finding "the district court acted within its discretion in refusing reinstatement and front pay); *Floca v. Homcare Health Serv., Inc., 845 F.2d 108, 112 (5th Cir. 1988)* (" Front pay is awarded to meet the goal of Title VII to make whole the victims of discrimination."). "In calculating the size of a front pay award, the court must estimate the plaintiff's ability to mitigate damages in the future. This determination is subject to the court's discretion. Equitable[*18] factors

which courts have considered in determining whether to award front pay include both the age of the plaintiff and his reasonable prospects of obtaining comparable employment." *Fernandez v. North Shore Orthopedic Surgery & Sports Medicine, P.C.*, 79 F. Supp. 2d 197, 204 (E.D.N.Y. 2000) (citations omitted). Moreover, plaintiff testified that since she was hired at Guilford Savings Bank she has not sought other employment. In awarding back pay of $140,000, the jury implicitly found that Palma would have been employed at least until the date of trial, November 13, 2002, which was more than three years after her dismissal on January 22, 1999. See *Smith*, 298 F.3d at 965. Over four years have passed since termination of Palma's employment. Since trial of this matter in November 2002, plaintiff testified, she has not sought other employment. To the Court, plaintiff stated that she did not believe there was much opportunity for growth at her current job at Guilford Savings. However, she has not made any efforts to contact a head hunter or interview for other positions. Indeed, on cross examination plaintiff stated that, without knowing more, she did[*19] not know if she would be interested in applying for an accounting job in the $40,000 range. Without any evidence of an effort to seek a higher paying position, or even a position comparable in pay and responsibilities to her job at Pharmedica, the Court can only conclude that plaintiff is content to remain at her current job at the current rate of pay. *Miller v. AT&T*, 83 F. Supp. 2d 700, 709 (S.D.W.Va. 2000) ("A successful FMLA plaintiff cannot simply reevaluate her career goals, accept a lesser paying job, and receive the same amount of compensation as before through front pay."); *Hine v. Mineta*, 238 F. Supp. 2d 497, 501 (E.D.N.Y. 2003) (finding "plaintiff had a duty to seek "suitable" other employment.") Ms. Palma testified that she is very happy working at her current job at Guilford Savings Bank, she liked her co-workers and she has a very short commute to work. Palma failed to establish the absence of any prospect of obtaining comparable employment. *Rivera*, 34 F. Supp. 2d at 878. There is nothing in the record to indicate that her age, or the economy, are impediments to plaintiff obtaining a higher paying position. See [*20] *Brenlla v. LaSorsa Buick Pontiac Chevrolet, Inc.*, 2002 U.S. Dist. LEXIS 9358, No. 00 CIV 5207, 2002 WL 105917, *11 (S.D.N.Y. May 28, 2002) (Awarding one year of front pay, the Court stated "there is nothing in the record to indicate that [plaintiff] will not be able to secure employment within the year ...because any greater award would be unreasonable and unduly speculative.") As in Rivera, "it would therefore be inequitable to grant her additional damages in the form of front pay and future damages." 34 F. Supp. 2d at 878 ("plaintiff has now worked at Bloomingdale's for two years for significantly lower wages and benefits than she received at Baccarat, yet she has presented no evidence that she has made any further efforts to secure more comparable employment.) The Court declines under these circumstances to make Pharmedica "responsible for maintaining [Ms. Palma's] income level into the future without regard to any continuing efforts she may or may not have made to mitigate those damages." Id. In light of the evidence, any assumption that Ms. Palma will not be able to secure comparable employment for the next seven years is unwarranted and highly speculative; the[*21] Court therefore declines to award front pay on that basis as well.

Reinstatement

"There is a strong preference for reinstatement as the remedy for future lost earnings in discrimination cases." *Losciale v. The Port Authority of New York and New Jersey*, 1999 U.S. Dist. LEXIS 11990, No. 97 Civ. 0704, 1999 WL 587928, *6 (S.D.N.Y. Aug. 4, 1999) (quoting *Miano v. AC&R Advertising, Inc.* 875 F. Supp. 204, 224 (S.D.N.Y. 1995)). Courts have recognized that reinstatement may not be appropriate where there is animosity or where it may result in an innocent third party losing a job. *1999 U.S. Dist. LEXIS 11990 [WL]* at *6 (citations omitted).

Plaintiff asserts that the "remedy of reinstatement ...may not be practical in this case," requesting front pay as the preferable remedy. [Doc. # 104 at 2]. Ms. Palma did not seek reinstatement during her testimony at trial or at oral argument on this motion. While plaintiff states that an award of front pay is appropriate when reinstatement is "not practical or possible due to animosity resulting from litigation," Id., there was no evidence at trial of any animosity or hostility between the parties that would make the employer-employee relationship unworkable. [*22] Nor did the parties offer any evidence on the impact to Pharmedica if reinstatement were granted. According to the testimony at trial, plaintiff's job functions were simply redistributed to other employees.

In fashioning an equitable remedy, the Court is persuaded that the award of back pay and liquidated damages plus interest meets the goal of ensuring that Ms. Palma has been made whole from the FMLA violation. *Whittlesey v. Union Carbide Corp.*, 742 F.2d, 727-28 (2d Cir. 1984). Under the circumstances of this case, reinstatement is not warranted, or necessary.

CONCLUSION

For the foregoing reasons, plaintiff Motion for Liquidated Damages [Doc. # 86] is GRANTED in the amount of $140,000. Plaintiff's Request for Front Pay and Benefits [Doc. # 104-1] is DENIED. Plaintiff's

2003 U.S. Dist. LEXIS 21227, *

alternative request for Reinstatement [Doc. # 104-2] is DENIED.

Plaintiff's Motion for Prejudgment and Post-Judgment Interest [Doc. # 110] is GRANTED absent objection.

Under the FMLA, "the court ...shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee, reasonable expert witness fees, and[*23] other costs of the action to be paid by the defendant." See *29 U.S.C. § 2617(a)(3)*. Plaintiff is directed to file a Motion for Attorneys' Fees and Costs, along with supporting documentation, within thirty (30) days.

This is not a recommended ruling. The parties consented to proceed before a United States Magistrate Judge [Doc. # 49] on September 30, 2002, with appeal to the Court of Appeals.

SO ORDERED at Bridgeport this     day of September 2003.

HOLLY B. FITZSIMMONS

UNITED STATES MAGISTRATE JUDGE