UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FERRON SHORTER JR., | : | |
| | : | |
| Plaintiff, | : | CASE NO. 3:03-cv-149(WIG) |
| | : | |
| v. | : | |
| | : | |
| HARTFORD FINANCIAL SERVICES GROUP, INC., | : | |
| | : | |
| Defendant. | : | APRIL 22, 2005 |

**PLAINTIFF'S BRIEF IN REPLY TO DEFENDANT'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**

Plaintiff Ferron Shorter Jr., by and through his undersigned counsel and pursuant to Local Civil Rule 7(e)[1] of the District of Connecticut, hereby replies to Defendant Hartford Financial Services Group, Inc. ("The Hartford")'s Memorandum of Law in Opposition to Plaintiff's Motion for Attorney's Fees and Costs ("Memorandum").

**I.    INTRODUCTION**

The instant brief replies in five parts to The Hartford's opposition to Plaintiff's claims for attorney's fees and costs.  First, as regards limited success, in terms of money, if Plaintiff is reinstated to his job at The Hartford, which was all he ever wanted from the outset,[2] then Plaintiff's demands of 3.1 million dollars and $800,000.00 will seem paltry by comparison to gaining reinstatement to his position and the mark of success and identity the position brought to Plaintiff.  (Def.'s Mem. of Law in Opp'n to Atty.'s Fees and Costs (hereinafter, "Mem") at 4) Second, as regards limited success in terms of the number of claims in which Plaintiff prevailed,

---

[1] Local Civil Rule 7(e) provides, in relevant part:  "A rely brief may not exceed 10 pages, must be strictly confined to a discussion of matters raised by the responsive brief to which reply and must contain references to the pages of the responsive brief to which reply is being made."
[2] See Exhibit 1 containing letters dated January 29, 2002, March 11, 2002, May 7, 2002, and June 14, 2002, between Plaintiff's counsel and The Hartford regarding reinstatement.

Plaintiff only opposed summary judgment on Counts One, Two, Three, Six, Eight and Nine against The Hartford.[3]  (Pl.'s Obj. to Summ. J. at 1) (doc. #55)  Third, of course the sexual harassment claim was related to the discrimination claims and intertwined to the extent that they were inseparable.  See Mem. at 3 ("Plaintiff's claim of sexual harassment, however, was based on conduct which arose out of his personal relationship with Ms. Rhodes which was unrelated to The Hartford's investigation of his violation of Electronics Communication Policy (ECP) and his subsequent termination of employment.").  Fourth, the interrogatories served on Rhodes were invaluable to preparation for her testimony at trial and if the time spent on those interrogatories was not related to the case then The Hartford should have argued that Rhodes' testimony at trial was not related to the case.  The Hartford did not make this argument because it cannot.  Finally, as to the matter of Plaintiff's counsel's worth, a supplemental affidavit is attached at Exhibit 2 in response.

## II.     DISCUSSION

### A.    Plaintiff's Measure of Success Has Not Been Determined in Full

As The Hartford sets forth in its Memorandum in Opposition to Plaintiff's Motion for Equitable Relief, "the jury's award of front pay has made Plaintiff whole."  (Mem. of Law in Opp'n to Equitable Relief at 13)  (doc. #141 )  Contrary to The Hartford's claims in opposition to attorney's fees, wholeness is an achievement greater then limited success.  Of course, Plaintiff concurs that the jury made him as whole as it was able to under the law.  However, wholeness in employment discrimination cases is looked at from a back pay perspective as well as a front pay

---

[3]  Plaintiff's opposition to The Hartford's summary judgment motion provided: "Specifically, Plaintiff objects to summary judgment:  As to the following causes of action against Defendant Hartford Financial Services Group, Inc.:  (1) Count One – Sexual Harassment in violation of Title VII of the Civil Rights Act of 1964; (2) Count Two – Race and Sex Discrimination in violation of Title VII of the Civil Rights Act of 1964; (3) Count Three – Violation of 42 U.S.C. § 1981; (4) Count Six – Race and Sex Discrimination in violation of the Connecticut Fair Employment Practices Act; (5) Count Eight – Intentional Infliction of Emotional Distress; and (6) Count Nine - Negligent Infliction of Emotional Distress."

perspective.

  B. <u>Plaintiff's Measure of Success On The Counts Was Full</u>

Plaintiff only opposed summary judgment on Counts One, Two, Three, Six, Eight and Nine against The Hartford.[4] (Pl.'s Obj. to Summ. J. at 1) (doc. #55) Of those claims only Count One and Count Six were not returned in favor of Plaintiff. (doc. #124) Even if Plaintiff had prevailed on Counts One and Six, his damages would have been duplicative in accordance with the Special Verdict Form issued to the jury.

  C. <u>Plaintiff's Front Pay Request is not Speculative</u>

The sexual harassment claim was related to the discrimination claims and intertwined to the extent that they were inseparable. <u>Cf.</u> Mem. at 3 ("Plaintiff's claim of sexual harassment, however, was based on conduct which arose out of his personal relationship with Ms. Rhodes which was unrelated to The Hartford's investigation of his violation of Electronics Communication Policy (ECP) and his subsequent termination of employment."). The Hartford's focus at trial on a voice mail message recorded outside of the workplace which involved Plaintiff and Rhodes belies any effort The Hartford now makes to claim that the case did not intertwine the ECP violations with the personal relationship between Plaintiff and Rhodes. In fact, Plaintiff testified at trial that the reason he changed Rhodes' voice mail was because Rhodes was harassing him. Rhodes told The Hartford that she was fearful of Plaintiff. To claim that the personal relationship between Plaintiff and Rhodes, including Rhodes' visits to Plaintiff's desk, was not intertwined with the discrimination counts is to have missed a large portion of the trial.

---

[4] Plaintiff's opposition to The Hartford's summary judgment motion provided: "Specifically, Plaintiff objects to summary judgment: As to the following causes of action against Defendant Hartford Financial Services Group, Inc.: (1) Count One – Sexual Harassment in violation of Title VII of the Civil Rights Act of 1964; (2) Count Two – Race and Sex Discrimination in violation of Title VII of the Civil Rights Act of 1964; (3) Count Three – Violation of 42 U.S.C. § 1981; (4) Count Six – Race and Sex Discrimination in violation of the Connecticut Fair Employment Practices Act; (5) Count Eight – Intentional Infliction of Emotional Distress; and (6) Count Nine - Negligent Infliction of Emotional Distress."

3

D. The Information Gathered From Rhodes Was Invaluable To Plaintiff's Case

The interrogatories served on Rhodes were invaluable to the preparation for her testimony at trial and if the time spent on those interrogatories was not related to the case then The Hartford should have argued that Rhodes' testimony at trial was not related to the case. The Hartford did not make this argument because it cannot.

E. Plaintiff's Counsel's Worth

Sections II(A) and II(B), *supra*, examine the issue of measure of success. Measure of success is of course relative as The Hartford argues when it states that Plaintiff's recovery in back pay was substantially less than his demands. (Mem. at 4) The comparator in terms of Plaintiff's counsel at trial would have to be Defendant's counsel. "It is well established that discovery of defendant's counsel number of hours and hourly rate is relevant to the court's determination of a reasonable fee." Ruiz v. Estelle, 553 F.Supp. 567, 584 (S.D. Tex. 1982); Blowers v. Lawyers Co-Op Publishing Co., 526 F.Supp. 1324 (W.D.N.Y. 1981); Stastny v. Southern Bell Telephone & Telegraph, 77 F.R.D. 662 (W.D.N.C. 1978).

> Without an affidavit from Defendant's counsel it is impossible to know the resources expended to oppose Plaintiff which certainly must be relevant to what Plaintiff's counsel is worth. The amount of time spent by defendants' attorneys on a particular matter may have significant bearing on the question whether plaintiff's attorney expended a reasonable time on the same matter. Moreover, if it appears that defense counsel expended a substantial amount of time defending Blowers's claim of retaliatory termination, this may suggest that her attorney's presentation of such claim was particularly skillful and that she should therefore be entitled to an upward revision of the lodestar figure.

Blowers v. Lawyers Co-op. Pub. Comp., Inc., 526 F.Supp. at 1327.

4

**III.    CONCLUSION**

In reliance upon the facts and arguments of law expressed in Plaintiff's Memorandum of Law in Support of Attorney's Fees and Costs, and for the reasons set forth in the instant reply brief disagreeing with the arguments set forth for the reduction of Plaintiff's requested attorney's fees and costs, Plaintiff respectfully moves the Court to grant the attorney's fees and costs requested by Plaintiff in his Motion for Attorney's Fees and Costs.  (doc. #127)

        PLAINTIFF
        FERRON SHORTER JR.


BY: _____
        Rachel M. Baird (ct12131)
        Law Office of Rachel M. Baird
        379 Prospect St
        Torrington CT 06790-5239
        Tel:  (860) 626-9991
        Fax: (860 626-9991
        E-mail:  bairdlawoffice@aol.com


**CERTIFICATION**

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Reply Brief to Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Attorney's Fees and Costs was mailed, first-class, postage paid, on April 22, 2005, to the following counsel of record:

Margaret J. Strange
James F. Shea
Jackson Lewis LLP
55 Farmington Ave Ste 1200
Hartford CT 06105

        _____
        Rachel M. Baird