UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FERRON SHORTER JR., :
:
    Plaintiff, : CASE NO. 3:03-cv-149(WIG)
:
v. :
:
HARTFORD FINANCIAL SERVICES :
GROUP, INC., :
:
    Defendant. : APRIL 25, 2005

### CORRECTED AFFIDAVIT OF RACHEL M. BAIRD

Rachel M. Baird, being first duly sworn, deposes and states as follows:

1. This Affidavit is submitted in support of the motion for fees and costs made by Plaintiff Ferron Shorter Jr. ("Mr. Shorter"), by and through his undersigned counsel, in the above-referenced matter.

2. Mr. Shorter came to my office for an initial consultation on or about January 26, 2002, and I have represented him in his employment claims against Defendant Hartford Financial Services Group, Inc. ("The Hartford") since that time.

3. I graduated from the University of South Carolina in 1988 and received my J.D. from Yale Law School in 1992. I was admitted to the Connecticut Bar in December of 1992. I am also a member of the District of Columbia Bar (2000) and was admitted to practice in the District Court of Connecticut in 1993 and the Second Circuit Court of Appeals in 2004. My application to the Massachusetts Bar is pending.

4. For the past four (4) years, as a sole practitioner, a substantial portion or at least fifty percent (50%) of my practice has been committed to representing individuals in employment-

related matters. During the past four (4) years and presently, I have represented plaintiffs, with one exception, in the following federal cases:

- D.M. and A.B. v. New Haven Board of Education, et al., Case No. 3:01-cv-00086(AWT) (D.Conn.) (Education Law)

- D.M. and A.B. v. New Haven Board of Education, et al., Case No. 3:01-cv-02255(AWT) (D.Conn.) (Attorney's Fees)

- Branciforte v. Town of Middletown, et al., Case No. 3:02-cv-00928(AVC) (D.Conn.) (Civil Rights)

- Solomon v. Hartford Hospital, Case No. 3:02-cv-01116(EBB) (D.Conn.) (Employment Discrimination)

- Novak v. Rite Aid of Connecticut, Case No. 3:02-cv-01508(MRK) (D.Conn.) (Employment Discrimination)

- Simmons v. Knowledge Learning, et al., Case No. 3:02-cv-1903(MRK) (D.Conn.) (Employment Discrimination)

- Miele v. Connecticut Department of Motor Vehicles, Case No. 3:02-cv-01941(JCH) (D.Conn.) (Civil Rights)

- Perez-Barnes v. Milliman USA, Case No. 3:03-cv-00107(AVC) (D.Conn.) (Employment Discrimination)

- Crocco v. Turner & Seymour Mfg., Case No. 3:03-cv-00390(DJS) (D.Conn.) (Employment Discrimination)

- Mrs. B., et al. v. Litchfield Board of Education, Case No. 3:03-cv-01152(PCD) (D.Conn.) (Education Law)

- Cablevision of Litchfield v. Grochowski, Case No. 3:03-cv-02035(CFD) (D.Conn.) (Cable Piracy)[1]

- Saviano v. Town of Westport, Case No. 3:04-cv-00522(RNC) (D.Conn.) (Employment Discrimination)

- H & U, Inc. d/b/a Torrington Toyota v. Toyota Motor Sales U.S.A., Inc., Case No. 3:04-cv-00942(JCH) (D.Conn.) (RICO)

---

[1] I represented the defendant, Ronald Grochowski.

2

- N.M., *M.D.* v. Berkshire Medical Center, Inc., Saint Francis Hospital, and Eastern CT Health Care Network, Case No. 3:04-cv-01026(SRU) (D.Conn.) (HIPAA)

- Crocco v. Advance Auto Stores, et al., Case No. 3:04-cv-01608(JCH) (D.Conn.) (Employment Discrimination)

- D.M. and A.B. v. DeSisto Schools, Inc. et al., Case No. 3:04-cv-01718(SRU) (D.Conn.) (Negligence/Personal Injury)

- Dawson v. Systems & Methods, Inc. (D. Conn.) (Filed 02/17/2005; Case No. 3:05-cv-pending) (Employment Discrimination)

5. In 1992 and 1993, while I was employed as an Assistant Attorney General for the Connecticut State Office of the Attorney General, I represented the Commissioner of the Department of Children and Families (DCF) in the following employment-related matter brought by a former employee of DCF:

- McGavern v. Senatore, Case No. 3:93-cv-01234(JBA) (D. Conn.)

As well as representing DCF in the following matter brought pursuant to the Individuals with Disabilities Education Act in the district court and later appealed to the Second Circuit Court of Appeals:

- W.G. v. Senatore, 18 F.3d 60 (1994)

6. Between 1994 and 2000, I was an Assistant State's Attorney for the State of Connecticut and represented the state at numerous trials, including the following reported cases:

- State v. Rivera, 56 Conn.App. 182 (1999)
- State v. Hill, 58 Conn.App. 797 (2000)
- State v. Mathis, 59 Conn. App. 416 (2001)
- State v. Spillane, 257 Conn. 750 (2001)
- State v. Arroyo, 67 Conn.App. 154 (2001)
- State v. Vasquez, 68 Conn.App. 194 (2002)
- Rivera v. Commissioner, Connecticut Department of Corrections, 70 Conn. App. 452 (2002)

7. In 2002, Mr. Shorter, the Plaintiff in the above-referenced matter, agreed that he would be responsible for an hourly fee of $150.00 and costs for my services performed on his behalf

and I later learned that he had withdrawn funds from his savings and investment plan at The Hartford for that purpose.

8. I have submitted twenty-six (26) invoices and one (1) statement to Plaintiff, on a periodic basis, for payment. The hours expended, costs, and client receivables stated in these invoices are reflected in a table attached to Plaintiff's Memorandum of Law in Support of Motion for Attorney's Fees, Costs, and Prejudgment Interest ("Memorandum") as Exhibit 2.

9. I have used a software program to track the costs of pursuing Mr. Shorter's claims and these costs are reflected at Exhibit 3 to the Memorandum.

10. Exhibit 3 is a record of contemporaneous entries into the software program "Quicken." The entries circled on Exhibit 3 are those cost entries reflected already in the table at Exhibit 2 under costs. By calculating the total of the costs at Exhibit 2 ($2657.01) and adding to those costs the entries in Exhibit 3 that are not circled ($156.40), I have calculated the total costs at $2813.41.

11. The following categories of costs comprise the total of $2813.41:

- District Court Filing Fee - $150.00
- Service of Process, The Hartford - $71.25
- Subpoenas for Trial Witnesses - $242.40
- Transcripts of Deposition Testimony - $1813.98
- Postage Fees – $160.22
- Legal Research - $13.13
- Copies – $344.43
- Cassette Tapes for Exhibits - $18.00

12. True and correct copies of the twenty-six (26) invoices forwarded to Mr. Shorter for payment are attached to the Memorandum's Exhibit 1. Certain portions of the invoices have been redacted to protect client confidentiality and privileged information.

13. I claim that fees are justified for the time I used in preparing and serving interrogatories on MaryAnne Rhodes. The questions asked of Ms. Rhodes during discovery were relevant to the case against The Hartford. Ms. Rhodes' responses to the interrogatories were used to prepare for her direct examination at trial and I believed that Ms. Rhodes' testimony at trial was a necessary component of Mr. Shorter's case. Even if Ms. Rhodes had not been a party to the action, I would have used the same time and resources, during the discovery process, to obtain information from Ms. Rhodes relevant to the claims against The Hartford.

14. My claim that the time used in performing discovery regarding Ms. Rhodes was useful and necessary in pursuing the case against The Hartford is further supported by the fact that at Mr. Shorter's deposition, attended by counsel for The Hartford (Attorney Strange) as well as counsel for Ms. Rhodes (Attorney Metzger) and me, Attorney Metzger's questions for Mr. Shorter comprise only thirty (30) pages of the three-hundred and twenty-seven (327) pages of the transcript.

15. I claim the entire time that I used in preparing an opposition to Defendants' summary judgment motions as I did not file a separate memorandum in opposition to Ms. Rhodes' motion for summary judgment and did not believe that it was a useful expenditure of resources.

16. As regards travel from Torrington to Bridgeport for the trial, I only claimed time for one way in order to reduce by half the claimed attorney's fees for travel.

17. Mr. Shorter does not claim the following: (1) With respect to Invoice # 1346, service of the Complaint on Ms. Rhodes cost $71.25 which is deducted from the costs claimed against The

Hartford; and (2) with respect to Invoice # 609, Mr. Shorter has deducted 8.01 hours for my time in responding to Ms. Rhodes' motion to strike.

18. During my three (3) year representation of Mr. Shorter, he has paid me $4925.00 in fees and $2657.01 toward the costs of pursuing his case.

19. Prior to filing a complaint in federal court, Mr. Shorter's complaint to the Connecticut Commission on Human Rights and Discrimination (CHRO) was dismissed after a finding that it did not have sufficient merit to even investigate.

20. The CHRO Complaint was thirteen (13) pages in length and included allegations of sexual harassment, failure to adequately investigate, retaliation, discriminatory termination, and imposition of discriminatory stereotypes against The Hartford.

21. The Hartford, through Lisa Anderson, a Consultant with its Office of Equal Opportunity Development, responded to Plaintiff's CHRO Complaint in an affidavit of particulars and submitted written answers to twenty-one (21) CHRO questions.

22. Plaintiff filed a thirteen (13) page reply on September 24, 2002, including various cassette tape recordings and documents as exhibits A through F.

23. The CHRO issued a notice of final agency action on December 2, 2002, after a merit assessment review, dismissing Plaintiff's complaint and finding that there was no reasonable possibility that further investigation would result in a finding of reasonable cause.

24. Despite Mr. Shorter's submissions to the CHRO which included all the information that he had at that time, without the resources and authority to conduct the discovery that was required in his case, the CHRO was unable to ascertain the complex details of the case. Therefore, the CHRO found no reasonable possibility that, following a CHRO investigation, it would determine that The Hartford had violated anti-discrimination state and federal laws.

25. I have filed between fifteen (15) and twenty (20) affidavits of illegal discriminatory practice at the CHRO during the past four (4) years and, of those affidavits, only two have been dismissed after a merit assessment review; the first was Mr. Shorter's.[2]

26. Pursuing a motion for reconsideration of the CHRO dismissal and continuing through the CHRO process to a public hearing was not a reasonable alternative for Mr. Shorter given the absence of attorney's fees, costs, or compensatory damages available through the CHRO process.

27. The Hartford vigorously opposed Mr. Shorter's claims throughout the CHRO process and federal complaint, for example:

- The Hartford filed a Motion to Dismiss as its initial pleading in the federal case; and

- The Hartford never engaged in any settlement negotiations.

28. In order to represent Mr. Shorter, I was compelled to delay other cases and forego representing potential clients who would have been able to compensate me at or near the time of the work performed.

29. I also did not indicate on Mr. Shorter's invoices many of the hours that I spent working on his case because I was concerned about his rising debt to me, the fact that I did not believe he would ever be able to pay me if the case was not won, and because I wanted to be as reasonable as possible in not charging him for time that I may have spent trying, for example, to compose a particularly nice opening sentence for inclusion in a brief, etc.

30. In addition, I did not charge Mr. Shorter for the many hours that I spent doing the work of a paralegal, which if I did employ a paralegal who had performed the work, would have constituted time subject to award of fees.

---

[2] The second complaint was granted reconsideration, reinstated, and is now scheduled for public hearing.

RACHEL M. BAIRD, being duly sworn, on oath, states that she has read the foregoing Affidavit and knows the content thereof; that the same is true of her own knowledge, except as to the matter herein stated on information and belief and that as to these matters she believes the same to be true.

Signed at Torrington, Connecticut.

*[signature]*
Rachel M. Baird

Subscribed and sworn to before me on this 25th day of April, 2005.

*[signature]*
Notary Public
My Commission Expires: 4/28/2008