UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FERRON SHORTER JR., | : | |
| | : | |
| Plaintiff, | : | CASE NO. 3:03-cv-149(WIG) |
| | : | |
| v. | : | |
| | : | |
| HARTFORD FINANCIAL SERVICES GROUP, INC., | : | |
| | : | |
| Defendant. | : | JUNE 28, 2005 |

## PLAINTIFF'S NOTICE OF PREJUDGMENT INTEREST CALCULATION

Plaintiff Ferron Shorter Jr., by and through his undersigned counsel, in accordance with an Order of the Court dated May 31, 2005, hereby submits, at Exhibit 1, his calculation of the amount of prejudgment interest in the amount of $6567.41 on back-pay accrued from January 23, 2002, to May 31, 2005.[1]

For purposes of this calculation, Plaintiff assumed the following:

- First, Defendant Hartford Financial Services Group, Inc. ("The Hartford") would have continued its practice of dividing Plaintiff's salary into twenty-four (24) pay periods each year. Each month of the calendar year, under this practice, includes a pay period beginning on the first and ending on the fifteenth day of the month and a pay period beginning on the sixteenth day and ending on the last day of the month.

- Second, the jury awarded $170,000.00 to Plaintiff as damages for lost wages and benefits.[2] The period from Plaintiff's termination on January 23, 2002,[3] through the rendering

---

[1] Specifically, the Court ordered that such calculation include prejudgment interest from January 23, 2002, through the date of its Ruling on Plaintiff's Post-Trial Motions ("Ruling"). (doc. #150 at 21) (May 31, 2005)

[2] Question No. 11 of the Special Verdict Form asked: "What amount of damages do you award Mr. Shorter as back pay for lost wages and benefits since his termination (the amount of lost wages and benefits he would have received from the Hartford if he had not been terminated minus amounts he did earn elsewhere and, if established by defendant, any other amounts he reasonably should have earned)?"

[3] Plaintiff's last day of paid employment at The Hartford was January 23, 2002.

of the verdict on January 28, 2005, is substantially three years.[4]  Therefore, the median for Plaintiff's lost wages and benefits for the three year period is $56,566.00.  The prejudgment interest calculations assume that (a) Plaintiff's salary would have increased incrementally consistent with the increases he had received while employed[5] and (b) the value of his benefits would have remained constant.  The following chart summarizes this assumption:

| Time Period | Annual Salary | Benefits | Lost Salary & Benefits Per Pay Period[6] | Combined Lost Compensation |
|---|---|---|---|---|
| 01/24/02 – 01/31/03 | $44,500.00 | $9566.67 | $2252.72 | $54, 066.67 |
| 02/01/03 – 01/31/04 | $47,100.00 | $9566.67 | $2361.11 | $56,666.67 |
| 02/01/04 – 01/31/05 | $49,700.00 | $9566.67 | $2469.44 | $59,266.67 |
| 02/01/05 – 05/31/05 | $56,664.00[7] | | $2361.00 | $18,888.00 |

- Third, in accordance with the Court's instructions, Plaintiff's counsel relied upon the interest rates contained at http://www.federalreserve.gov/releases/h15/data/wf/tcm1y.txt to obtain the weekly average 1-year constant maturity Treasury yield.  (Ruling at 20)

- Fourth, Plaintiff's counsel applied an accepted formula for compounding interest.[8]

---

[4] Although, the period is four (4) days less than three (3) years, by calculating the period at three (3) years and dividing the jury's back-pay award by three (3) years, Plaintiff nominally underestimates the annual salary he would have received for 2002 through 2005.  In other words, dividing 170,000 by 365 days yields a lower salary per day, and thereby salary per year, then dividing 170,000 by 361 days.  However, for all intents and purposes, the ease of using a three year period outweighs the benefit of calculating the period at two years plus 361 days.

[5] "Plaintiff had received raises over a twelve-year period from a starting annual salary of $13,300 to $44,500, based on his seniority, in-house promotions and merit assessment reviews." Ruling at 10.

[6] Each year has twenty-four (24) pay periods.

[7] The Court ordered $4722.00 per month as a back-pay award from the date of the verdict through May 31, 2005.  A monthly back-pay award of $4722.00 yields an annual sum of $56,664.00.

[8] $F = P \times (1 + R)^T$  See http://www.finance.cch.com/text/c10s10d030.asp.

PLAINTIFF
FERRON SHORTER JR.


BY: _____
Rachel M. Baird (ct12131)
Law Office of Rachel M. Baird
379 Prospect St
Torrington CT 06790-5239
Tel:  (860) 626-9991
Fax:  (860) 626-9992
E-mail:  bairdlawoffice@aol.com


_____
Siddharth Fernandes
Legal Intern
Law Office of Rachel M. Baird
379 Prospect St
Torrington CT 06790-5239
Tel:  (860) 626-9991
Fax:  (860) 626-9992


## **CERTIFICATION**

I HEREBY CERTIFY that a copy of the foregoing <u>Plaintiff's Notice of Prejudgment Interest Calculation</u>, with Exhibit 1, was mailed first-class, postage paid, on June 28, 2005, to the following counsel of record:

Margaret J. Strange
James F. Shea
Jackson Lewis LLP
55 Farmington Ave Ste 1200
Hartford CT 06105


_____
Rachel M. Baird

3