

DEFENDANT'S
EXHIBIT
6
ALL-STATE LEGAL®

United States Court of Appeals,
Fifth Circuit.
Jack DODGE, Plaintiff-Appellant,
v.
The HERTZ CORPORATION, Defendant-Appellee.
No. 04-51023.
Summary Calendar.
Decided Feb. 11, 2005.

**Background:** Former employee sued former employer under Title VII for alleged race and gender discrimination. The United States District Court for the Western District of Texas granted summary judgment for former employer. Former employee appealed.

**Holding:** The Court of Appeals held that former employee failed to establish prima facie case of intentional discrimination.
Affirmed.

West Headnotes

KeyCite Notes 

⇐ 78 Civil Rights
    ⇐ 78II Employment Practices
        ⇐ 78k1138 k. Disparate Treatment. Most Cited Cases

⇐ 78 Civil Rights KeyCite Notes
    ⇐ 78II Employment Practices
        ⇐ 78k1164 Sex Discrimination in General
            ⇐ 78k1179 k. Discrimination Against Men; Reverse Discrimination. Most Cited Cases

White female branch manager for rental car company, who was disciplined but not terminated when money went missing from her branch office, was not similarly situated to Hispanic male employee terminated based on company's belief that he had altered rental contracts, while serving as branch manager, to increase fraudulently his incentive-based compensation, inasmuch as alleged acts of misconduct were not nearly identical despite both being considered acts of dishonesty, and therefore Hispanic male employee failed to show that other similarly situated employees outside protected class were treated more favorably then he, as required to establish prima facie case of intentional discrimination. Civil Rights Act of 1964, § 701 et seq., 42 U.S.C.A. § 2000e et seq.
**\*243** Arthur G. Guzman, San Antonio, TX, for Plaintiff-Appellant.
Stephen Edwards Walraven, Shaddox, Compere, Walraven & Good, San Antonio, TX, for Defendant-Appellee.
Appeal from the United States District Court for the Western District of Texas, <<SYM>> 5:03-CV-701.

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM: [FN*]

> FN* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**\*\*1** Jack Dodge appeals a summary judgment in favor of The Hertz Corporation ("Hertz") dismissing his employment discrimination suit. For essentially the same reasons given in the district court's order entered on August 28, 2004, we affirm.

I.

Dodge was informed that he had been terminated for what was termed "dishonesty." Specifically, it was Hertz's belief that while serving as manager of a Hertz branch in San Antonio, Dodge had altered numerous rental contracts to increase fraudulently his incentive-based compensation while avoiding detection.

Shortly after his dismissal, Dodge, an hispanic male, filed a complaint with the Equal Employment Opportunity Commission, and sued Hertz claiming race and sex discrimination in violation of title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Specifically, Dodge argues that similarly situated white females were not as severely disciplined for similar violations. The court concluded that (1) Dodge had failed to establish a *prima facie* case, and even assuming *arguendo* that he had, (2) Hertz had articulated a legitimate, nondiscriminatory basis for his termination, and (3), Dodge had not shown that Hertz's reasons for terminating him were pretextual.

**\*244** II.

We review a summary judgment *de novo* and are bound by the same standards as those employed by the district court. *See Chaplin v. NationsCredit Corp.,* 307 F.3d 368, 371 (5th Cir.2002). Namely, summary judgment is appropriate only where " 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' when viewed in the light most favorable to the non-movant, 'show that there is no genuine issue as to any material fact.' " *TIG Ins. Co. v. Sedgwick James,* 276 F.3d 754, 759 (5th Cir.2002) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Once the moving party has demonstrated that the non-moving party has no evidence such that a reasonable jury could support a verdict in its favor, the non-moving party must put forth specific facts that demonstrate a genuine factual issue for trial. *See Brennan v. Mercedes Benz USA,* 388 F.3d 133, 135 (5th Cir.2004).

III.

Lacking any direct evidence of discriminatory intent, Dodge may support his title VII claim with indirect evidence under the burden-shifting method delineated in *McDonnell Douglas v. Green,* 411 U.S. 792, 802-03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). As the district court said,

The indirect method of proof in an employment discrimination case requires that a plaintiff carry the initial burden of proving by the preponderance of the evidence a *prima facie* case of discrimination. A plaintiff establishes a *prima facie* case of intentional discrimination by showing that (1) he is within a protected class, (2) he was qualified for the position sought, (3) he suffered an adverse employment action, and (4) others similarly situated but outside the protected class were treated more favorably.

**\*\*2** On appeal, the parties dispute only whether Dodge has shown that other employees, similarly situated but outside the protected class, were treated more favorably.

The crux of Dodge's argument is the experience of April Frazee, a white woman who also served as a branch manager at a San Antonio area Hertz branch. In July 2002, money from Frazee's branch went missing. Consequently, although Hertz concedes Frazee's conduct constituted dishonesty, she was disciplined but not terminated. Therefore, according to Dodge, because both Frazee and he were allegedly involved in acts of dishonesty, he has established a *prima facie* case.

To demonstrate that another employee outside the protected class, but treated more favorably, is "similarly situated," a plaintiff must show that the supposed misconduct of both employees was "nearly identical." *Wallace v. Methodist Hosp. Sys.,* 271 F.3d 212, 221 (5th Cir.2001).

Although Dodge is correct that Hertz has classified both his alleged misconduct and that in which Frazee purportedly engaged as "dishonest," the mere fact that two situations can be classified in the same broad category is a far cry from their being nearly identical. For example, an employee who

concocts a false story to explain his late arrival at work and an employee who embezzles large sums of money are both engaged in dishonest behavior. Nevertheless, these two hypothetical incidents of misbehavior would likely warrant radically different responses from the employer and could not be said to be "nearly identical." Consequently, Dodge cannot show that any other similarly situated employees were treated more favorably than he, so he has not established a ***245** *prima facie* case of intentional discrimination. [FN1]

> FN1. The district court alternatively held that even if Dodge could make out a *prima facie* case, he was unable to demonstrate that Hertz's stated nondiscriminatory reason for dismissing him was pretextual. Dodge challenges this conclusion on appeal. Because we hold that Dodge has not established a *prima facie* case, however, we do not reach his other arguments.

AFFIRMED.
C.A.5 (Tex.),2005.
Dodge v. Hertz Corp.
124 Fed.Appx. 242, 2005 WL 350586 (5th Cir.(Tex.))