UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FERRON SHORTER JR., | : | |
| | : | |
| Plaintiff, | : | CASE NO. 3:03-cv-149(WIG) |
| | : | |
| v. | : | |
| | : | |
| HARTFORD FINANCIAL SERVICES GROUP, INC., | : | |
| | : | |
| Defendant. | : | JANUARY 5, 2006 |

## **AFFIDAVIT OF RACHEL M. BAIRD**

Rachel M. Baird, being first duly sworn, deposes and states as follows:

1. This Affidavit is submitted in support of the supplemental motion for attorney's fees and costs made by Plaintiff Ferron Shorter Jr. ("Mr. Shorter"), by and through his undersigned counsel, in the above-referenced matter.

2. Paragraphs 2, 3,[1] 4, 5, 6, 7, 18-28 of the Affidavit of Rachel M. Baird (doc. #127-2) submitted as Exhibit 1 to Plaintiff's Motion for Attorney's Fees, Costs, and Prejudgment Interest (doc. #127) on February 22, 2005, are incorporated hereby in support of Plaintiff's motion for supplemental attorney's fees and costs.

3. Plaintiff moved on February 22, 2005, for attorney's fees and costs reflected in invoices dated February 9, 2002, through February 21, 2005. (doc. #127-3.)

4. The Court issued an Order on Plaintiff's Post-Trial Motions on July 15, 2005, including attorney's fees and costs for work performed through February 22, 2005. (doc. #158.)

---

[1] Paragraph 3 of Affidavit of Rachel M. Baird (doc. #127-2) submitted as Exhibit 1 to Plaintiff's Motion for Attorney's Fees, Costs, and Prejudgment Interest (doc. #127) is revised insofar as the undersigned is now admitted to the Massachusetts Bar.

5. Plaintiff filed, and the Court granted, Plaintiff's Motion for Extension of Time to file a supplemental motion for attorney's fees and costs until thirty (30) days after the Court's Ruling on Defendant's Motion for Judgment as a Matter of Law. (doc. ##162, 164.)

6. The Court issued an Order on December 6, 2005, granting in part and denying in part Defendant's Motion for Judgment as a Matter of Law. (doc. #172.)

7. An invoice, prepared by me on the software program *PC Law* at the time fees and costs were incurred during the time-period February 23, 2005, through January 5, 2006, is submitted as Exhibit 2 to Plaintiff's Supplemental Motion for Attorney's Fees and Costs.

8. For the time period February 23, 2005, through January 5, 2006, I spoke to Plaintiff by phone at least once a month and more during times when work was due and communicated by e-mail but I have not charged for these communications except in one or two entries.

9. I have noted but not charged for travel time to and from Bridgeport to file pleadings and to Waterbury for the settlement conference.

10. In responding to the Motion for Judgment as a Matter of Law I did not spend time addressing the issue of negligent infliction of emotional distress.

11. I saved money by not hiring an expert even though the Court expressly allowed for such an expense and I did not order a copy of the trial transcript.

12. For the reasons stated in Plaintiff's Motion for Attorney's Fees, Costs, and Pre-judgment Interest filed on February 22, 2005, Plaintiff represents that he has incurred $8784.00 in attorney's fees and $28.71 in costs since February 22, 2005, in the above-referenced matter.

RACHEL M. BAIRD, being duly sworn, on oath, states that she has read the foregoing Affidavit and knows the content thereof; that the same is true of her own knowledge, except as to the matter herein stated on information and belief and that as to these matters she believes the same to be true.

Signed at Torrington, Connecticut.

                                                                               _____
                                                                               Rachel M. Baird

*Subscribed and sworn to before me on this 5th day of January, 2006..*

_____
John Hudson
Commissioner of the Superior Court

3